Jacqueline M. Palazzolo (State Bar No. 039977)
**JACKSON LEWIS P.C.**
2111 East Highland Avenue, Suite B-250
Phoenix, AZ 85016
Telephone: (602) 714-7044
Facsimile: (602) 714-7045
Jacqueline.Palazzolo@jacksonlewis.com
*Attorneys for Defendant Lincoln Financial Group.*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Dustin Heintzman,<br><br>Plaintiff,<br><br>vs.<br><br>Lincoln Financial Group;<br><br>Defendant. | Case No.:<br><br>**NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. § 1446 and LRCiv 3.6, Defendant Lincoln Financial Group ("Lincoln" or "Defendant"), hereby invokes this Court's jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, and 1441, and states the following grounds for removal:

1. Plaintiff instituted this action on or about April 23, 2025, in the Superior Court of Arizona in Maricopa County, Civil Action Number CV2025-14346 (hereinafter referred to as the "State Action").

2. Lincoln was served with a copy of the Summons and Complaint by Certified Mail via its Registered Agent on May 2, 2025. In accordance with 28 U.S.C. § 1446(a) and LRCiv 3.6, a true and correct copy of the following documents are attached as exhibits and constitute a complete copy of the file in the Arizona Superior Court, Maricopa County file number CV2025-014346:

a. State Court Docket (Exhibit A);
b. Affidavit of Service – Lincoln Financial (Exhibit B);

c. Summons – Lincoln Financia (Exhibit C);

d. Complaint (Exhibit D);

e. Civil Coversheet (Exhibit E);

f. Certificate of Compulsory Arbitration (Exhibit F);

g. Demand for Jury Trial (Exhibit G);

h. Application for Deferral or Waiver of Court Fees or Costs and Consent to Entry of Judgment (Exhibit H);

i. Affidavit in Support of Application for Deferral or Waiver of Service of Process Fee (Exhibit I); and

j. Order Regarding Deferral or Waiver of Court Fees and Costs (Exhibit J).

3. Pursuant to LRCiv3.6(b), undersigned counsel verifies that, to the best of her knowledge and belief, the documents attached as Exhibit A - J to this notice are true and complete copies of all pleadings and other documents filed in the state court proceeding.

4. Copies of the Summons, Complaint, and Civil Cover Sheet were served on May 2, 2025.

5. This Notice of Removal is being filed within thirty (30) days of receipt of service of the Complaint, in accordance with 28 U.S.C. § 1446(b).

6. Contemporaneously with this filing, Defendant is also filing a Notice of Filing of Notice of Removal with the Clerk of the Superior Court of the State of Arizona, in the County of Maricopa. Defendant, on this same date, has provided written notice of this filing to Plaintiff, as required under 28 U.S.C. § 1446 and LRCiv 3.6, attached as Exhibit K.

7. Defendant has not served any answer or responsive pleadings to the Complaint, nor made any appearance or argument before the State Court.

8. As Lincoln is the sole defendant, the requirement for co-defendant consent for removal pursuant to 28 U.S.C. § 1446(b)(2)(A) is not applicable.

9. Removal is proper under 28 U.S.C. § 1441(a) because this Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331, as this action involves claims that relate to the laws of the United States – specifically, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq*.

10. ERISA governs any "employee benefit plan" if the plan is established or maintained by an employer or employee organization engaged in commerce or in any industry or activity affecting commerce. 29 U.S.C. § 1003. An "employee benefit plan" is defined as a "welfare benefit plan" or a "pension benefit plan." 29 U.S.C. §1002(3). A plan is a welfare benefit plan if it "was *established or is maintained* for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise . . . benefits in the event of sickness, accident, *disability*, death or unemployment." 29 U.S.C. § 1002(1) (references to other types of employer-provided benefits qualifying as ERISA plans omitted) (emphasis added).

11. The Complaint asserts state law claims for "Breach of Contract" (First Cause of Action), "Bad Faith Insurance Practices" (Second Cause of Action), "Violation of Arizona Insurance Code and Regulations" (Third Cause of Action), and "Intentional Infliction of Emotional Distress" (Fourth Cause of Action). Each cause of action is based upon Lincoln's decision denying Plaintiff's claim for Short-Term Disability ("STD") benefits under the Wells Fargo & Company Short-Term Disability Plan, for which Lincoln served as claims administrator. (*See* Complaint at ¶¶ 1, 10, 22-46.)

12. "The existence of an ERISA plan is a question of fact, to be answered in the light of all the surrounding circumstances from the point of view of a reasonable person." *Stuart v. UNUM Life Ins. Co. of Am.*, 217 F.3d 1145, 1149 (9th Cir. 2020) (*quoting Zavora v. Paul Revere Life Ins. Co.*, 145 F.3d 1118, 1120 (9th Cir. 1998)). The

STD Plan,[1] which is the sole source of STD benefits at issue in this matter, demonstrates that: (1) Wells Fargo establishes the plan to provide short-term disability coverage on a self-insured basis for eligible employees; (BPN 000018); (2) benefits under the STD Plan are self-funded by Wells Fargo (*id.*) (describing cost and funding); (3) the STD Plan specifically states that it "is classified as a 'welfare benefit plan' under the Employee Retirement Income Security Act of 1974" (*id.*); and the (4) STD Plan includes procedures for submitting a claim as well as information for appealing a denied claim and affords the plan administrator discretion in interpreting the STD Plan and deciding claims under the Plan. (BPN 000021) (explaining how to file a claim with Lincoln); (BPN 000029-32) (explaining how claim determinations are made and how to appeal). These factors establish that the STD Plan is an employee welfare benefit plan as defined by ERISA. *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 321 F.3d 933, 938-939 (9th Cir. 2003) ("[A]n ERISA plan must invoke an 'ongoing administrative program,' *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 12, 96 L. Ed. 2d 1, 107 S. Ct. 2211 (1987), and must enable reasonable persons to 'ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits.' *Donovan v. Dillingham*, 688 F.2d 1367, 1373 (11th Cir. 1982) (en banc).").

13. Further, the Plan establishes that it is not excluded from ERISA by the "Safe Harbor" regulation. 29 C.F.R. § 2510.3-1(j)). As an initial matter, the safe harbor regulation is inapplicable because the STD Plan is not a health insurance plan. *Id.* Further, Wells Fargo pays the entire cost of coverage under the STD Plan. (BPN 000018) (identifying cost and funding). This fact, alone, removes the plan from the scope of the Safe Harbor Regulation. *Stuart v. UNUM Life Ins. Co. of Am.*, 217 F.3d at 1154 (summarizing cases and affirming that exclusion of a plan from ERISA requires a plan

---

[1] A copy of the Plan and the Plan's Summary Plan Description ("SPD") have been Bates Numbered for the convenience of the Court and attached as Exhibit L. Hereinafter, citations to this document will be to the Bates Page Number, *e.g.*, "BPN 000001."

to meet all four requirements of 29 C.F.R. § 2510.3-1(j)). Moreover, participation in the STD Plan is not completely voluntary. Instead, employees are automatically enrolled based on their employment status. (BPN 000018.) Accordingly, the Plan and SPD establish that the benefits at issue in this litigation are provided by an ERISA-governed employee welfare benefit plan.

14. Whenever a state law claim, such as each of those asserted in the Complaint, effectively "duplicates, supplements, or supplants the ERISA civil enforcement remedy," *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004), any such claim is completely preempted by ERISA, converting the claim "into one stating a federal claim." *Prince v. Sears Holdings Corp.*, 848 F.3d 173, 177 (4th Cir. 2017). *See Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 945 (9th Cir. 2009) (explaining that ERISA 502(a) reflected Congress's intent to "so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character" and that while "[f]ederal pre-emption is ordinarily a federal defense to the plaintiff's suit," Congress had "clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of § 502(a) removable to federal court." (*quoting Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58 (1987)).

15. The foundation for all four causes of action in the Complaint is the allegation that Lincoln wrongfully denied Plaintiff's claim for STD benefits under the terms of the STD Plan, which is an employee welfare benefit plan. Because ERISA's civil remedies provision expressly provides a remedy for wrongful denials of benefits, 29 U.S.C. § 1132(a)(1)(B), each of Plaintiff's state law claims is completely preempted. Accordingly, this matter is removable to this Court under the Court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(a).

16. Defendant submits this Notice without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted.

17. The State Court from which this action was removed and in which this action was commenced is within this Court's district and division.

18. This Notice of Removal will be filed promptly with the State Court, as required by 28 U.S.C. § 1446(d).

19. By copy of this document and in accordance with the Certificate of Service, Defendant is providing notice to all Parties in this action of the filing of this Notice of Removal pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendant gives notice that the referenced action pending in the Superior Court of Arizona, Maricopa County, Civil Action Number 2025-014346, has been removed to this Court.

DATED this 22nd day of May, 2025.

JACKSON LEWIS P.C.

By: *<u>/s/ Jacqueline Palazzolo</u>*
Jacqueline Palazzolo
Attorneys for Defendant Lincoln Financial

**CERTIFICATE OF SERVICE**

I hereby certify that on May 22, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and sent a copy by email to the plaintiff at the following address:

Dustin Heintzman
43106 N. 44th Drive
Phoenix, AZ 85087
Phone: (480) 457-0939
Dheintzman@gmail.com
Plaintiff, Pro Se

By: *_/s/ Susan Stimson_*

4930-0456-4805, v. 4