Dustin Heintzman
43106 N 44th Dr
Phoenix AZ 85087
Telephone: 480-457-0939
Dheintzman@gmail.com

X FILED ___ LODGED
___ RECEIVED ___ COPY
MAY 28 2025
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT DISTRICT OF ARIZONA

| | |
|---|---|
| Duustin Heintzman,<br>Plaintiff/Petitioner,<br>v.<br>Lincoln Financial Group,<br>Defendant/Respondent | Case No.: 2:25-CV-01755-SHD<br><br>Honorable Sharad H Desai |

**MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION WITH RESPECT TO STATE LAW CLAIMS ALLEGING FRAUD AND MOTION FOR SANCTIONS AND PENALTIES AGAINST DEFENDANT AND THEIR ATTORNEYS**

TO THE HONORABLE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

I. INTRODUCTION

Plaintiff hereby submits this Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure on the basis that this Court lacks subject matter jurisdiction over the state law claims asserted by Defendant pertaining to allegations of fraud. Such claims are properly adjudicated within the exclusive jurisdiction of the Arizona Superior Court. The legal and factual

circumstances compel this Motion to prevent an unwarranted encroachment on state court jurisdiction. Defendant, Lincoln Financial Group ("Defendant"),persistently attempts to circumvent accountability by inappropriately invoking federal jurisdiction under the Employment Retirement Income Security Act of 1974 ("ERISA"), codified at 29 U.S.C. § 1001 et seq.,thereby improperly shielding itself from state law remedies. This conduct reflects a deliberate effort to exploit jurisdictional doctrines to the detriment of Plaintiffs' rights a practice that has been consistently disfavored by courts.

This Court must decline to countenance such jurisdictional overreach that denies Plaintiffs access to justice and immunizes Defendants from liability for intentional fraudulent misconduct. Under Arizona law, the state courts possess exclusive competence to hear and adjudicate claims of fraud arising under state law absent a bona fide federal question. The United States Supreme Court has delineated clear boundaries on ERISA preemption, holding that not all state law claims implicate federal jurisdiction and that state courts retain authority to adjudicate independent and collateral fraud claims. See Aetna Health Inc. v. Davila, 542 U.S. 200, 210 (2004); Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 65–66 (1987). Likewise, the Ninth Circuit has confirmed that ERISA does not preempt state law claims concerning fraud that are independent of employee benefit plan administration. See Jelly v. Ohio Nat'l Life Ins. Co., 483 F.3d 446, 453 (6th Cir. 2007).

Defendant's attempt to manufacture federal jurisdiction on unsupported and frivolous grounds warrants unequivocal rejection by this Court. No corporate entity may invoke federal statutes as a shield to evade state law accountability. The principles of federalism and equitable administration of justice require that this Motion be granted, the action dismissed for lack of subject matter jurisdiction, and the matter remanded to the Arizona Superior Court for appropriate resolution.

Furthermore, Plaintiff respectfully moves the Court to impose a monetary penalty of $10,000 payable to Plaintiff by Defendant for their improper filing and continuation of this federal court

action to remove this matter from state court jurisdiction. The removal was without merit and constitutes an abusive litigation tactic designed to delay and frustrate Plaintiff's rights.

Plaintiff also requests that the Court sanction Defendant's attorneys for their conduct in filing this removal without proper conferral or good-faith communication with Plaintiff, who is a self-represented litigator against a billion-dollar corporation. Counsel's failure to confer before removal violates the duty to engage in reasonable professional conduct and has necessitated additional filings, including this response and related motions. Such behavior increases court burden unjustly and prejudices Plaintiff's ability to proceed efficiently.

Plaintiff respectfully submits that these sanctions are warranted to prevent further abuse of process and to uphold professional and ethical standards in litigation. Plaintiff is not seeking to waste the Court's time but to protect her rights diligently in the face of significant imbalance against a large corporate entity.

Plaintiff notes for the record that this case exemplifies egregious conduct by Lincoln Financial Group that victimizes hardworking American citizens. Plaintiff further wishes to state for the record that Lincoln Financial Group has engaged in highly inappropriate and disparaging conduct toward Plaintiff, including statements advising him to harm himself or others and questioning his mental health, which is currently being litigated separately by Plaintiff's counsel, Steve Jessup. This not part of my Fraud lawsuit against the defendant just fun facts. These reprehensible actions underscore the need for the Court to send a strong message that such corporate misconduct and abusive litigation tactics will not be tolerated in this jurisdiction.

Plaintiff respectfully hopes the Court will understand these circumstances and grant the requested relief to uphold justice and fairness for Arizona's proud citizens.

## II. STATEMENT OF FACTS

1. Plaintiff initiated a civil action in the Arizona Superior Court alleging fraudulent conduct by Defendant in connection with business operations conducted within the territorial jurisdiction of the State of Arizona.

2. Defendant subsequently removed or attempted to litigate this matter in federal court, invoking ERISA preemption as the jurisdictional basis to supersede state court adjudication.

3. Defendant asserts that the alleged fraudulent conduct is governed by ERISA and thus exclusively actionable in federal court.

4. Plaintiff contends that Defendant's invocation of ERISA constitutes a strategic legal artifice intended to obfuscate the true nature of the claims and to avoid accountability under Arizona state law.

5. Plaintiff avers that the allegations of fraud arise from conduct regulated by Arizona substantive and procedural law and that ERISA's preemption does not extend to confer federal subject matter jurisdiction over such claims. Accordingly, this Court should dismiss Defendant's jurisdictional assertion and reinstate state court jurisdiction.

6. Defendant's removal to federal court was done without any prior communication or attempt to confer with Plaintiff, a pro se litigant, thereby violating principles of professional courtesy and procedural fairness. Plaintiff has been compelled to file a response and this motion due to Defendant's unilateral and improper procedural actions.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) permits dismissal of an action for lack of subject matter jurisdiction whenever the Court lacks statutory or constitutional authority to adjudicate the claims. The burden of establishing the existence of federal jurisdiction lies with the party seeking to invoke it. ERISA's preemption clause is broad, aiming to promote uniformity in the administration of employee benefit plans (29 U.S.C. § 1144(a)). Nevertheless, the United States Supreme Court and the Ninth Circuit have consistently indicated that ERISA does not preempt state law claims that are independent of benefit plan administration or management. Judicial precedent condemns efforts to impermissibly expand ERISA preemption to encompass unrelated fraudulent conduct.

In addition, pursuant to 28 U.S.C. § 1927 and the inherent powers of the Court, sanctions may be imposed on attorneys who unreasonably and vexatiously multiply proceedings. The present circumstances warrant such sanctions against Defendant's counsel.

## IV. ARGUMENT

### A. The Court Lacks Subject Matter Jurisdiction Over State Law Fraud Claims

#### 1. ERISA Preemption Does Not Encompass Independent State Law Fraud Claims

ERISA's preemptive scope is intended to prevent conflicting regulation of employee benefit plans. However, state law claims premised on conduct independent of plan administration fall outside this federal preemption. The Supreme Court in Aetna Health Inc. v. Davila, 542 U.S. 200, 210 (2004), held that ERISA does not preempt state law claims "independent of or collateral to" a benefit plan. The Ninth Circuit similarly recognizes this limitation to prevent misuse of ERISA jurisdiction.

2. Plaintiff's State Law Fraud Claims Are Not Subject to ERISA Jurisdiction

Plaintiff's allegations pertain exclusively to fraudulent business conduct by Defendant unrelated to any employee benefit plan. Defendant's attempt to construe such claims as ERISA-governed is a legal fiction unsupported by controlling precedent. As the Sixth Circuit held in Jelly v. Ohio Nat'l Life Ins.Co., 483 F.3d 446, 453 (6th Cir. 2007), fraud claims independent of plan management are not preempted by ERISA and, therefore, not within the exclusive domain of the federal courts.

3. Defendant's Assertion of Federal Jurisdiction Constitutes an Improper Jurisdictional Manipulation Defendant's removal or invocation of federal jurisdiction exemplifies an impermissible attempt to delay and frustrate enforcement of state law rights under the guise of ERISA preemption. Arizona and federal courts have denounced such tactics. See Pilkington v. Ben Franklin Federal Sav. and Loan Ass'n, 865 F.2d 108, 112 (9th Cir. 1988) (warning against abuse of federal jurisdiction). Respect for principles of federalism mandates adherence to proper jurisdictional bounds and deference to state courts for state law claims.

B. This Court Should Dismiss the Case and Impose Sanctions for Improper Removal and Conduct

1. Dismissal for Lack of Jurisdiction Is Appropriate Where State Law Claims Predominate

When state law claims predominate and federal jurisdiction is either absent or tenuous, dismissal under Rule 12(b)(1) preserves judicial economy and respects the constitutional balance. See Gully v. First Nat'l Bank, 299 U.S. 109, 117 (1936); Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 728 (1996).

2. Sanctions Are Appropriate for Improper Removal and Unprofessional Conduct. The Court possesses inherent authority and statutory powers under 28 U.S.C. § 1927 to sanction attorneys who engage in vexatious or abusive litigation conduct. Here, Defendant's counsel failed to confer with Plaintiff before removal, a pro se litigant, thereby violating procedural

professionalism and multiplying these proceedings unnecessarily. This conduct wastes judicial resources and prejudices Plaintiff, warranting sanctions and a monetary penalty payable by Defendant.

## V. CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court enter an order:

1. Dismissing this action for lack of subject matter jurisdiction over the state law fraud claims asserted by Defendant;

2. Recognizing and affirming that the Arizona Superior Court retains exclusive jurisdiction over the claims at issue herein;

3. Denying Defendant's attempt to invoke ERISA protections as a jurisdictional basis for federal court adjudication of these state law claims;

4. Imposing a $10,000 penalty against Defendant payable to Plaintiff for their improper removal from state court and abusive litigation tactics;

5. Sanctioning Defendant's attorneys for failing to confer with Plaintiff before filing removal and for engaging in conduct that multiplied proceedings unreasonably and vexatiously;

6. Granting such other and further relief as the Court deems just and proper, thereby reaffirming that no party may evade accountability through impermissible jurisdictional manipulation, especially where intentional fraudulent conduct under Arizona law mandates adjudication.

Respectfully submitted this 28th day of May, 2025, with hope that the Court will fairly consider the

substantial imbalance faced by Plaintiff and the grave misconduct alleged against Defendant in this matter and related proceedings.

Dustin Heintzman
43106 N 44th Dr Phoenix AZ 85087
480-457-0939
Dheintzman@gmail.com
Plaintiff, Pro Se

CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of May, 2025, I caused a true and correct copy of the foregoing Motion to Dismiss for Lack of Subject Matter Jurisdiction and Motion for Sanctions and Penalties to be served upon Defendant's counsel of record by first-class mail.