Dustin Heintzman
43106 N 44th Dr
Phoenix AZ 85087
Telephone: 480-457-0939
Dheintzman@gmail.com

X FILED ___ LODGED
___ RECEIVED ___ COPY
MAY 28 2025
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY ______________ DEPUTY

UNITED STATES DISTRICT COURT DISTRICT OF ARIZONA

Duustin Heintzman,
Plaintiff/Petitioner,
v.
Lincoln Financial Group,
Defendant/Respondent

Case No.: 2:25-CV-01755-SHD

Honorable Sharad H Desai

**PLAINTIFF'S Response in Objection to the Notice of Removal filed by Defendant Lincoln Financial Group (hereinafter "Defendant"), whereby Defendant seeks to remove this cause of action from the Superior Court of Arizona, Maricopa County, to this federal forum.**

To the Honorable Sharad H Desai and the Honorable Clerk of the United States District Court for the District of Arizona:

COMES NOW Dustin Heintzman, Plaintiff appearing pro se, and hereby submits this Response in Objection to the Notice of Removal filed by Defendant Lincoln Financial Group (hereinafter "Defendant"), whereby Defendant seeks to remove this cause of action from the Superior Court of Arizona, Maricopa County, to this federal forum.

Plaintiff issues a stern and unequivocal WARNING to this Federal Court: the Defendant has not obtained any ruling or authorization from the Superior Court of Arizona permitting removal of this case to federal court. Furthermore, as a United States citizen, Plaintiff emphatically asserts that it is improper and unlawful for Defendant to systematically attempt to forum shop and shift this matter to federal court simply because it believes the federal forum to be more favorable. Such procedural subversion is a blatant abuse of the judicial process and an affront to the principles of federalism and state sovereignty that this Court must uphold. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941) (recognizing removal statutes should be strictly construed against removal and doubts resolved in favor of remand); and contrarily, see also Arizona case law emphasizing the importance of respecting state court jurisdiction such as Ariz. Rev. Stat. § 12-402 (enumerating removal procedure from state court).

This matter is fundamentally and incontrovertibly a case regarding FRAUD and DOCUMENT TAMPERING — it has NOTHING whatsoever to do with ERISA or any benefits under a disability policy. All claims related to ERISA benefits are being properly handled by Plaintiff's separate counsel in a distinct case solely involving the ESRIA aspects, if any. What Defendant attempts here is an egregious overreach and abuse of judicial power to evade accountability in state court by misusing federal removal provisions. Defendant has demonstrated absolutely NO good faith to confer or discuss this removal with Plaintiff. Instead, Defendant's counsel, including those not licensed in Arizona, have engaged in evasive tactics while Jacqueline M. Palazzolo, Esq., who filed the removal, has purposefully avoided meaningful communication or cooperation.

This misuse of removal jurisdiction to escape state fraud claims is impermissible. Under Arizona law, fraud claims remain within the exclusive jurisdiction of state courts, see Johnson v. William Morrow & Co., 58 F.3d 1156, 1161 (9th Cir. 1995) (noting removal jurisdiction cannot be used to evade state law claims). Federal courts must defer to state courts on such matters unless federal jurisdiction is unequivocally established.

Plaintiff filed motions in the Superior Court of Arizona on May 27, 2025, expressly objecting to this unilateral removal and affirming that this dispute remains fully within the jurisdiction and exclusive purview of the Superior Court of Arizona, specifically assigned to Judge Scott Minder, to rule on the merits of Plaintiff's claims against Defendant Lincoln Financial Group. Defendant's willful attempt to evade justice through vague jurisdictional claims under federal law is an unacceptable effort to conceal their fraudulent conduct and document tampering from proper state law adjudication. Parker v. Bain, 68 F.3d 1131 (9th Cir. 1995), underscores that removal statutes are to be strictly construed and the burden of establishing proper removal lies with the removing party.

This Federal Court has NO jurisdiction over this matter at this point. Plaintiff's sole purpose in filing this response is to put this Court on NOTICE of the ongoing state proceedings and Plaintiff's position. Plaintiff will not participate further in any federal court process absent an express and lawful order from the Superior Court of Arizona approving such removal. Plaintiff has already communicated with the Clerk of this Court to affirm the impropriety of this jurisdiction and has documented Defendant's counsel's failure to abide by procedural rules and ethical standards. This removal is a sham, designed to shield Defendant's fraudulent activities rather than to pursue justice. Massachusetts v. Morash, 490 U.S. 107 (1989) reiterated that removal jurisdiction must be supported by a clear statutory basis; absent that, the federal court lacks authority.

Contrary to Defendant's misuse of the ESRIA law, nowhere in any statute or precedent does ESRIA authorize a party to commit fraud and then flee to federal court for protection. Congress has specifically mandated that fraud claims remain within state courts for resolution. As a United States citizen domiciled in Arizona, Plaintiff has an absolute and undeniable right to pursue fraud claims in his home state without improper interference. ESRIA is wholly inapplicable here, as this is not a disability claim denial matter but a clear fraud and document tampering case. Defendant cannot cloak their deception behind any federal statute to usurp state jurisdiction. This aligns with the principle in Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987), which clarified that ERISA preemption does not grant federal jurisdiction over unrelated state law claims such as fraud.

Plaintiff has submitted extensive exhibits and filings in the Superior Court demonstrating the merit of the fraud claims and the wrongful conduct at issue. Plaintiff implores this Court to STAND DOWN and REMOVE this case from the docket of the United States District Court for the District of Arizona, pending resolution in the Superior Court of Arizona. Only upon proper and lawful authorization from the Superior Court may this matter be considered in federal court. Until then, any continued federal court involvement is unauthorized and improper. See also Sherwin-Williams Co. v. Holmes County, 343 U.S. 322 (1952) (emphasizing the role of state court jurisdiction over state law claims).

Plaintiff will accept and abide by the rulings of the Superior Court of Arizona and, if that court authorizes removal or transfer to federal court, will then comply with federal procedural rules. However, at present, this Court must recognize Defendant's removal as an abuse of process intended solely to evade state court scrutiny and to frustrate Plaintiff's rights. This federal removal scheme is a blatant attempt to silence Arizona's sovereignty and to deprive Arizonans of their rightful legal forum, which Plaintiff will vigorously oppose. The interests of justice demand that this Court cease any involvement until Superior Court jurisdictional questions are definitively resolved. See Meserole v. Buffalo Pumps, Inc., 619 F. Supp. 2d 1087 (D. Ariz. 2008) (discussing remand where federal jurisdiction was improperly asserted).

In closing, Plaintiff profoundly regrets the Defendant's misuse of ESRIA law as a smoke screen to shield systemic fraud and document tampering. Yet justice requires that individuals and corporations, regardless of size or influence, be held fully accountable under Arizona law. To permit this runaway removal would be a grave injustice to both the Plaintiff and Arizona's judicial system. The sovereignty of Arizona courts and the rights of its people must be preserved and respected. Plaintiff thanks this Court for its attention and looks forward to vindication in the Superior Court of Arizona without unnecessarily burdening or wasting the resources of the United States District Court for the District of Arizona.

Respectfully submitted this 28th day of May, 2025.

/s/ Dustin Heintzman

Dustin Heintzman, Plaintiff Pro Se

Cc: Jacqueline M. Palazzolo, Esq., Counsel for Defendant Lincoln Financial Group

CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of May, 2025, a true and correct copy of the foregoing Plaintiff's **Response in Objection to the Notice of Removal filed by Defendant Lincoln Financial Group (hereinafter "Defendant"), whereby Defendant seeks to remove this cause of action from the Superior Court of Arizona, Maricopa County, to this federal forum** was filed with the Clerk of the united states district court of arizona and the clerk of Superior Court and served via first-class mail upon counsel for Defendant. A copy was also sent inter officemail to the Honrable judges presiding over this matter.

/s/ Dustin Heintzman