Jacqueline M. Palazzolo (State Bar No. 039977)
**JACKSON LEWIS P.C.**
2111 East Highland Avenue, Suite B-250
Phoenix, AZ 85016
Telephone: (602) 714-7044
Facsimile: (602) 714-7045
Jacqueline.Palazzolo@jacksonlewis.com
*Attorneys for Defendant Lincoln Financial Group.*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Dustin Heintzman,<br><br>Plaintiff,<br><br>vs.<br><br>Lincoln Financial Group;<br><br>Defendant. | Case No.: 2:25-cv-01755-SHD<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT AND TO STRIKE PLAINTIFF'S JURY DEMAND** |

Pursuant to Rule 12(b)(6) and Rule 12(f) of the Federal Rules of Civil Procedure, Defendant Lincoln Financial Group ("Lincoln" or "Defendant"), through its undersigned counsel, respectfully submits this Memorandum of Law in Support of Defendant's Motion to Dismiss the Complaint and to Strike Plaintiff's Demand for a Jury Trial. The Complaint asserts state law claims that are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*. ("ERISA") and which are therefore subject to dismissal by the Court for failure to state a claim upon which relief may be granted. Further, the Complaint includes a demand for a trial by jury, which is unavailable, as a matter of law, for claims subject to ERISA. As such, Plaintiff's sole remedies, if any, must arise exclusively under the civil enforcement provisions of ERISA and are triable solely by the Court as a matter of law. In moving to dismiss, Defendant expressly reserves the right to assert any and all defenses in answer to the Complaint.

## I. BACKGROUND

### A. Procedural History

Plaintiff instituted this action on or about April 23, 2025, in the Superior Court of Arizona in Maricopa County, Civil Action Number CV2025-14346 (hereinafter referred to as the "State Action"). (ECF No 1-1 Ex. D.).[1] Defendant Lincoln was served with a copy of the Summons & Complaint on May 2, 2025. (ECF No. 1 at 1.)

Lincoln timely removed the case to this Court on May 22, 2025, on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331 and diversity jurisdiction pursuant to 28 U.S.C. § 1332. (ECF No 1.) Federal question jurisdiction exists in this matter because the Complaint asserts claims for benefits allegedly due under the Wells Fargo & Company Short Term Disability Plan ("Plan"). The Plan was established and is maintained by Wells Fargo to provide "short term disability coverage on a self-insured basis" to eligible Wells Fargo employees. (Ex. A. at BPN 000018.)[2] A copy of the Plan, which is expressly referenced in the Complaint at ¶¶ 1, 7, 10, 30, and 32 is attached as

---

[1] The Court may consider documents from the State Court proceedings without conversion of this Rule 12(b)(6) motion to dismiss to a motion for summary judgment, as such documents are matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) ("A court may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment.").

[2] The facts relied upon herein are taken from the affirmative allegations of the Complaint, the Exhibits attached to the Complaint, and the Wells Fargo & Company Short Term Disability Plan ("the Plan") that controls Plaintiff's claim for benefits in this matter. Because Plaintiff's claim for benefits depends upon his rights under the Plan, which incorporates by reference the Summary Plan Description ("SPD"), the Court may consider the Plan and the SPD, which are attached hereto as Exhibit A, without conversion of Lincoln's motion to dismiss to a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449 (9th Cir. 1994) ("As it makes sense and comports with existing practice, we hold that documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss.") The Court may also consider the exhibits attached to the complaint on a motion to dismiss without converting the motion into a motion for summary judgment. *Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1555 n. 19 (9th Cir. 1989).

Exhibit A.[3] As will be demonstrated below, the Plan is an employee welfare benefit plan governed by ERISA.

**B. Nature of Plaintiff's Claims**

Plaintiff alleges generally that Defendant wrongfully denied his claim for short term disability benefits. (ECF No. 1-1, Ex. D.) Plaintiff was employed by Wells Fargo and participated in the STD Plan, which Plaintiff alleges was insured by Defendant. (*Id.* ¶ 7.)[4] Plaintiff alleges that on May 4, 2024, he took a leave of absence due to an allegedly disabling medical condition. (*Id.* ¶ 9.) He alleges that he promptly submitted a claim for STD benefits, including submission of medical records. (*Id.* ¶ 10.) He further alleges that Lincoln improperly handled his claim for benefits and delayed in responding to his claim. (*Id.* ¶¶ 12-15.) Plaintiff contends that his "claim was unjustly and summarily denied" that the "denial letter issued by Defendant included offensive and patently unlawful criteria" and that "he was compelled to seek legal counsel to challenge Defendant's wrongful denial" of his STD claim. (*Id.* ¶¶ 22-24.) He alleges that "Defendant's conduct constitutes a breach of the insurance contract by failing to pay Plaintiff benefits in accordance with the Policy terms. . ." (*Id.* ¶ 25.) Plaintiff, who is unrepresented, brought this lawsuit seeking $100 million "as a necessary deterrent against Defendant's systemic abuse and violation of insured rights." (*Id.* ¶ 4.)

The Complaint asserts four causes of action: (1) breach of contract; (2) bad faith insurance practices; (3) violation of Arizona Insurance Code; and (4) intentional infliction of emotional distress. Plaintiff contends Defendant breached an insurance contract and otherwise engaged in bad faith insurance practices by failing to pay his claim

---

[3] The Plan has been Bates Numbered for the convenience of the Court. Hereinafter, citations to the Plan will be to the Bates Page Number, e.g., "BPN 0001."

[4] In reality, the STD Plan is self-insured and Lincoln serves as the claims administrator. In the Ninth Circuit, only the plan or the named plan administrator is a proper party defendant on a Section 502(a)(1)(B) action. *See e.g. Ford v. MCI Communications Corp. Health & Welfare Plan*, 399 F.3d 1076, 1081 (9th Cir. 2005). Accordingly, Lincoln is not a proper party Defendant. Should Plaintiff elect to file an Amended Complaint under ERISA, the only proper Defendant is the Wells Fargo & Company Short Term Disability Plan.

for STD benefits. (*Id.* at ¶¶ 29-38.) He contends that Lincoln's conduct in denying his claim caused him significant emotional distress. (*Id.* at ¶¶ 42-46.) Plaintiff demands a jury trial on these claims.

## II. ARGUMENT

### A. The Complaint Should Be Dismissed Because It Is Based Entirely upon State Law Claims That Are Preempted by ERISA.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In deciding a motion to dismiss, "all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *In re Facebook, Inc. v. Internet Tracking Litig.*, 956 F.3d 589, 601 (9th Cir. 2020). However, a complaint must contain 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action' to withstand a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Claims that are completely preempted by ERISA are subject to dismissal. *See, e.g., Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47-48 (1987).

1. <u>The Plan that controls Plaintiff's claim for benefits is an ERISA Plan</u>.

ERISA applies to any "employee benefit plan" if the plan is established or maintained by an employer or employee organization engaged in commerce or in any industry or activity affecting commerce. 29 U.S.C. § 1003. ERISA categorizes "employee benefit plans" as either an employee welfare benefit plan or an employee pension benefit plan. 29 U.S.C. § 1002(3). A plan is an ERISA welfare benefit plan if it "was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . benefits in the event of sickness, accident, **disability**, death or unemployment." 29 U.S.C. § 1002(1) (references to other types of employer-provided benefits qualifying as ERISA plans

omitted) (emphasis added). "The existence of an ERISA plan is a question of fact, to be answered in the light of all the surrounding circumstances from the point of view of a reasonable person." *Stuart v. UNUM Life Ins. Co. of Am.*, 217 F.3d 1145, 1149 (9th Cir. 2000) "To determine whether an insurance plan is an ERISA plan, a district court should consider 29 U.S.C. 1002(1), which defines an employee welfare benefit plan, and 29 C.F.R. § 2510.3-1(j), which clarifies the meaning of "establishing and maintaining" such a plan." *Ames v. Jefferson Pilot Fin. Co.*, 515 F. Supp. 2d 1050, 1053-1054 (D. Ariz. 2007) (*quoting The Meadows v. Employers Health Ins.*, 826 F. Supp. 1225, 1228 (D. Ariz. 1993)).

The Plan is unquestionably a welfare benefit plan within the meaning of ERISA because it meets all of elements required by the statute. Specifically, (1) the Plan was established and is maintained by Wells Fargo (Ex. A, BPN 000018 (noting that Wells Fargo maintains the plan as welfare benefit plan within the meaning of ERISA)), (2) the Plan was created to provide "short-term disability benefits" to eligible Wells Fargo employees (*id.*); and (3) the benefits provided under the Plan to eligible Wells Fargo are paid for by Wells Fargo through the Wells Fargo & Company Short-Term Disability Plan Trust (*id.*). These factors establish that the Plan is an employee welfare benefit plan as defined by ERISA.[5]

2. <u>Because the Plan is a *bona fide* ERISA plan, Plaintiff's state law claims are preempted by ERISA</u>.

ERISA provides for the exclusive regulation of employee benefit plans. *Aetna Health Inc. v. Davila,* 542 U.S. 200, 208 (2004) ("ERISA includes expansive pre-emption provisions . . . which are intended to ensure that employee benefit plan regulation would

[5]Because the Plan is self-funded by Wells Fargo and is not insured, the Court need not consider whether the Plan also falls outside of the "safe harbor" regulation that courts often consider in the context of insured claims. *See* 29 C.F.R. § 2510.3-1(j). But, even if the Plan was insured as Plaintiff incorrectly alleges, Plaintiff's claims would fall outside of the safe harbor and be subject to ERISA because, among other things, participation in the Plan is not completely voluntary. Instead, employees are automatically enrolled based on their employment status. (Ex. A., BPN 000018.)

be exclusively a federal concern") (citations omitted). ERISA's broad preemption provision is recognized as "the most sweeping federal preemption statute ever enacted by Congress." *California Hospital Assoc. v. Henning*, 569 F. Supp. 1544, 1546 (C.D. Cal. 1983). This provision declares that ERISA shall "supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). State law preempted by the statute is defined as including "all laws, decisions, rules, regulations, or other State action having the effect of law, of any State." 29 U.S.C. § 1144(c)(1). Thus, if Plaintiff's state law claims "relate to" an employee benefit plan, they are preempted by ERISA.

The phrase "relate to" was interpreted by the Supreme Court and "given its broadest common-sense meaning such that a state law 'relates to' a benefit plan . . . 'if it has a connection with or reference to such a plan.'" *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739 (1985), *overruled on other grounds, Kentucky Association of Health Plans, Inc. v. Miller*, 538 U.S. 329, 341 (2003). The Supreme Court further emphasized that the preemption clause was not limited to "state laws specifically designed to affect employee benefit plans." *Shaw v. Delta Airlines*, 463 U.S. 85, 97 (1983). Whether the "connection with" or "reference to" is direct or indirect, the state law will be preempted. *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 525 (1981).

Here, the entire Complaint is founded on the allegation that Lincoln wrongfully denied Plaintiff's claim for STD benefits. (ECF No. 1-1 Ex. D.) Plaintiff's breach of contract claim specifically alleges that "Plaintiff and Defendant entered into a valid and binding short-term disability insurance contract" and that "Defendant breached its contractual duties by failing to pay all benefits due under the Policy," resulting in "lost insurance benefits." (*Id.* ¶¶ 30-33.) Similarly, his second cause of action for bad faith insurance practices and his third cause of action for violation of the Arizona Insurance Code are based on allegations of "denying benefits without a reasonable basis" (*Id.* ¶ 36)

and “denial of claims without proper basis.” (*Id.* ¶ 40.) Plaintiff’s fourth claim arises from the same allegations and is specifically based on “denial of benefits essential to Plaintiff’s livelihood.” (*Id.* ¶ 43.) Thus, every claim in the Complaint refers to, and depends upon, the denial of Plaintiff’s claim for short term disability benefits under the Plan.

The United States Supreme Court and the Ninth Circuit Court of Appeals have repeatedly held that ERISA preempts state law causes of action such as those asserted in the Complaint. *See, e.g., Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 48 (1987) (concluding that breach of contract claim was preempted by ERISA); *Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030 (9th Cir. 2000) (quoting *Ellenburg v. Brockway, Inc.*, 763 F.2d 1091, 1095 (9th Cir.1985) (“We have held that `ERISA preempts common law theories of breach of contract implied in fact, promissory estoppel, estoppel by conduct, fraud and deceit and breach of contract”); *Lesane v. Aloha Airlines, Inc.*, 226 Fed. Appx. 693, 700 (9th Cir. 2007) (finding breach of contract claim arising from denial of severance benefits to be preempted by ERISA); *Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1034 (9th Cir. 2000) (dismissing counterclaims for breach of contract, tortious breach of the covenant of good faith and fair dealing, and fraud as preempted by ERISA); *Tingey v. Pixley-Richards West, Inc.*, 953 F.2d 1124 at 1131-33 (9th Cir. 1992) (holding plaintiffs’ causes of action for breach of contract, breach of the duty of good faith and fair dealing, intentional infliction of emotional distress, and violations of the Arizona Insurance Code were preempted by ERISA); *Johnson v. Lucent Techs. Inc.*, 669 Fed. Appx. 406, 408 (9th Cir. 2016) (finding claim for intentional infliction of emotional distress preempted by ERISA where claim was based on denial of benefits).

In fact, regardless of its nomenclature, any state law claim is preempted that is brought by a plan beneficiary “alleging improper processing of a claim for plan benefits.” *Hubbard v. Blue Cross & Blue Shield Association*, 42 F.3d 942, 946 (5th Cir. 1995); *see also Powell v. Chesapeake and Potomac Telephone Co. of Virginia*, 780 F.2d 419, 421

(4th Cir. 1985), *cert. denied*, 476 U.S. 1170 (1986) (ERISA preempts state law claims "invoked by beneficiaries claiming relief for injuries arising out of the administration of employee benefit plans"); *Martori Brothers Distributors v. James-Massengale*, 781 F.2d 1349, 1356-57 & n.19 (9th Cir. 1986), *amended*, 791 F.2d 799, *cert. denied*, 479 U.S. 1018 (1986) ("laws and common-law rules that provide remedies for misconduct growing out of the administration of the ERISA plan" are preempted by ERISA).

Furthermore, state law claims of general application are not saved from preemption by ERISA's "savings clause." The savings clause, codified at 29 U.S.C. § 1144(b)(2)(A), states that nothing in ERISA shall be construed to exempt or relieve any person from any law of any state that regulates insurance, banking, or securities. However, state laws of general application, such as each of the state law claims asserted in the Complaint, do not fall within the savings clause even if raised in the context of an insurance policy. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 56-57 (1987) (*overruled on other grounds by Ky. Ass'n of Health Plans, Inc. v. Miller*, 538 U.S. 329, 342 (2003)). In any event, even if a state law cause of action falls within the savings clause for purposes of conflict preemption pursuant to 29 U.S.C. § 1144(a), it will still be preempted where, as in the instant action, it is being used to provide an alternative means for obtaining benefits allegedly due under an ERISA-governed benefits plan. *Davila.*, 542 U.S. at 217-18 ("even a state law that can arguably be characterized as 'regulating insurance' will be pre-empted if it provides a separate vehicle to assert a claim for benefits outside of, or in addition to, ERISA's remedial scheme").

Thus, Plaintiff's sole claim and potential remedy, if any, is pursuant to a civil action under ERISA's civil remedies provision at 29 U.S.C. § 1132(a) of ERISA. Accordingly, the entirety of Plaintiff's Complaint is completely preempted as a matter of law.

3. <u>Because Plaintiff's state-law claims are preempted by ERISA, they are subject to dismissal</u>.

Based on the interpretation given the phrase "relate to" by the Supreme Court, Plaintiff's state law claims in this action clearly arise out of the administration of an employee welfare benefit plan and without question "relate to" an employee benefit plan. Accordingly, these claims are preempted by ERISA. 29 U.S.C. § 1144(a). All state law claims that fall within ERISA's preemption clause, like the claims made by Plaintiff in the instant action, are subject to dismissal pursuant to 29 U.S.C. § 1144(a). *See Dedeaux*, 481 U.S. at 45; *Huddleston v. Scottsdale Healthcare Hosps. Inc.*, 2017 U.S. Dist. LEXIS 185985, *12 (D. Ariz. Nov. 9, 2019) (finding state law claims preempted by ERISA and dismissing complaint).

At the foundation of the Complaint is the allegation that Defendant wrongfully denied Plaintiff's claim for short term disability benefits under the terms of an employee welfare benefit plan. As supported by the case law cited above, all such state law claims are subject to dismissal, both because such claims necessarily "relate to" an ERISA plan and because such claims amount to an alternative to ERISA's civil enforcement provisions. *See Aetna Health Inc. v. Davila*, 542 U.S. at 209 ("any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted"); *Bast v. Prudential Ins. Co. of America*, 150 F.3d 1003, 1007 (9th Cir. 1998) ("The detailed provisions of ERISA § 502(a) set forth a comprehensive civil enforcement scheme that "would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA.'") (*quoting Pilot Life*, 481 U.S. at 54). Accordingly, any and all state law claims asserted by the Complaint should be dismissed, with prejudice, as a matter of law.

**B. Defendant Objects to Plaintiff's Demand for A Trial by Jury And Moves to Strike It As Jury Trials Are Unavailable under ERISA.**

All of the Circuit Courts of Appeal that have addressed the issue are unanimous in holding that actions under ERISA for any relief provided therein are for the court, not

a jury. *See, e.g., Nevill v. Shell Oil Co.*, 835 F.2d 209 (9th Cir. 1987); *Tischmann v. ITT/Sheraton Corp.*, 145 F.3d 561 (2d Cir. 1998), *cert. denied*, 119 S. Ct. 406 (1998); *Sheet Metal Workers v. Keystone Heating & Air Conditioning*, 934 F.2d 35 (3d Cir. 1991); *Phelps v. C.T. Enters.*, 394 F.3d 213, 222 (4th Cir. 2005) (*citing Berry v. Ciba-Geigy Corp.*, 761 F.2d 1003 (4th Cir. 1985); *Calamia v. Spivey*, 632 F.2d 1235 (5th Cir. 1980); *Bittinger v. Tecumseh Products Co.*, 123 F.3d 877 (6th Cir. 1997); *Wardle v. Central States, Southeast and Southwest Areas Pension Fund*, 627 F.2d 820 (7th Cir. 1980), *cert. denied*, 449 U.S. 1112 (1981); *Kirk v. Provident Life & Accident Ins. Co.*, 942 F.2d 504, 506 (8th Cir. 1991); *Adams v. Cyprus Amax Miners Co.*, 149 F.3d 1156 (10th Cir. 1998); *Blake v. Union-Mutual Stock Life Insurance Co. of America*, 906 F.2d 1525 (11th Cir. 1990). As Plaintiff's claims are claims are preempted by ERISA, there simply are no issues in this matter triable to a jury. Accordingly, Plaintiff's request for a jury trial should be stricken from the Complaint. *See* Fed. R. Civ. P. 12(f); *Needham v. Enterprising Solutions, Inc.*, 2010 U.S. Dist. LEXIS 148429, *13 (D. Ariz. May 13, 2010) ("[T]here is no right to a jury trial in ERISA cases.") (*quoting Ingram v. Martin Marietta Long Term Disability Income Plan for Salaried Employees of Transferred GE Operations*, 244 F.3d 1109, 1114 (9th Cir. 2001); *see also Brawley v. Alltel Corp.*, 2008 U.S. Dist. LEXIS 128190, *2 (D. Ariz. May 13, 2008) ("Although this motion to strike does not fit squarely within the contours of Rule 12(f), Fed. R. Civ. P., we will construe it as an objection to the jury demand and sustain it.")

## III. CONCLUSION

The United States Supreme Court has made clear that the remedies specified in ERISA are exclusive. *Davila,* 542 U.S. at 208. All state laws, whether based on statutory or common law, invoked by or on behalf of beneficiaries relating to a denial of benefits under an employee welfare benefit plan are preempted by ERISA. Because the Complaint specifically seeks to recover benefits allegedly due under an ERISA plan and seeks relief that duplicates, supplements, or supplants the ERISA civil enforcement

remedies, the Court should dismiss the state law claims and strike Plaintiff's demand for a jury trial.

DATED this 29th day of May 2025.

JACKSON LEWIS P.C.

By: */s/ Jacqueline Palazzolo*
Jacqueline Palazzolo
Attorneys for Defendant Lincoln Financial

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and sent a copy by email to the plaintiff at the following address:

Dustin Heintzman
43106 N. 44th Drive
Phoenix, AZ 85087
Phone: (480) 457-0939
Dheintzman@gmail.com
Plaintiff, Pro Se

By: */s/ Susan Stimson*