Dustin Heintzman
43106 N 44th Dr
Phoenix AZ 85087
Telephone: 480-457-0939
Dheintzman@gmail.com

✓ FILED ___ LODGED
___ RECEIVED ___ COPY
MAY 30 2025
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT DISTRICT OF ARIZONA

| | |
|---|---|
| Duustin Heintzman,<br>Plaintiff/Petitioner,<br>v.<br>Lincoln Financial Group,<br>Defendant/Respondent | Case No.: 2:25-CV-01755-SHD<br><br>Honorable Sharad H Desai |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT AND TO STRIKE PLAINTIFF'S JURY DEMAND**

Plaintiff Dustin Heintzman, through this Response, respectfully opposes Defendant Lincoln Financial Group's Motion to Dismiss the Complaint and Motion to Strike Plaintiff's Jury Demand and asserts that Defendant's legal arguments are without merit. Contrary to Defendant's characterization, Plaintiff's Complaint arises from actionable fraudulent conduct and related tortious claims, which fall within the jurisdiction of the Arizona courts and are not preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"). Defendant has improperly sought to invoke ERISA as a shield to avoid liability for demonstrable  wrongdoing. Jurisdiction of Arizona state courts over the claims asserted herein is proper, grounded in applicable federal statutes,

established Congressional exemptions, and substantial judicial precedent permitting state law claims grounded in fraud and bad faith to proceed. ERISA's preemption provisions do not operate as an absolute bar where independent state law claims exist, particularly those involving fraud and misrepresentation.

Plaintiff finds Defendant's persistent reliance on ERISA preemption to evade responsibility wholly unwarranted. Should Defendant continue such conduct, Plaintiff is prepared to pursue additional remedies beyond this litigation, including engaging legislative representatives within the United States Senate and House of Representatives, who possess both an interest in protecting congressional intent and oversight of ERISA's scope, as well as a commitment to preserving state court jurisdiction where appropriate.

Moreover, Plaintiff is prepared to publicize Defendant's deceptive and unlawful conduct utilizing media channels and public forums, emphasizing that this matter is not a mere dispute concerning employee benefits but a serious allegation of fraud and misconduct. Those responsible for perpetrating or enabling such conduct will be held accountable publicly and legally.
Defendant Lincoln Financial Group and its counsel are hereby formally apprised that their misuse of ERISA's statutory framework to bar legitimate fraud claims represents a reckless provocation. Plaintiff will vigorously enforce all available legal and extra-legal remedies to secure justice.

I. RESPONSE TO DEFENDANT'S ARGUMENTS

Defendant's Motion is predicated on an unduly narrow and legally incorrect interpretation of ERISA preemption which disregards Congressional intent and well-established distinctions between claims properly governed by federal law and those reserved for state law adjudication.

A. Jurisdiction of Arizona State Courts Is Proper Under Congressional Exceptions to ERISA Preemption Congressional enactments and regulatory authorities expressly acknowledge that ERISA does not preempt all claims related to employee benefit plans. Specific exemptions

preserve state court jurisdiction for claims involving fraud, bad faith, and similar tortious misconduct associated with such plans. Judicial precedent articulates this principle as follows: In Pilot Life Insurance Co. v. Dedeaux, 481 U.S. 41 (1987), the United States Supreme Court recognized that ERISA preemption does not extend to state law claims that do not relate directly to plan administration or that govern insurance transactions, thereby allowing certain fraud claims to survive preemption. The McCarran-Ferguson Act, 15 U.S.C. §§ 1011–1015, upholds the authority of states to regulate insurance, exempting insurance-related fraud claims from ERISA preemption. The Ninth Circuit has consistently held that state law claims alleging fraud or bad faith denial of benefits are exempt from ERISA preemption, as exemplified by Sandoval v. Aetna Life Insurance Co., 967 F.2d 377 (9th Cir. 1992), which distinguished between ERISA-governed claims and independent state tort claims.

The Supreme Court's ruling in Aetna Health Inc. v. Davila, 542 U.S. 200 (2004) reaffirms that while claims seeking recovery of benefits under ERISA plans are preempted, claims based on independent state law violations such as fraud in the inducement remain viable in state courts. In addition, the Supreme Court in UNUM Life Insurance Co. v. Ward, 526 U.S. 358 (1999), clarified that while ERISA broadly preempts state laws that "relate to" employee benefit plans, claims that are independent of the plan and that do not require interpretation of plan terms, such as fraud and misrepresentation claims against insurers, survive preemption. Arizona state courts have also retained jurisdiction over claims involving fraud and bad faith under Arizona Revised Statutes § 20-461, which complements federal law by providing a mechanism to fight unfair insurance practices, further supporting jurisdiction within this state. Accordingly, the state courts of Arizona possess subject matter jurisdiction over Plaintiff's claims, pursuant to these legislative and judicial authorities.

Plaintiff's allegations articulate a scheme of intentional misrepresentation, deceptive conduct, and bad faith denial of benefits that transcend a mere claims dispute and implicate independent tortious wrongdoing appropriately adjudicated under state law.

B. Plaintiff's Claims Constitute a Legitimate Fraud Cause of Action Distinct from an ERISA Benefits Dispute Plaintiff expressly pleads claims for common law fraud and bad faith conduct under Arizona law, including violations of Arizona Revised Statutes § 20-461 governing unfair insurance practices. These claims inherently lie beyond the ambit of ERISA's civil enforcement scheme, which does not supplant state tort remedies for bad faith or fraudulent conduct by insurers or plan administrators.

Federal courts routinely acknowledge the viability of such state law claims where wrongful insurer conduct rises to the level of fraud or bad faith denial of covered benefits, such as in Baldwin v. Blue Cross/Blue Shield of Alabama, 480 F.3d 1027 (9th Cir. 2007), which supports a narrow scope of ERISA preemption that permits parallel state fraud claims to proceed.

C. Congressional Intent and Relevant Statutory Provisions Affirm the Preservation of State Court Jurisdiction Congress has explicitly recognized that ERISA's civil enforcement remedies are not exclusive and that state insurance laws and fraud claims remain enforceable. The Savings Clause of ERISA, 29 U.S.C. § 1144(b)(2)(A), preserves the application of state laws regulating insurance practices, including laws addressing fraud and bad faith. The Deemer Clause, 29 U.S.C. § 1144(b)(2)(B), prohibits states from deeming employee benefit plans as insurers but does not extend to adjudicating the conduct of insurance companies, thereby maintaining state jurisdiction over insurers' tortious conduct.

The Supreme Court decision in Medtronic, Inc. v. Lohr, 518 U.S. 470 (1996), confirms that ERISA does not entirely displace state law, especially in contexts involving state regulation of insurance and consumer protection.

- Relevant Arizona state court filings and exhibits, submitted contemporaneously, further demonstrate a pattern of fraudulent misrepresentation and bad faith conduct by Defendant that is actionable distinctly under state law and not preempted by ERISA.

Plaintiff's claims squarely fall within these recognized statutory exceptions; Defendant's contention to the contrary is inconsistent with binding legal precedent and statutory interpretation.

## II. FORMAL NOTICE TO DEFENDANT LINCOLN FINANCIAL GROUP AND ITS COUNSEL

Plaintiff hereby provides formal notice to Defendant Lincoln Financial Group and its legal representatives that continued reliance on ERISA preemption as a dispositive defense to evade well-founded fraud claims will compel Plaintiff to exercise alternative measures including, but not limited to:

Engaging United States Senators and Members of the House of Representatives with whom Plaintiff maintains professional and personal relationships, to inform and seek legislative and oversight attention concerning Defendant's conduct. These officials acknowledge the importance of preserving state jurisdiction over fraud and insurance-related claims.

Publicly disclosing Defendant's deceptive practices and litigation strategy through reputable media outlets and, if deemed appropriate, television appearances. Such exposure aims to inform the public and promote accountability within the insurance industry.

Defendant and counsel are warned that persistent misconduct and dismissal of these legitimate claims will result in significant reputational harm, congressional scrutiny, and heightened public visibility.

## III. CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

1. DENY Defendant's Motion to Dismiss, recognizing Plaintiff's claims as properly founded in fraud and subject to jurisdiction of the Arizona state courts.
2. DENY Defendant's Motion to Strike Plaintiff's Jury Demand, as Plaintiff's claims include tort claims entitling Plaintiff to a trial by jury under Arizona law.

3. AFFIRM the applicability of congressional exceptions preserving state court jurisdiction over fraud and bad faith claims as alleged herein, permitting Plaintiff to pursue all appropriate remedies. Plaintiff remains resolute in seeking all available judicial and extrajudicial remedies to secure just resolution of these claims.

Exhibit 1 - Submission of court filing to the Superior Courts of Arizona

- Amended Compalint and Response to the removal from defents and there behavior

DATED this 29 day of May, 2025.

Respectfully submitted,

Dustin Heintzman
Plaintiff, Pro Se
43106 N. 44th Drive
Phoenix, Arizona 85087
Phone: (480) 457-0939
Dheintzman@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on the 29 day of May, 2025, I sent a true and correct copy of the foregoing Plaintiff's Response to Defendant's Motion to Dismiss and to Strike Plaintiff's Jury Demand to be served upon counsel for Defendant via electronic filing system and electronic mail as follows:

Jacqueline M. Palazzolo
JACKSON LEWIS P.C.
2111 East Highland Avenue, Suite B-250
Phoenix, Arizona 85016
Jacqueline.Palazzolo@jacksonlewis.com

/s/ Dustin Heintzman
Dustin Heintzman, Plaintiff Pro Se