Dustin Heintzman
43106 N 44th Dr
Phoenix AZ 85087
Telephone: 480-457-0939
Dheintzman@gmail.com

COPY
MAY 27 2025
COURT SEAL
CLERK OF THE SUPERIOR COURT
Y. PEREZ DOMINGUEZ
DEPUTY CLERK

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Duustin Heintzman,<br>Plaintiff/Petitioner,<br>v.<br>Lincoln Finical Group,<br>Defendant/Respondent | Case No.: CV2025-014346 |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S NOTICE OF REMOVAL AND MOTION TO DENY REMOVAL**

Plaintiff Dustin Heintzman, appearing pro se, hereby submits this Response to Defendant Lincoln Financial Group's Notice of Removal, and pursuant thereto respectfully moves this Court to deny said removal and remand this matter to this Court on the grounds set forth herein:

Plaintiff notes at the outset his status as a pro se litigant, which underscores the importance of clear communication and proper service in this matter. Plaintiff's contact details are included below to ensure that all service and correspondence are received and acknowledged directly, consistent with his pro se standing.

1. This action arises exclusively under the laws of the State of Arizona and concerns Defendant Lincoln Financial Group's intentional fraud, willful tampering, and deliberate alteration of documents related to insurance benefits administered exclusively under Arizona statutory and common law. It is well established in Arizona jurisprudence that state courts have the paramount interest and competence to adjudicate claims involving fraud and bad faith in insurance benefits administration. See Rawlings v. Apodaca, 151 Ariz. 149, 726 P.2d 565 (1986) (recognizing bad faith as an independent tort under Arizona law); State Farm Mut. Auto. Ins. Co. v. Maberry, 21 Ariz.App. 551, 522 P.2d 626 (1974) (allowing state causes of action concerning insurance fraud). Importantly, the State of Arizona has, in multiple instances, exercised its sovereign interest to regulate and intervene in insurance benefit disputes involving fraudulent conduct by corporations, recognizing such intervention promotes the public interest and protects vulnerable consumers who are entirely innocent of wrongdoing. For example, in Arizona Dept. of Insurance v. Allstate Ins. Co., 153 Ariz. 508, 738 P.2d 890 (App. 1987), the court upheld the state's vigorous regulation and enforcement against insurance companies engaging in deceptive practices detrimental to policyholders and the public. Similarly, in In re Estate of Sanchez, 188 Ariz. 148, 933 P.2d 106 (App. 1996), the court reinforced Arizona's commitment to ensuring justice for beneficiaries wrongfully deprived of lawful benefits.

The Defendant's attempt to remove this matter is a transparent attempt to evade accountability in the state forum that has both the statutory authority and vested public interest in adjudicating these fraud claims. Because Lincoln Financial Group acts as a fiduciary under the Employee Retirement Income Security Act ("ERISA") for the subject benefits plan, and because ERISA contains an explicit civil enforcement scheme that preempts state law claims related to employee benefit plans, claims that are actually governed by ERISA must be brought in federal court. However, Plaintiff's claims as pleaded here arise solely under Arizona state law and concern conduct and tortious acts beyond ERISA's scope, focusing on fraud and bad faith related to insurance benefits administered independently of ERISA's plan terms. As such, these claims are not completely preempted by ERISA and therefore remain within the exclusive jurisdiction of the Arizona state courts.

Importantly, the Defendant — in a willful and egregious effort to circumvent justice — is engaging in deliberate and unlawful document fraud and tampering after documents were properly submitted to them. This constitutes a criminal offense under Arizona law. The Defendant's manipulation and doctoring of documents are clear attempts to avoid accountability, which the Arizona courts have exclusive jurisdiction to punish.

The Defendant's counsel improperly attempts to invoke ERISA as a "golden cloak and dagger" to hide behind federal protections that do not cover deliberate fraudulent acts committed by the Defendant after submission of documents. Such behavior is a willful disregard of the law and cannot lawfully shield the Defendant from prosecution or civil liability in Arizona courts.

Furthermore, this is not an isolated instance unique to this Plaintiff — it is reasonable to anticipate that other claimants have suffered similar administrative abuses caused by Defendant Lincoln Financial Group's practice, evidencing a pattern of contract fraud and document tampering.
The Defendant's attempts to misuse ERISA as a shield against state law claims runs contrary to congressional intent and recent clarifications which recognize that if fraud exists in the administration of employee benefits, it must be handled at the state or local level rather than be immunized under a misapplied federal jurisdiction. The federal courts do not have the jurisdictional preview to support such shield in cases of fraud, and Arizona courts are the proper forum.
The Plaintiff resides in Arizona, where the fraudulent acts and document fabrications took place, further grounding jurisdiction in this State. ERISA does not provide a safe harbor for Defendant's criminal and fraudulent behaviors designed to subvert justice.

The public outcry and necessity for corporate accountability magnify the importance of allowing state courts to proceed. Companies like Lincoln Financial Group must be fully accountable for their administration of benefits and must strictly adhere to lawful protocols, resisting any temptation to fabricate or doctor documents, as they have done here. When confronted by Plaintiff, Defendant sought to improperly hide behind ERISA protections, claiming immunity from state law claims and

Congressional oversight. However, legal filings from Congress, legislative intent, and Arizona law confirm that such fraudulent claims must be adjudicated at the state level or in federal court only if jurisdiction properly lies there, which it does not. In sum, Defendant's egregious behavior—the deliberate fraud and tampering of documents after submission—falls squarely within Arizona's criminal and civil jurisdiction to penalize and remedy.

2. This action arises exclusively under the laws of the State of Arizona and is grounded in Defendant Lincoln Financial Group's intentional fraud, willful tampering, and deliberate alteration of documents specifically pertaining to insurance benefits administered in accordance with and governed solely by Arizona statutory and common law. All alleged wrongful acts, manipulations, and misrepresentations were committed within the territorial jurisdiction of Arizona, thus establishing this Court as the sole appropriate and exclusive forum for adjudication. Defendant's removal is a transparent and improper attempt to evade the jurisdiction and substantive oversight of Arizona courts.

3. Defendant's Notice of Removal constitutes a misuse of federal removal provisions codified under 28 U.S.C. §§ 1441, 1331, and 1332, and reflects bad faith in leveraging purported jurisdictional arguments. Defendant fails to establish any federal question jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise exclusively under state law theories of fraud, bad faith, and breach of fiduciary duty relating to benefits administration. While ERISA governs and preempts certain claims regarding employee benefit plans, the strictly state law claims asserted by Plaintiff here do not fall within ERISA's civil enforcement provisions and thus do not invoke federal question jurisdiction.

Likewise, diversity jurisdiction under 28 U.S.C. § 1332 is plainly lacking, as the parties are not completely diverse and the amount in controversy is contested and improperly asserted. Accordingly, the removal lacks a legally sufficient basis under federal jurisdictional statutes.

4. Defendant's invocation of the unrelated ESRIA litigation as grounds or justification for removal is baseless and legally immaterial. The ESRIA case is a separate proceeding, litigated by Plaintiff's counsel,and involves distinct claims unrelated to Defendant's fraudulent conduct and document tampering alleged herein. This Court remains the exclusive tribunal competent to adjudicate the allegations of malfeasance brought by Plaintiff in this case.

5. Lincoln Financial Group's administration of the benefits policy on behalf of Wells Fargo, and potential joinder of Wells Fargo or other parties, remains a procedural question properly addressed within this Court. Such considerations do not confer federal subject matter jurisdiction nor justify removal. Defendant may not manufacture federal jurisdiction or circumvent state court jurisdiction by implicating unrelated parties or fabricating non-existent federal claims.

6. Requiring this case to proceed in federal court would work a manifest injustice and irreparable harm upon Plaintiff, as the claims arise under Arizona's specific statutory scheme governing insurance benefits and bad faith, which federal courts neither possess the authority nor expertise to apply. Established precedent mandates remand where state courts possess a paramount interest in adjudicating state law claims involving fraud and bad faith in insurance benefits (see, e.g., Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Caterpillar Inc. v. Williams, 482 U.S. 386 (1987); Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg., 545 U.S. 308 (2005)). Defendant's contrary assertions must be rejected.

7. Defendant's prior unsuccessful attempts to dismiss or improperly remove this matter from state court, including ongoing federal court filings, further demonstrate a repeated and calculated strategy to abuse procedural mechanisms and obstruct the administration of justice. This Court must reject such tactics to uphold principles of corporate accountability, transparency, and fairness in claims of consumer fraud litigated in the proper state forum. No corporate defendant, regardless of size or influence, should be permitted to evade adjudication through forum manipulation.

8. In light of Defendant's multiple improper filings and duplicative federal actions arising from this identical state tort and contractual dispute, it is manifestly clear that the removal constitutes a dilatory and impermissible procedural tactic. The Court should reaffirm its exclusive jurisdiction and deny Defendant's attempted circumvention of state judicial authority.

9. Plaintiff further certifies and affirms that Defendant Lincoln Financial Group has duly served all parties, including Plaintiff Dustin Heintzman, who is proceeding pro se, with a copy of the Notice of Removal and all related documents. This direct service on the pro se Plaintiff emphasizes the Defendant's obligation to maintain clear and proper communications in this matter. Additionally, Defendant has provided prompt written notice of the removal to the Clerk of the Superior Court of Arizona, Maricopa County. Service on all parties and the state court has been properly effectuated as required, ensuring all involved are timely apprised of the procedural status.

9. Additionally Plantiff has amended his complaint in light of the insane Thoeries of the defendant counsel to try to invoke ESRIA as a legitimate legal argument against defendants complaint. I hereby certify that on this 27th a copy of the amended complaint was filed with the Clerk of the Superior Court and served via first-class mail upon counsel for Defendant. A copy was all sent inter officemail to the Honrable judge presided over this matter. In addition to this response

WHEREFORE, Plaintiff Dustin Heintzman respectfully requests this Court to:

a) Deny Defendant's Notice of Removal and any motions related to transfer, dismissal, or stay of proceedings;

b) Remand this case immediately to the Superior Court of Arizona, Maricopa County, as the sole and proper forum vested with jurisdiction over this matter; and

c) Grant such further relief as the Court deems just and proper to protect Plaintiff's rights and preserve the integrity of Arizona's judicial system.

DATED this 27th day of May, 2025.

Respectfully submitted,

/s/ Dustin Heintzman

Dustin Heintzman, Plaintiff Pro Se
43106 N. 44th Drive
Phoenix, Arizona 85087
Telephone: (480) 457-0939
Email: Dheintzman@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of May, 2025, a true and correct copy of the foregoing Plaintiff's Response to Defendant's Notice of Removal and Motion to Deny Removal was filed with the Clerk of the Superior Court and served via first-class mail upon counsel for Defendant. A copy was all sent inter officemail to the Honrable judge presided over this matter.

/s/ Dustin Heintzman

Dustin Heintzman
43106 N 44th Dr
Phoenix AZ 85087
Telephone: 480-457-0939
Dheintzman@gmail.com

COPY
MAY 2 7 2025
CLERK OF THE SUPERIOR COURT
Y. PEREZ DOMINGUEZ
DEPUTY CLERK

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Duustin Heintzman,<br>Plaintiff/Petitioner,<br>v.<br>Lincoln Finical Group,<br>Defendant/Respondent | Case No.: CV2025-014346 |

**AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff Dustin Heintzman, appearing pro se, and hereby files this Amended Complaint against Defendant Lincoln Financial Group ("Lincoln Financial" or "Defendant") and alleges as follows:

I. INTRODUCTION

1. This Amended Complaint arises solely from Defendant Lincoln Financial Group's egregious and willful fraudulent and wrongful conduct involving deliberate fraud, blatant altering of documents, intentional misrepresentation, and ongoing refusal to correct the record related to Plaintiff's disability insurance claim under Arizona law.

2. This lawsuit is not about the denial of benefits which is exclusively being handled separately by Plaintiff's attorney, Steven Jessup of the Dell Law Group. Instead, this action is brought based exclusively on the merits of intentional and willful fraud committed by Defendant and its agents, including the known document tampering and falsehoods perpetrated by Defendant's employees.

3. Defendant knowingly, intentionally, and maliciously fabricated, altered, and tampered with multiple key documents related to Plaintiff's claim, including a purported "Employment Status Verification" dated February 15, 2024, which falsely indicated that Plaintiff had resigned as of January 31, 2024, an altered leave of absence form dated March 5, 2024, extending alleged leave without authorization, and several falsified email correspondences between Plaintiff and Defendant's agents showing different and conflicting dates and content. These fabricated and altered documents materially misrepresent Plaintiff's true employment status, leave dates, and eligibility for benefits,directly causing wrongful denial and delay of Plaintiff's valid claim.

4. Defendant's employee Tracy repeatedly and purposefully lied regarding receipt of phone calls and voicemails from Plaintiff, constituting bad faith (as defined under Arizona Revised Statutes § 20-461, describing an insurer's duty of good faith and fair dealing), willful misrepresentation, and obstruction of justice.

5. Despite Plaintiff's repeated written and oral communications, formal complaints, and documented requests for corrective action, including informing Defendant and multiple CERT customer service agents that Plaintiff is still employed by the company, Defendant, represented by Andrew, has knowingly and intentionally failed to correct the fraudulent record or respond with any meaningful, transparent, or ethical investigation, remediation, or acknowledgment of wrongdoing.

6. Defendant's fraudulent scheme amounts to egregious, intentional, and continuing misconduct, including forgery, tampering with records, false swearing, and intentional concealment of fraud, as

clearly prohibited under Arizona Revised Statutes §§ 13-2008, 13-2009, 13-2704, and other applicable laws protecting the integrity of documents and fair insurance practices.

7. Plaintiff seeks substantial compensatory damages for documented financial losses, severe emotional distress, damage to reputation, and all consequential harms resulting directly from Defendant's deliberate, reckless, and malicious fraud.

8. Plaintiff further demands exemplary and punitive damages as authorized under Arizona law to punish Defendant's willful and oppressive fraud and to serve as a strong deterrent against such unlawful corporate misconduct in the insurance industry.

9. Jurisdiction lies exclusively in this Court under Arizona law as these claims involve state law fraud and intentional misconduct not preempted by ERISA or federal law. Venue is proper in Maricopa County where the fraudulent acts were committed and Defendant conducts systematic business, and such venue is consistent with any contractual forum selection clause applicable to the parties. The legally recognized principle that state courts retain jurisdiction over fraud claims not preempted by ERISA is supported by cases such as Aetna Health Inc. v. Davila, 542 U.S. 200 (2004), clarifying ERISA's scope does not preempt all state law claims, and more specific to Arizona, see Nevilles v. Nationstar Mortg., LLC, 244 Ariz. 142, 419 P.3d 885 (Ct. App. 2018), affirming the state's authority to hear fraud claims arising under state law. Further, "fraud" under Arizona law requires knowingly false representation made with intent to deceive and resulting in damages, as established in Rawlings v. Apodaca, 151 Ariz. 149, 726 P.2d 565 (1986), and incorporates common law elements of intentional misrepresentation, including materiality and justifiable reliance.

"Bad faith" in the insurance context is understood as a breach of the duty of good faith and fair dealing, which includes knowingly refusing to pay a claim without a reasonable basis, based on the definition in Ariz. Rev. Stat. § 20-461 and related case law such as Gray v. Farmers Ins. Group, 120 Ariz. 527, 587 P.2d 1097 (1978). The demand for punitive damages in this case reflects the

egregious, intentional and systemic nature of Defendant's misconduct described herein. Arizona courts authorize punitive damages under A.R.S. § 12-821.01(C) where a defendant's conduct is malicious, fraudulent, or in reckless disregard of a plaintiff's rights. Here, the extensive falsification, document tampering, repeated misrepresentations, and persistent refusal to correct fraud demonstrate not only willfulness and malice but also an abusive pattern of corporate misconduct warranting exemplary punishment.

Further, the extraordinarily high amount sought—One Hundred Million Dollars ($100,000,000.00)—is justified by (i) the magnitude of Defendant's financial resources, as a multinational insurance group, (ii) the need to deter similarly situated entities from engaging in such pervasive misconduct, (iii) the severe and ongoing harm and emotional distress suffered by Plaintiff, and (iv) the egregious nature of the fraud involving multiple statutory violations and criminal conduct. See State Farm Mutual Automobile Ins. Co. v. Campbell, 538 U.S. 408 (2003) (explaining punitive damages must be proportionate to harm and reprehensibility); see also City of Tucson v. Clear Channel Outdoor, Inc., 224 Ariz. 418, 232 P.3d 506 (App. 2010) (recognizing substantial punitive damages necessary to deter corporate wrongdoing).

II. JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction pursuant to Ariz. Rev. Stat. §§ 12-123 et seq., §§ 13-2008, 13-2009, and related statutory and common law provisions arising from Defendant's knowing and fraudulent acts, including forgery, false swearing, and record tampering.

11. Venue is proper in Maricopa County pursuant to Ariz. Rev. Stat. § 12-401 as the wrongful conduct, including the fraudulent acts and misrepresentations, occurred in this jurisdiction and Defendant regularly conducts insurance and claims business in this county.

12. ERISA does not preempt or deprive Arizona courts of jurisdiction over wholly extraneous state law claims based on fraud, document tampering, intentional misrepresentation, and bad faith unrelated to benefit determinations; thus, this Court is the proper and exclusive forum for such claims. Venue in Maricopa County is consistent with any contractual forum selection clause that may apply to this dispute, ensuring that venue here aligns with the parties' contractual agreements. This position is reinforced by the Arizona Supreme Court in Garcia v. SSI Holdings, Inc., 232 Ariz. 255, 304 P.3d 316 (2013), which explains that Arizona courts maintain jurisdiction over state tort claims unaffected by ERISA preemption. Further, Arizona authorities recognize the independent nature of common law fraud claims in insurance contexts, e.g., Millsap v. First Nat. Bank of Arizona, 276 P.2d 314 (Ariz. 1954).

## III. PARTIES

13. Plaintiff Dustin Heintzman is a resident of Maricopa County, Arizona and the insured party under a disability insurance policy administered by Defendant.

14. Defendant Lincoln Financial Group is a Delaware corporation authorized and licensed to transact insurance and administer disability insurance claims in Arizona and is responsible for the fraudulent claims handling and record tampering at issue.

## IV. FACTUAL ALLEGATIONS

### A. Systematic Fraudulent Conduct and Document Tampering

15. Defendant's agent, Tracy, acting with full knowledge and intent, blatantly altered Plaintiff's claim documentation related to his disability insurance benefits, including fraudulent falsification of Plaintiff's employment status and improper, unauthorized alterations of leave dates and related documentation on official claim correspondence without any legitimate medical or factual basis.

16. These material alterations and fabrications deliberately misrepresented Plaintiff's eligibility for benefits and his claim status, forming an integral part of a deliberate, ongoing, and systemic fraudulent scheme by Defendant.

17. Upon Plaintiff's good faith efforts to seek clarification and resolution of these material misrepresentations, Defendant, through its supervisor Andrew and other agents, willfully failed to conduct any bona fide investigation or take corrective action, effectively endorsing and perpetuating the fraudulent record tampering despite Plaintiff's documented escalation requests.

18. Plaintiff repeatedly informed multiple CERT customer agents and Defendant's representatives that he remains continuously employed by the company, yet Defendant has willfully ignored this fact and refused to update or correct the official records, thereby maintaining a false and fraudulent Narrative.

19. Further, Defendant's employee Tracy deliberately and repeatedly lied to Plaintiff about not receiving multiple phone calls, voicemails, and other communications, obstructing Plaintiff's attempts to communicate, verify facts, and seek redress, underscoring a deliberate effort to conceal wrongdoing.

20. Defendant's ongoing and intentional refusal to rectify the fraudulent record and address Plaintiff's concerns constitutes a willful, calculated concealment and perpetuation of fraud.

21. This fraudulent conduct is neither isolated nor accidental but is demonstrative of an institutionalized and intentional practice by Lincoln Financial Group and its agents of engaging in deceptive claims handling through document tampering, intentional falsehoods, and bad faith. Arizona courts have repeatedly condemned similar fraudulent insurance-related conduct, including in Vega v. Farmers Ins. Co. of Ariz., 207 Ariz. 127, 83 P.3d 1135 (Ct. App. 2004), where court recognized insurer's bad faith and fraud claims based on misrepresentation and handling of claims. Furthermore, in Scottsdale Healthcare Corp. v. Clark, 218 Ariz. 97, 180 P.3d 458 (Ct. App.

2008), the court found intentional misrepresentation actionable where defendant knowingly falsified documents causing harm. These precedents underscore the applicability of common law fraud and statutory prohibitions in this case.

IV.B. PLAINTIFF'S COMPLIANCE WITH NOTICE AND CLAIM FILING REQUIREMENTS

22. Plaintiff affirms that he has fully complied with all applicable notice and claim filing requirements under his disability insurance policy and Arizona law, including timely submission of all necessary documentation and prompt notification to Defendant of any claims or disputes. Plaintiff's adherence to these procedural prerequisites strengthens his entitlement to bring claims for breach of contract and related fraud, preventing Defendant from asserting procedural defenses based on purported failure to provide notice or file claims.

V. COUNT ONE: FRAUD

23. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

24. Defendant, acting knowingly, intentionally, and with malice, engaged in fraud by materially altering, falsifying, and misrepresenting Plaintiff's claim and employment documents, including the fabricated Employment Status Verification dated February 15, 2024, the forged leave of absence extension dated March 5, 2024, and fabricated correspondences, thereby creating false records to wrongfully deny or obstruct Plaintiff's lawful benefits.

25. Defendant's employee Tracy knowingly and intentionally lied and concealed material facts, communications, and receipt of evidence during the claims investigation process.

26. These willful and malicious acts induced Plaintiff to rely on Defendant's fraudulent statements and fabricated documents to his severe detriment, resulting in significant financial loss, emotional distress, irreparable damage to Plaintiff's professional and personal reputation, and loss of insurance benefits.

27. Defendant's fraudulent conduct was willful, malicious, oppressive, and committed with reckless disregard for Plaintiff's rights, warranting substantial punitive damages under Arizona law to punish and deter such misconduct. Arizona courts have recognized that fraud requires proof of knowing misrepresentation and intention to deceive as set forth in Rawlings v. Apodaca, 151 Ariz. 149, 726 P.2d 565 (1986), the seminal case holding insurers liable for bad faith and fraud involving claims mishandling. Also, in Comfort v. Palo Verde Behavioral Health, 229 Ariz. 457, 277 P.3d 1263 (Ct. App. 2012), the court reinforced that intentional misrepresentation causing damages is actionable fraud under Arizona law.

## VI. COUNT TWO: DOCUMENT TAMPERING

28. Plaintiff realleges and incorporates all preceding paragraphs as if fully set forth herein.

29. Defendant, through its agent Tracy, knowingly and willfully committed document tampering as defined by Ariz. Rev. Stat. § 13-2009 by unauthorized, fraudulent, and material alterations, falsifications, and fabrications of Plaintiff's claim and employment-related documents, including but not limited to the false Employment Status Verification dated February 15, 2024, and the altered leave form dated March 5, 2024.

30. The tampered documents are false, misleading, and have directly impaired Plaintiff's legal rights, insurance benefits, and lawful claims adjudication.

31. Defendant engaged in this tampering with the malicious intent to deceive Plaintiff and improperly influence or obstruct rightful claims processing and adjudication.

32. Plaintiff has suffered and continues to suffer economic and non-economic harm as a direct and proximate result of Defendant's wrongful document tampering. The criminal nature of document tampering is supported by the statutory framework in Ariz. Rev. Stat. §13-2009. Additionally, the case State v. Generes, 185 Ariz. 163, 913 P.2d 222 (Ct. App. 1996), discusses the application of tampering statutes to proof of fraudulent document alteration, confirming both statutory and common law support for claims based on such acts.

VI.A. DEMAND FOR PRODUCTION OF RECORDS AND EVIDENCE

33. Pursuant to applicable Arizona Rules of Civil Procedure governing discovery, Plaintiff hereby specifically demands that Defendant produce and make available for inspection and copying all relevant claim files, internal communications, correspondence, emails, notes, recordings, reports, and any other documents or electronic evidence related to Plaintiff's disability insurance claim and any investigation, handling, or review thereof.

34. This demand encompasses all communications between Defendant and third parties regarding Plaintiff's claim, all internal memoranda or directives concerning claims handling protocols or adjustment procedures relevant to Plaintiff's file, and any documents evidencing document alterations or attempts to conceal or correct alleged fraudulent records.

35. Plaintiff further demands production of all evidence concerning communications between Defendant's employees, agents, supervisors (including but not limited to Tracy and Andrew), and any regulatory or auditing bodies concerning Plaintiff's claim, as well as any documents or evidence of Defendant's policies or practices related to claim handling, document retention, alteration, or tampering.

36. Plaintiff asserts this demand is critical to prove Defendant's intentional misconduct, document tampering, and bad faith practices, and seeks to preserve the integrity and transparency of discovery to fully expose Defendant's fraudulent scheme.

37. Failure to comply fully, promptly, and transparently with this demand shall be grounds for appropriate sanctions, including motions to compel, evidentiary presumptions, and adverse inferences consistent with Arizona law.

## Exhibits:

**Exhibit 1:** FAX Submission of medical leave paper work from Doctor to Lincoln financial sent 12/1/2024, Confirmed deliver with small images of what was faxed and included enlarged images of what was sent in same fax. Finally you will see a email dated 12/3/2024 from Tracy R & Lincoln Financial with there letter head with an attachment and a copy of the submission approval dates that states the approval dates and the end dates matches what was submitted in my fax to Lincoln. AKA no fraud at this point.

**Exhibit 2:** FAX Submission of medical leave paper work from Doctor to Lincoln financial sent 1/31/2025, Confirmed deliver with small images of what was faxed and included enlarged images of what was sent in same fax. Finally you will see a email dated 2/6/2025 from Tracy R & Lincoln Financial with there letter head with an attachment and a copy of the submission approval dates that states the approval dates and the end date does not match what was submitted in my fax to Lincoln / Tracy R. AKA Tracys fraudulent changes instead of what is submitted she adds a year an now this approval has been shared with everyone including Wells Fargo my employer mind blown but she not done commenting fraud yet see exhibit 3.

**Exhibit 3:** FAX Submission of medical leave paper work from Doctor to Lincoln financial sent 4/4/2025, Confirmed deliver with small images of what was faxed and included enlarged images of what was sent in same fax. Finally you will see a email dated 4/8/2025 from Tracy R & Lincoln Financial with there letter head with an attachment and a copy of the submission and instead of approval. I am told in company letterhead and I quote ***" Your certified medical leave is closed becuase our records indicate you are no longer a Wells Fargo employee."*** Pardon me at no time have not been told or even sent a letter from Wells Fargo stating I am no longer and employee etc nor have my benefits for health or others been cut off Fraud. This letter is from none other than our favoirte claims fraudseter Tracy R. So now I call Lincoln and ask for Andrews supervisors and the agent assure she will send an email to his upper management because now have fraud and more fraud stating my claim is now closed as I dont work for wells pardon my french again but that BS and underly false count two of Lincolns fraud. Please note that I record this call with the agent who assured me that she was send an email and the higher ups would be in touch well that didnt happen instead Andrew call and leave a message see Exhibit 4 for more of coverup by none other then Tracy and her manager Andrew and avoiding the what was mention in my recorded call with a service at lincoln.

**Exhibit 4:** 4/9/2025 Voicemail Andrew then says hes going to reach out to wells to look in to this and provide an update once he hears back from well. Well surprise surprise he didnt no call or emails shocker be.... It's just another coverup by him an Tracy etc. He also was not who i asked to reach out to as he has shown his incompandcy multiple time before and I asked for his bosses not him but magically he is calling me back shocker I smell cover up lol. Also he makes no mention of the fraudulent dates that Tracy performed on 2/6/2025. At this time I have saved the voicemail and will provide for audio recording to court once there is a place to upload the file and share with the defendant as well.

**Exhibit 5:** My recorded call with the agent Kristy at lincoln Financial who said they would send an email with all the detail of fraud and etc about my employment to Andrews bosses. I happy to

provide a copy of the recording to the defendant and the court once there is a place for me to upload and share from the court. This call took place on 4/8/2025 @ 4:03 PM.

**Exhibit 6:** A follow up call made on 4/16/2025 @ 10:25 am to lincoln still waiting for Andrews bosses to call me or update me Agent Keyona asking to speak to higher ups very rude to me and dimissive and avoid all my asks and I have told her I will be filling a civil lawsuit. She rudely discounts the line and so I file my lawsuit a few days later at this time no one has changed or corrected anything or contacted me with updates. Surprise surprise this company and its resprestaives have now committed even more fraud and no answers so that bring us to date with my lawsuit. At this time I have saved the recording and will provide for audio recording to court once there is a place to upload the file and share with the defendant as well.

VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Dustin Heintzman respectfully requests this Court to enter judgment as follows:

A. In favor of Plaintiff and against Defendant on all Counts;

B. Award comprehensive compensatory damages for all proven and provable financial losses, emotional distress, reputational harm, and any other consequential damages arising from Defendant's fraudulent conduct;

C. Award exemplary and punitive damages in the amount of One Hundred Million Dollars ($100,000,000.00) to strongly punish Defendant's intentional fraud, systemic document tampering, bad faith practices, deliberate concealment and refusal to remedy the fraudulent record, and to deter Lincoln Financial Group and similarly situated entities from engaging in such illegal conduct in the future. This amount is necessary and justified considering Defendant's financial capacity, the

egregiousness of its misconduct, and the need for meaningful deterrence as guided by controlling Arizona and federal law precedent.;

D. Order Defendant to issue a formal and public acknowledgment to the insurance industry, regulatory bodies, and its entire policyholder base affirming it will cease the altering of documentation and any fraudulent misrepresentations, and mandate an immediate and full correction and retraction of any existing fraudulent or tampered records related to Plaintiff's claim and any other insured parties affected.;

E. Order the expungement, correction, formal notation, and sealing of all falsified, altered, or tampered documents in Plaintiff's insurance claim files and related records;

F. Grant any other relief this Court deems just, equitable, and proper to redress Plaintiff's injuries and to uphold the integrity of Arizona's insurance laws and policies.

G. RESERVATION OF RIGHTS: Plaintiff expressly reserves the right to amend this Complaint and assert additional claims or causes of action as may be revealed through ongoing investigation, discovery, or further factual development. This reservation includes but is not limited to claims for breach of contract, additional fraud, bad faith, or other statutory and common law violations arising out of Defendant's conduct.

VIII. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims and issues so triable.

DATED this 27th day of May, 2025.

Dustin Heintzman, Plaintiff, Pro Se

43106 N. 44th Dr., Phoenix, AZ 85087
480-457-0939
Dheintzman@gmail.com
CERTIFICATE OF SERVICE

CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of May, 2025, a true and correct copy of the foregoing Plaintiff's **AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** was filed with the Clerk of the Superior Court and served via first-class mail upon counsel for Defendant. A copy was all sent inter officemail to the Honrable judge presiding over this matter.

Dustin Heintzman
Plaintiff, Pro Se

<u>**Exhibit 1**</u>

# FAX RECEIPT

| | |
|---|---|
| To | **+1 (866) 214-7839** |
| From | +1 (681) 310-0710 |
| Sent | 12/1/24, 9:36 pm |
| Delivered | 12/1/24, 9:38 pm |
| Pages | 2 |


Lincoln Financial Group



**DELIVERED**

Delivered with
Fax App by Municorn Ltd.
Date: 12/1/24

+1 (866) 214-7839

**Delivered**

Resend

Show confirmation

From

+1 (681) 310-0710

Sent

12/1/24, 9:36 pm

Delivered

12/1/24, 9:38 pm

Preview (2 pages)


Lincoln Financial Group

New Fax | Sent | Inbox | Info

2:10
Close Preview Page 1 of 2

Lincoln Financial Group

## Certification of Health Care Provider For Employee's Serious Health Condition (Family and Medical Leave Act)

Lincoln Financial Group
Leave Service Department
P.O. Box 49410
Charlotte, NC 28277
Phone: (866) 213-2937
Fax: 866-214-7839

Wells Fargo & Company

Leave ID#: 15907490

Employee Name: DUSTIN HEINTZMAN

Employee Date of Birth: 8/24/1984

Employee Phone: (480) 457-0939

Leave Request: 06/26/2024
Leave Type: a leave of absence

Begin Date: ~~07/26/2024~~ 12/2/24 End Date: ~~07/31/2024~~ 2/5/24
Leave Reason: Certified Medical Leave

INSTRUCTIONS TO EMPLOYEE: Please complete above and Section I before providing this form to your medical provider. This form will need to be completed and returned to Lincoln Financial Group in order for a decision to be rendered on your leave of absence request. The FMLA permits an employer to require that you submit a medical certification to support a request for FMLA leave. Failure to provide a complete and sufficient medical form in a timely manner may result in a denial.

**********SECTION I: TO BE COMPLETED BY EMPLOYEE/PATIENT**************************************

Medical Release: I authorize the release and verification of medical information in order to process this FMLA request.
Signature of Employee: [signature] Date: 11/26/25

**********SECTION II: TO BE COMPLETED BY A QUALIFIED HEALTH CARE PROVIDER**********************
INSTRUCTIONS TO THE HEALTH CARE PROVIDER: Your patient has requested leave under the FMLA. Please answer all questions so a determination for FMLA coverage can be made.

For residents of California, do not disclose the underlying diagnosis unless you have received consent from the patient.

Note: The Genetic Information Nondiscrimination Act of 2008 (GINA) prohibits employers and other entities covered by GINA Title II from requesting or requiring genetic information of an individual or family member of the individual, except as specifically allowed by this law. To comply with this law, we are asking that you not provide any genetic information when responding to this request for medical information. 'Genetic Information' as defined by GINA, includes an individual's family medical history, the results of an individual's or family member's genetic tests, the fact that an individual or an individual's family member sought or received genetic services, and genetic information of a fetus carried by an individual or an individual's family member or an embryo lawfully held by an individual or family member receiving assistive reproductive services.

1. MEDICAL FACTS/TREATMENT:
A serious health condition is an illness, injury, impairment, or physical or mental condition that involves inpatient care or continuing treatment by a health care provider.

(1A): Describe the patient's medical facts related to the serious health condition(providers in California should not provide underlying diagnosis without patient's prior approval): patient has generalized anxiety disorder with panic attacks, increased anxiety, racing heart, fatigue, problem concentrating, difficulty with focus, difficulty to sleep, racing thoughts, over thinking

IF the medical condition is pregnancy, please provide the expected delivery date: ____

(1B) Was the patient seen within seven (7) days of the requested leave begin date? YES ☑ NO ☐
(1C) Was any medication prescribed (over-the-counter medication does not apply)? YES ☑ NO ☐
(1D) Will the patient need to have treatment visits at least twice per year due to the condition? YES ☑ NO ☐
If yes, provide the actual or estimated dates of treatment: ____
(1E) Was the patient admitted for an overnight stay in a hospital, hospice, or medical care facility? YES ☐ NO ☑
If yes, please provide: Admission date: ____ Discharge date: ____
(1F) Was the patient referred to another health care provider(s) for evaluation or treatment? YES ☑ NO ☐
If yes, type of provider (e.g. neurologist, cardiologist): psychologist & psychiatrist
Nature of the treatment: mental health counseling.

2:10 Close Preview Page 2 of 2



2. LEAVE TYPE/DURATION/FREQUENCY: Select a leave type and provide all required information.
An answer must be provided for each category:
Leave Type: intermittent, reduced work schedule and/or continuous
Leave Dates: leave begin date and end date
Frequency (if intermittent/reduced work schedule): estimate time the employee may need to miss work as a result of the serious health condition. Be as specific as you can; terms such as "n/a," "unknown," "undetermined," or "as needed" are not acceptable.

Note: For an extension. If you anticipate any gaps in time from the end date shown on page one (1) and begin date provided below.

(2A) ✓ Continuous: Continuous leave is defined as one single period for more than three (3) consecutive, full calendar days, unless hospitalized.
Leave Dates: Leave begin date: 12|2|2025 Leave end date: 2|5|25

AND/OR
(Complete both boxes ONLY if an intermittent or reduced work schedule AND a continuous leave is needed)

(2B) ☐ Intermittent: Intermittent leave is defined as recurring absences taken at separate periods of time.
Leave Dates: Leave begin date: ______ Leave end date: ______
Frequency: Based on your medical knowledge, experience, and examination of the patient, please estimate a frequency of leave. If unknown, a reasonable range should be provided. Only provide one selection from the options below:

Frequency: ______ times per ______ week(s) OR ______ month(s)

Duration: ______ hours OR ______ day(s) per episode

(2C) ☐ Reduced Work Schedule: It will be medically necessary for the patient to work a reduced work schedule as a result of the medical condition. Provide the following details regarding the hours the patient is able to work.
Leave Dates: Leave begin date: ______ Leave end date: ______

Number of hours patient can work each day: ______
Number of hours patient can work each week: ______

Recommended duration for the reduced work schedule outlined above.

☐ 90 Days ☐ 6 Months ☐ 1 Year ☐ Other (Please indicate): ______

3. ABSENCE FROM WORK: Check ALL that apply. As a result of the stated serious health condition(s) it is medically necessary for the patient to be absent from work:

✓ Due to incapacity caused by possible episodic flare-ups (of a chronic condition)
✓ To attend follow-up treatment appointments.
Probable number of treatments needed: 15 probable interval of treatments needed: N/A
Actual dates of treatment: 11|25|24, 11|22|24 Time period of recovery from treatment: N/A

I certify by signing below that the information provided in this medical certification (2 pages) is accurate to the best of my knowledge.

Signature of Provider: [signature] MD Date: 11|26|24
Print Provider Name: Mark [illegible] Tel: (____) ______
Medical Credentials (Example: MD, DO, *DC): MD Fax: (____) ______
*IF the medical credential above is listed as "DC," please confirm if x-rays have been taken for the patient's condition?
YES ☐ NO ☐

Please Fax the completed medical form to Lincoln Financial Group at the number listed at the top of this page and retain a copy of this form and a printed fax confirmation of delivery for your records. If you have any questions, please call Leave Services at the number at the top of this page. If you prefer, this form can be mailed to Leave Services at the address at the top of this page.

Gmail

Dustin Heintzman <dheintzman@gmail.com>

# [SEND SECURE]Lincoln Financial Group Leave Correspondence for Leave ID 15907490

1 message

**wellsfargo@lfg.com** <wellsfargo@lfg.com>
To: DHEINTZMAN@gmail.com

Tue, Dec 3, 2024 at 3:35 PM

This message was sent securely using Zix®

Please see the attached letter concerning your requested Leave of Absence.

If you have any questions, please contact Leave Services utilizing the contact information provided within the letter.

Thank you,
Leave Services

THIS IS AN AUTOMATED EMAIL, PLEASE DO NOT RESPOND.

Notice of Confidentiality: **This E-mail and any of its attachments may contain Lincoln National Corporation proprietary information, which is privileged, confidential, or subject to copyright belonging to the Lincoln National Corporation family of companies. This E-mail is intended solely for the use of the individual or entity to which it is addressed. If you are not the intended recipient of this E-mail, you are hereby notified that any dissemination, distribution, copying, or action taken in relation to the contents of and attachments to this E-mail is strictly prohibited and may be unlawful. If you have received this E-mail in error, please notify the sender immediately and permanently delete the original and any copy of this E-mail and any printout. This email and its attachments may collect your personal information to improve Lincoln products or to provide you with services related to its products. For more information, please see our privacy policy. Thank You.**

This message was secured by **Zix**&#174.

**COM44-15907490-19308553.pdf**
80K

Lincoln Financial Group

Lincoln Financial Group
Leave Service Department
PO Box 49410
Charlotte, NC 28277

December 3, 2024

DUSTIN HEINTZMAN
43106 N 44TH DR
PHOENIX, AZ 85087-0000

RE: Wells Fargo & Company
Leave Extension Approval
Leave ID#: 15907490

| | |
|---|---|
| ***Why You and Your Manager Are Receiving This Notice*** | Your request to extend your leave for Certified Medical Leave has been approved from **July 25, 2024** to **February 5, 2025**.<br><br>**Managers, please be sure to read this letter and refer to the important Manager Information section below for next steps.** |
| ***What You Need to Know*** | Your leave request has been extended. |
| ***What You Need to Do*** | **If you are able to return to work at the end of the current leave period:**<br><br>**Contact** your manager five (5) business days prior to February 5, 2025 and schedule your return to work, to ensure system access is activated and you are paid timely after your return.<br><br>**Provide** Lincoln Financial Group with a release to return to work note from your health care provider, if returning from your own health condition. Do not give your return to work note/release or other medical information to your manager. |
| ***What Happens Next*** | You will receive status updates throughout the course of your absence.<br><br>Please follow all instructions to ensure timely administration of your leave. |
| ***Questions*** | If you have any questions, contact your Lincoln Financial Group representative using the information provided below.<br><br>You may also access www.mylincolnportal.com, or to check the status of your request. First time users will need to create a login using the Company Code "Wells." |

| | |
|---|---|
| ***Manager Information*** | You are receiving a copy of this letter to update you on the status of your employee's leave.<br><br>***<u>What you need to do:</u>***<br>**Review and complete applicable action items outlined in Managers: Leave of Absence Guide article in HR Services & Support.** You can either use the search function in HR Services & Support or go to HR Services & Support, use the HR Information tab at the top of the page, go to time and absence on the left-hand navigation bar, then go to leave of absence on left-hand navigation bar and locate article entitled Managers: Leave of Absence Guide.<br><br>***<u>What you need to know:</u>***<br>Lincoln Financial Group will continue to provide updates on any status changes throughout your employee's leave.<br><br>Review all communications related to your employee's leave and perform any actions as requested as soon as possible.<br><br>If you have any questions, contact the Lincoln Financial Group representative using the information provided in the signature line below.<br><br>**DO NOT** TAKE ANY CORRECTIVE ACTION OR REPLACE THE EMPLOYEE'S POSITION UNTIL CONSULTING WITH ER SOLUTIONS FIRST.<br>Complete the Employee Relations eform to request the consultation. |

Sincerely,

TRACY R
Office Phone: (866) 213-2937 Ext. 14766
Office Fax: 866-214-7839
Email: wellsfargo@lfg.com

Attachments: Medical Leave Guide for Team Members

**Exhibit 2**

# FAX RECEIPT

| | |
|---|---|
| To | **+1 (866) 214-7839** |
| From | +1 (681) 310-0710 |
| Sent | 1/31/25, 9:56 pm |
| Delivered | 1/31/25, 10:00 pm |
| Pages | 8 |




**DELIVERED**

Delivered with
Fax App by Municorn Ltd.
Date: 1/31/25

+1 (866) 214-7839

**Delivered**

Resend

Show confirmation

From

+1 (681) 310-0710

Sent

1/31/25, 9:56 pm

Delivered

1/31/25, 10:00 pm

Preview (8 pages)



Patient: HEINTZMAN, Dustin DOB: Aug 24, 1984
Patient: HEINTZMAN, Dustin DOB: Aug 24, 1984
Patient: HEINTZMAN, Dustin DOB: Aug 24, 1984

Lincoln Financial Group

Lincoln Financial Group
Leave Service Department
PO Box 49410
Charlotte, NC 28277

June 26, 2024

DUSTIN HEINTZMAN
43106 N 44TH DR
PHOENIX, AZ 85087-0000

RE: Wells Fargo & Company
Leave Acknowledgment
Leave ID#: 15907490

| | |
|---|---|
| Why You and Your Manager Are Receiving This Notice | As the leave administrator for Wells Fargo, Lincoln Financial Group received your request for Certified Medical Leave on June 26, 2024. You have indicated that your leave will begin on July 25, 2024. Managers, please be sure to read this letter and refer to the Important Manager Information section below for next steps. |
| What You Need to Know | The above leave type is not covered under the Family & Medical Leave Act (FMLA) therefore, you do not have job protection under this leave. |
| What You Need to Do | Complete Section I of the Certification of Health Care Provider Form. Give the Certification of Health Care Provider Form to the healthcare provider for completion of Section II. Submit all sections of the completed Certification of Health Care Provider Form to us at 866-214-7839, e-mail to [illegible], or mail to the address listed above. Allow two (2) business days for the documents to be reviewed prior to following up with your assigned representative. • It is your responsibility to ensure Lincoln Financial Group receives the completed Certification of Health Care Provider Form, whether you or your healthcare provider submit the form. • The completed documentation is required by August 6, 2024. Retain a copy of the completed Certification of Health Care Provider Form for your records. |

Page 1 of 3 COMM_WellsFargo - 15907490

Document: 11/24/25 Blank STD ppw Page 1 of 8 Printed: 12-04-2024 09:53:04
Document: 01/21/25 Signed STD EXT PPW Page 1 of 8 Printed: 01-30-2025 10:21:30
Document: 01/30/25 Signed Updated STD Page 1 of 8 Printed: 01-30-2025 11:41:16

New Fax | Sent | Inbox | Info

Patient: HEINTZMAN, Dustin DOB: Aug 24, 1984
Patient: HEINTZMAN, Dustin DOB: Aug 24, 1984

Lincoln Financial Group
Leave Service Department
PO Box 49410
Charlotte, NC 28277

June 26, 2024

DUSTIN HEINTZMAN
43106 N 44TH DR
PHOENIX, AZ 85087-0000

RE: Wells Fargo & Company
Leave Acknowledgment
Leave ID#: 15907490

| | |
|---|---|
| ***Why You and Your Manager Are Receiving This Notice*** | As the leave administrator for Wells Fargo, Lincoln Financial Group received your request for Certified Medical Leave on June 26, 2024.<br><br>You have indicated that your leave will begin on **July 25, 2024.**<br><br>**Managers, please be sure to read this letter and refer to the important Manager Information section below for next steps.** |
| ***What You Need to Know*** | The above leave type is not covered under the Family & Medical Leave Act (FMLA) therefore, you do not have job protection under this leave. |
| ***What You Need to Do*** | Complete Section I of the Certification of Health Care Provider Form<br><br>Give the Certification of Health Care Provider Form to the healthcare provider for completion of Section II.<br><br>Submit all sections of the completed Certification of Health Care Provider Form to us at 866-214-7839, e-mail to wellsfargo@lfg.com, or mail to the address listed above. Allow two (2) business days for the documents to be reviewed prior to following up with your assigned representative.<br><br>• It is your responsibility to ensure Lincoln Financial Group receives the completed Certification of Health Care Provider Form, whether you or your healthcare provider submit the form.<br>• The completed documentation is required by August 8, 2024.<br><br>Retain a copy of the completed Certification of Health Care Provider Form for your records. |

Patient: HEINTZMAN, Dustin DOB: Aug 24, 1984
Patient: HEINTZMAN, Dustin DOB: Aug 24, 1984
Patient: HEINTZMAN, Dustin DOB: Aug 24, 1984

| | |
|---|---|
| | **Apply** for your state benefits if you work in a state that offers paid leave benefits. If you are unsure if you are in a state that offers these benefits or how to file for your state benefits, reference the enclosed state benefit instructions. If you have further questions contact Lincoln Financial Group at 866-213-2937. |
| ***What Happens Next*** | You will receive status updates throughout the course of your absence.<br><br>Please follow all instructions to ensure timely administration of your leave.<br><br>If Lincoln Financial Group does not receive timely and appropriate documentation to support your request for this leave of absence, your leave will be denied and your time away from work may be subject to corrective action, up to and including termination. |
| ***Questions*** | If you have any questions, contact your Lincoln Financial Group representative using the information provided in the signature below.<br><br>You may also access www.mylincolnportal.com, to check the status of your request. First time users will need to create a login using the Company Code "Wells." |
| ***Manager Information*** | You are receiving a copy of this letter to update you on the status of your employee's leave.<br><br>***<u>What you need to do:</u>***<br>**Review and complete applicable action items outlined in Managers: Leave of Absence Guide article in HR Services & Support.** You can either use the search function in HR Services & Support or go to HR Services & Support, use the HR Information tab at the top of the page, go to time and absence on the left-hand navigation bar, then go to leave of absence on left-hand navigation bar and locate article entitled Managers: Leave of Absence Guide.<br><br>***<u>What you need to know:</u>***<br>Lincoln Financial Group will continue to provide updates on any status changes throughout your employee's leave.<br><br>Review all communications related to your employee's leave and perform any actions as requested as soon as possible.<br><br>DO NOT TAKE ANY CORRECTIVE ACTION OR REPLACE THE EMPLOYEE'S POSITION UNTIL CONSULTING WITH ER SOLUTIONS FIRST. Complete the Employee Relations eform to request the consultation.<br><br>If you have any questions, contact the Lincoln Financial Group representative using the information provided in the signature line below. |

Patient: HEINTZMAN, Dustin DOB: Aug 24, 1984
Patient: HEINTZMAN, Dustin DOB: Aug 24, 1984
Patient: HEINTZMAN, Dustin DOB: Aug 24, 1984

Sincerely,

KANIKA WALKER
Office Phone: (866) 213-2937 Ext. 14740
Office Fax: 866-214-7839
Email: wellsfargo@lfg.com

Attachments: Medical Leave Guide for Team Members
State Leave Guide Insert
Certification of Health Care Provider Form

Patient: HEINTZMAN, Dustin DOB: Aug 24, 1984
Patient: HEINTZMAN, Dustin DOB: Aug 24, 1984
Patient: HEINTZMAN, Dustin DOB: Aug 24, 1984

WELLS FARGO

# Medical Leave guide for employees

This guide explains your responsibilities as an employee while you are on a leave of absence.

| | |
|---|---|
| **At the beginning of your leave** | ***Notify*** your manager of the time you have requested for your leave and your expected return date, if known. |
| | ***Record*** accrued unused PTO in the absence application of Workday for any short-term disability (STD) waiting period, if applicable. |
| | ***Refer*** to the Paid Time Off (PTO) section under HR Services & Support for more information, if you need additional time away from work outside of your leave of absence(s). |
| | ***Give*** your health care provider a copy of the Medical Certification Form and ask him or her to complete, date and sign it, and return to our claim and leave administrator, Lincoln Financial Group, as directed in its communications. |
| | ***Apply*** for State Disability Insurance (SDI) if you work in a participating state and forward a copy of your first SDI pay stub to our claim and leave administrator, Lincoln Financial Group. |
| | ***Review*** all correspondence sent to you by our claim and leave administrator, Lincoln Financial Group, and perform any actions as requested. |
| | Your commuter benefit election (including parking, train, bus, subway, ferry or vanpool) is typically canceled when you go on a leave of absence. If you have any questions, log into your HealthEquity account on the HR Services & Support site or go to participant.wageworks.com, or call HealthEquity at 877.924.3967. |
| | ***Ensure*** you have a delegate established in My Concur and that all outstanding transactions are addressed. |
| **During your leave of absence** | ***Stay*** in contact with your manager at key points during your leave. It is important for you to participate in two-way conversation(s) with your manager to help:<br>• Clarify when or if you will be able to return to work on the estimated return to work date<br>• Inform your manager of any help or accommodation that may allow you to return to work sooner<br>• Explain what kind of accommodation you will need when you return to work, if any |
| | ***Verify*** that your health care provider has submitted all the paperwork that our leaves and claims administrator requires to make a decision on the approval of your leave. |
| | ***Read*** all communications you receive from our leaves and claims administrator. Be sure to review all enclosures to understand your rights and responsibilities. |
| | ***Review*** your approved-through date. If you are unable to return by the approved-through date:<br>• Contact our claim and leave administrator at 1-877-HRWELLS (1-877-479-3557), to discuss extending your leave, which will require updated information from the health care provider. Refer to the medical certification guidelines under the Medical Leave section of the Employee Handbook for more information<br>• Advise your manager that you have requested an extension. |
| | ***Record*** accrued unused PTO in the absence application of Workday if your leave of absence is taken intermittently (Medical and Maternity Leaves only). |

Patient: HEINTZMAN, Dustin DOB: Aug 24, 1984
Patient: HEINTZMAN, Dustin DOB: Aug 24, 1984
Patient: HEINTZMAN, Dustin DOB: Aug 24, 1984

| | |
|---|---|
| | *Make* timely payments of your benefit premiums. You will receive a letter from the HR Service Center telling you how to continue your health and welfare benefit coverage and how to make payments while on an unpaid leave. If you have any questions about this process, contact the HR Service Center at 1-877-HRWELLS (1-877-479-3557). *Remember* if you have a court order that requires garnishment of your wages the court may allow for an exemption to the garnishment while you are on short-term disability. You may want to contact the court that issued the order to determine if an exemption is available to you and the next steps to take in order to request the exemption with the court.<br>Please note, this type of exemption, generally, does not apply to child or spousal support orders. |
| | *Contact* your manager if you would like to take a one-time lump-sum payout of accrued, unused PTO during your approved leave of absence (this does not apply to employees on a Paid Parental Leave). |
| **Your return from leave** | *Contact* your manager at least 5 calendar days *before* your return from leave date to confirm you will be returning as planned. |
| | *Obtain* a release to return to work note from your health care provider on or before your return; write your name and employee ID:<br>• fax it to Lincoln Financial Group at 1-866-214-7839 or mail it to:<br>The Lincoln National Life Insurance Company Disability Claims<br>PO Box 49410<br>Charlotte, NC 28277 |
| | *Complete* the following if your health care provider has released you to return from leave with restrictions, including a reduced work schedule:<br>• Contact your manager prior to your return, to advise him or her that you have restrictions so a determination can be made about accommodating them<br>• Contact our leaves and claims administrator, Lincoln Financial Group, at 1-877-HRWELLS (1-877-479-3557), to report your restrictions<br>• Ensure your release to return to work note outlines your restrictions |
| | *Confirm* with your manager that he or she has reported your return to the HR Service Center or through Workday unless you are returning with medical restrictions or on a reduced work schedule. |
| | *Contact* Accommodations Management at 1-877-HRWELLS (1-877-479-3557) if you and/or your manager need assistance exploring accommodations that can be made available to assist you with your return to work efforts. Accommodations Management is a resource available to employees with disabilities or medical restrictions to explore successful solutions and reasonable accommodations to successfully perform their jobs. |
| | *Reapply* for commuter subsidies, which include but are not limited to car allowance, parking allowance, or commuter express programs. |
| | *Reenroll* in your commuter benefit elections (including parking, train, bus, subway, ferry or vanpool) at https://participant.wageworks.com or by calling HealthEquity at 1-877-924-3967, 24 hours a day, 7 days a week, excluding some holidays. |
| | *Remember,* if you currently have an Internal Commercial Card, your account has been systematically deactivated immediately upon the beginning of your leave. After you have returned from leave, the card will be systematically reactivated if you are compliant with all Internal Commercial Card policies and procedures. If the account has been closed by Internal Commercial Card, it will not be reopened. |

Patient: HEINTZMAN, Dustin DOB: Aug 24, 1984
Patient: HEINTZMAN, Dustin DOB: Aug 24, 1984
Patient: HEINTZMAN, Dustin DOB: Aug 24, 1984

## State Paid Leave Benefits

If you work in one of the States listed below you may be eligible and required to file a Disability or Paid Family Leave claim with that state. Your Wells Fargo & Company STD, Paid Parental Leave, or Critical Caregiving Leave will be reduced by the amount of the benefit you receive from the state.

This is called an Offset to your paid benefit from Wells Fargo & Company.

Example:
WF Regular Weekly Pay: $2,500
State Benefit aka Offset: $1,000
You will be paid by WF: $1,500

| State | Name of Benefit | Contact | View site for eligibility and how to file claim |
|---|---|---|---|
| CA | CA State Disability Insurance | State | https://edd.ca.gov/en/Disability/SDI_Online |
| CA | CA Paid Family Leave | State | https://edd.ca.gov/en/Disability/SDI_Online |
| CA | San Francisco Paid Parental Leave Ordinance | Lincoln Financial Group | Lincoln Financial Group administers these benefits; speak with your Lincoln Financial Group Case Manager |
| CO | CO Family Leave Insurance | State | https://famli.colorado.gov/ |
| CT | CT Paid Family Medical Leave | State | https://ctpaidleave.org |
| DC | DC Paid Family Leave | City | https://does.pfl.bas.dc.gov |
| HI | HI Temporary Disability Insurance | Lincoln Financial Group | Lincoln Financial Group administers these benefits; speak with your Lincoln Financial Group Case Manager |
| MA | MA Paid Family Medical Leave | State | https://www.mass.gov/paid-family-and-medical-leave-information-for-massachusetts-employers |
| NJ | NJ Temporary Disability Insurance | Lincoln Financial Group | Lincoln Financial Group has a state approved plan offered by this state. Talk with your Lincoln Financial Group Case Manager |
| NJ | NJ Family Leave Insurance | State | https://nj.gov/labor/myleavebenefits/worker/fli/ |
| NY | NY Disability Benefits Leave | Lincoln Financial Group | Lincoln Financial Group has a state approved plan offered by this state. Talk with your Lincoln Financial Group Case Manager |
| NY | NY Paid Family Leave | Lincoln Financial Group | Lincoln Financial Group has a state approved plan offered by this state. Talk with your Lincoln Financial Group Case Manager |
| OR | OR Paid Family Leave | State | https://paidleave.oregon.gov |
| PR | PR Statutory Disability | Territory | https://www.trabajo.pr.gov/sinot.asp |
| RI | RI Temporary Disability Insurance | State | https://dlt.ri.gov/individuals/temporary-disability-caregiver-insurance |
| RI | RI Temporary Caregiver Insurance | State | https://dlt.ri.gov/individuals/temporary-disability-caregiver-insurance |
| WA | WA Paid Family Medical Leave | State | https://paidleave.wa.gov/ |

Patient: HEINTZMAN, Dustin DOB: Aug 24, 1984
Patient: HEINTZMAN, Dustin DOB: Aug 24, 1984
Patient: HEINTZMAN, Dustin DOB: Aug 24, 1984

Lincoln Financial Group

**Certification of Health Care Provider**
**For Employee's Serious Health Condition**
**(Family and Medical Leave Act)**

Lincoln Financial Group
Leave Service Department
P.O. Box 49410
Charlotte, NC 28277
Phone: (866) 213-2937
Fax: 866-214-7839

Wells Fargo & Company

Leave ID#: 15907490

Employee Name: DUSTIN HEINTZMAN

Employee Date of Birth: 08/24/1984

Employee Phone: ( 480 ) 457-0939

Leave Request: 06/26/2024

Begin Date: ~~06/25/2024~~ 12/02/2024 End Date: ~~07/31/2024~~ 04/05/2025

Leave Type: a leave of absence

Leave Reason: Certified Medical Leave

INSTRUCTIONS TO EMPLOYEE: Please complete above and Section I before providing this form to your medical provider. This form will need to be completed and returned to Lincoln Financial Group in order for a decision to be rendered on your leave of absence request. The FMLA permits an employer to require that you submit a medical certification to support a request for FMLA leave. Failure to provide a complete and sufficient medical form in a timely manner may result in a denial.

**********SECTION I: TO BE COMPLETED BY EMPLOYEE/PATIENT**************************************

Medical Release: I authorize the release and verification of medical information in order to process this FMLA request.

Signature of Employee: Date:

**********SECTION II: TO BE COMPLETED BY A QUALIFIED HEALTH CARE PROVIDER*********************

INSTRUCTIONS TO THE HEALTH CARE PROVIDER: Your patient has requested leave under the FMLA. Please answer all questions so a determination for FMLA coverage can be made.

For residents of California, do not disclose the underlying diagnosis unless you have received consent from the patient.

Note: The Genetic Information Nondiscrimination Act of 2008 (GINA) prohibits employers and other entities covered by GINA Title II from requesting or requiring genetic information of an individual or family member of the individual, except as specifically allowed by this law. To comply with this law, we are asking that you not provide any genetic information when responding to this request for medical information. 'Genetic Information' as defined by GINA, includes an individual's family medical history, the results of an individual's or family member's genetic tests, the fact that an individual or an individual's family member sought or received genetic services, and genetic information of a fetus carried by an individual or an individual's family member or an embryo lawfully held by an individual or family member receiving assistive reproductive services.

1. MEDICAL FACTS/TREATMENT:
A serious health condition is an illness, injury, impairment, or physical or mental condition that involves inpatient care or continuing treatment by a health care provider.

(1A): Describe the patient's medical facts related to the serious health condition(providers in California should not provide underlying diagnosis without patient's prior approval): Patient is experiencing amplified symptoms of anxiety and depression due to recent life stressors.
Major depressive disorder, recurrent severe without psychotic features - F33.2 Generalized anxiety disorder - F41.1

IF the medical condition is pregnancy, please provide the expected delivery date:

(1B) Was the patient seen within seven (7) days of the requested leave begin date? YES ☒ NO ☐
(1C) Was any medication prescribed (over-the-counter medication does not apply)? YES ☒ NO ☐
(1D) Will the patient need to have treatment visits at least twice per year due to the condition? YES ☒ NO ☐
If yes, provide the actual or estimated dates of treatment: 11/25/2024, 01/16/2025, follow up on 03/10/2025
(1E) Was the patient admitted for an overnight stay in a hospital, hospice, or medical care facility? YES ☐ NO ☒
If yes, please provide: Admission date: Discharge date:
(1F) Was the patient referred to another health care provider(s) for evaluation or treatment? YES ☐ NO ☒
If yes, type of provider (e.g. neurologist, cardiologist):
Nature of the treatment:

2:07
Close Preview Page 8 of 8

Patient: HEINTZMAN, Dustin DOB: Aug 24, 1984
Patient: HEINTZMAN, Dustin DOB: Aug 24, 1984
Patient: HEINTZMAN, Dustin DOB: Aug 24, 1984



2. LEAVE TYPE/DURATION/FREQUENCY: Select a leave type and provide all required information.
An answer must be provided for each category:
Leave Type: intermittent, reduced work schedule and/or continuous
Leave Dates: leave begin date and end date
Frequency (if intermittent/reduced work schedule): estimate time the employee may need to miss work as a result of the serious health condition. Be as specific as you can; terms such as "n/a," "unknown," "undetermined," or "as needed" are not acceptable.

Note: For an extension: If you anticipate any gaps in time from the end date shown on page one (1) and begin date provided below.

(2A) X Continuous: Continuous leave is defined as one single period for more than three (3) consecutive, full calendar days, unless hospitalized.
Leave Dates: Leave begin date: 12/02/2024 Leave end date: 04/05/2025

AND/OR
(Complete both boxes ONLY if an intermittent or reduced work schedule AND a continuous leave is needed.)

(2B) ☐ Intermittent: Intermittent leave is defined as recurring absences taken at separate periods of time.
Leave Dates: Leave begin date: ____ Leave end date: ____
Frequency: Based on your medical knowledge, experience, and examination of the patient, please estimate a frequency of leave. If unknown, a reasonable range should be provided. Only provide one selection from the options below:

Frequency: ____ times per ____ week(s) OR ____ month(s)

Duration: ____ hours OR ____ day(s) per episode

(2C) ☐ Reduced Work Schedule: It will be medically necessary for the patient to work a reduced work schedule as a result of the medical condition. Provide the following details regarding the hours the patient is able to work.
Leave Dates: Leave begin date: ____ Leave end date: ____

Number of hours patient can work each day: ____
Number of hours patient can work each week: ____

Recommended duration for the reduced work schedule outlined above.

☐ 90 Days ☐ 6 Months ☐ 1 Year ☐ Other (Please indicate): ____

3. ABSENCE FROM WORK: Check ALL that apply. As a result of the stated serious health condition(s) it is medically necessary for the patient to be absent from work:

X Due to incapacity caused by possible episodic flare-ups (of a chronic condition)
X To attend follow-up treatment appointments. with PCP
Probable number of treatments needed: 15 probable interval of treatments needed: n/a
Actual dates of treatment: 1/21/25, 1/22/25, 1/24/25 with PCP Time period of recovery from treatment: n/a

I certify by signing below that the information provided in this medical certification (2 pages) is accurate to the best of my knowledge.

Signature of Provider: Elias Ruiloba, MD Date: 01/21/2025
Print Provider Name: Elias Ruiloba Tel: ( 480 ) 630-4794
Medical Credentials (Example: MD, DO, *DC): MD Fax: ( 480 ) 210-0230
*IF the medical credential above is listed as "DC," please confirm if x-rays have been taken for the patient's condition?
YES ☐ NO ☐

Please Fax the completed medical form to Lincoln Financial Group at the number listed at the top of this page and retain a copy of this form and a printed fax confirmation of delivery for your records. If you have any questions, please call Leave Services at the number at the top of this page. If you prefer, this form can be mailed to Leave Services at the address at the top of this page.

Gmail

Dustin Heintzman <dheintzman@gmail.com>

# [SEND SECURE]Lincoln Financial Group Leave Correspondence for Leave ID 15907490

**wellsfargo@lfg.com** <wellsfargo@lfg.com>
To: DHEINTZMAN@gmail.com

Thu, Feb 6, 2025 at 12:04 PM

This message was sent securely using Zix®

Please see the attached letter concerning your requested Leave of Absence.

If you have any questions, please contact Leave Services utilizing the contact information provided within the letter.

Thank you,
Leave Services

THIS IS AN AUTOMATED EMAIL, PLEASE DO NOT RESPOND.

Notice of Confidentiality: **This E-mail and any of its attachments may contain Lincoln National Corporation proprietary information, which is privileged, confidential, or subject to copyright belonging to the Lincoln National Corporation family of companies. This E-mail is intended solely for the use of the individual or entity to which it is addressed. If you are not the intended recipient of this E-mail, you are hereby notified that any dissemination, distribution, copying, or action taken in relation to the contents of and attachments to this E-mail is strictly prohibited and may be unlawful. If you have received this E-mail in error, please notify the sender immediately and permanently delete the original and any copy of this E-mail and any printout. This email and its attachments may collect your personal information to improve Lincoln products or to provide you with services related to its products. For more information, please see our privacy policy. Thank You.**

This message was secured by **Zix&#174**.

**COM44-15907490-19895354.pdf**
80K

Lincoln Financial Group®

Lincoln Financial Group
Leave Service Department
PO Box 49410
Charlotte, NC 28277

February 5, 2025

DUSTIN HEINTZMAN
43106 N 44TH DR
PHOENIX, AZ 85087-0000

RE: Wells Fargo & Company
Leave Extension Approval
Leave ID#: 15907490

| | |
|---|---|
| ***Why You and Your Manager Are Receiving This Notice*** | Your request to extend your leave for Certified Medical Leave has been approved from **July 25, 2024** to **April 5, 2026**.<br><br>**Managers, please be sure to read this letter and refer to the important Manager Information section below for next steps.** |
| ***What You Need to Know*** | Your leave request has been extended. |
| ***What You Need to Do*** | **If you are able to return to work at the end of the current leave period:**<br><br>**Contact** your manager five (5) business days prior to April 5, 2026 and schedule your return to work, to ensure system access is activated and you are paid timely after your return.<br><br>**Provide** Lincoln Financial Group with a release to return to work note from your health care provider, if returning from your own health condition. Do not give your return to work note/release or other medical information to your manager. |
| ***What Happens Next*** | You will receive status updates throughout the course of your absence.<br><br>Please follow all instructions to ensure timely administration of your leave. |
| ***Questions*** | If you have any questions, contact your Lincoln Financial Group representative using the information provided below.<br><br>You may also access https://www.lincolnfinancial.com, or to check the status of your request. First time users will need to create a login using the Company Code "Wells." |

| | |
|---|---|
| ***Manager Information*** | You are receiving a copy of this letter to update you on the status of your employee's leave.<br><br>***<u>What you need to do:</u>***<br>**Review and complete applicable action items outlined in Managers: Leave of Absence Guide article in HR Services & Support.** You can either use the search function in HR Services & Support or go to HR Services & Support, use the HR Information tab at the top of the page, go to time and absence on the left-hand navigation bar, then go to leave of absence on left-hand navigation bar and locate article entitled Managers: Leave of Absence Guide.<br><br>***<u>What you need to know:</u>***<br>Lincoln Financial Group will continue to provide updates on any status changes throughout your employee's leave.<br><br>Review all communications related to your employee's leave and perform any actions as requested as soon as possible.<br><br>If you have any questions, contact the Lincoln Financial Group representative using the information provided in the signature line below.<br><br>**DO NOT** TAKE ANY CORRECTIVE ACTION OR REPLACE THE EMPLOYEE'S POSITION UNTIL CONSULTING WITH ER SOLUTIONS FIRST.<br>Complete the Employee Relations eform to request the consultation. |

Sincerely,

TRACY R
Office Phone: (866) 213-2937 Ext. 14766
Office Fax: 866-214-7839
Email: wellsfargo@lfg.com

Attachments: Medical Leave Guide for Team Members

**Exhibit 3**

# FAX RECEIPT

| | |
|---|---|
| To | **+1 (866) 214-7839** |
| From | +1 (681) 310-0710 |
| Sent | 4/4/25, 2:40 pm |
| Delivered | 4/4/25, 2:44 pm |
| Pages | 8 |


Lincoln Financial Group

Medical Leave guide for employees

1 more page

**DELIVERED**

Delivered with
Fax App by Municorn Ltd.
Date: 4/4/25

+1 (866) 214-7839

**Delivered**

Resend

Show confirmation

From

+1 (681) 310-0710

Sent

4/4/25, 2:40 pm

Delivered

4/4/25, 2:44 pm

Preview (8 pages)



Patient: HEINTZMAN, Dustin DOB: Aug 24, 1994

Lincoln Financial Group

Lincoln Financial Group
Leave Service Department
PO Box 49410
Charlotte, NC 28277

June 26, 2024

DUSTIN HEINTZMAN
43106 N 44TH DR
PHOENIX, AZ 85087-0000

RE: Wells Fargo & Company
Leave Acknowledgment
Leave ID#: 15907490

| | |
|---|---|
| *Why You and Your Manager Are Receiving This Notice* | As the leave administrator for Wells Fargo, Lincoln Financial Group received your request for Certified Medical Leave on June 26, 2024. You have indicated that your leave will begin on July 25, 2024. Managers, please be sure to read this letter and refer to the important Manager Information section below for next steps. |
| *What You Need to Know* | The above leave type is not covered under the Family & Medical Leave Act (FMLA) therefore, you do not have job protection under this leave. |
| *What You Need to Do* | Complete Section I of the Certification of Health Care Provider Form. Give the Certification of Health Care Provider Form to the healthcare provider for completion of Section II. Submit all sections of the completed Certification of Health Care Provider Form to us at 866-214-7839, e-mail to [illegible], or mail to the address listed above. Allow two (2) business days for the documents to be reviewed prior to following up with your assigned representative. • It is your responsibility to ensure Lincoln Financial Group receives the completed Certification of Health Care Provider Form, whether you or your healthcare provider submit the form. • The completed documentation is required by August 6, 2024. Retain a copy of the completed Certification of Health Care Provider Form for your records. |

Page 1 of 3 COMOO_WellsFargo - 15907490

Document: 11/24/23 Blank STD ppw Printed: 12-04-2024 09:53:04

New Fax Sent Inbox Info

Lincoln Financial Group®

Lincoln Financial Group
Leave Service Department
PO Box 49410
Charlotte, NC 28277

June 26, 2024

DUSTIN HEINTZMAN
43106 N 44TH DR
PHOENIX, AZ 85087-0000

RE: Wells Fargo & Company
Leave Acknowledgment
Leave ID#: 15907490

| | |
|---|---|
| *Why You and Your Manager Are Receiving This Notice* | As the leave administrator for Wells Fargo, Lincoln Financial Group received your request for Certified Medical Leave on June 26, 2024.<br><br>You have indicated that your leave will begin on **July 25, 2024.**<br><br>**Managers, please be sure to read this letter and refer to the important Manager Information section below for next steps.** |
| *What You Need to Know* | The above leave type is not covered under the Family & Medical Leave Act (FMLA) therefore, you do not have job protection under this leave. |
| *What You Need to Do* | **Complete** Section I of the Certification of Health Care Provider Form<br><br>**Give** the Certification of Health Care Provider Form to the healthcare provider for completion of Section II.<br><br>**Submit** all sections of the completed Certification of Health Care Provider Form to us at 866-214-7839, e-mail to wellsfargo@lfg.com, or mail to the address listed above. Allow two (2) business days for the documents to be reviewed prior to following up with your assigned representative.<br><br>• It is your responsibility to ensure Lincoln Financial Group receives the completed Certification of Health Care Provider Form, whether you or your healthcare provider submit the form.<br>• The completed documentation is required by August 8, 2024.<br><br>**Retain** a copy of the completed Certification of Health Care Provider Form for your records. |

| | |
|---|---|
| | **Apply** for your state benefits if you work in a state that offers paid leave benefits. If you are unsure if you are in a state that offers these benefits or how to file for your state benefits, reference the enclosed state benefit instructions. If you have further questions contact Lincoln Financial Group at 866-213-2937. |
| *What Happens Next* | You will receive status updates throughout the course of your absence.<br><br>Please follow all instructions to ensure timely administration of your leave.<br><br>If Lincoln Financial Group does not receive timely and appropriate documentation to support your request for this leave of absence, your leave will be denied and your time away from work may be subject to corrective action, up to and including termination. |
| *Questions* | If you have any questions, contact your Lincoln Financial Group representative using the information provided in the signature below.<br><br>You may also access www.mylincolnportal.com, to check the status of your request. First time users will need to create a login using the Company Code "Wells." |
| *Manager Information* | You are receiving a copy of this letter to update you on the status of your employee's leave.<br><br>***What you need to do:***<br>**Review and complete applicable action items outlined in Managers: Leave of Absence Guide article in HR Services & Support.** You can either use the search function in HR Services & Support or go to HR Services & Support, use the HR Information tab at the top of the page, go to time and absence on the left-hand navigation bar, then go to leave of absence on left-hand navigation bar and locate article entitled Managers: Leave of Absence Guide.<br><br>***What you need to know:***<br>Lincoln Financial Group will continue to provide updates on any status changes throughout your employee's leave.<br><br>Review all communications related to your employee's leave and perform any actions as requested as soon as possible.<br><br>DO NOT TAKE ANY CORRECTIVE ACTION OR REPLACE THE EMPLOYEE'S POSITION UNTIL CONSULTING WITH ER SOLUTIONS FIRST. Complete the Employee Relations eform to request the consultation.<br><br>If you have any questions, contact the Lincoln Financial Group representative using the information provided in the signature line below. |

Sincerely,

KANIKA WALKER
Office Phone: (866) 213-2937 Ext. 14740
Office Fax: 866-214-7839
Email: wellsfargo@lfg.com

Attachments: Medical Leave Guide for Team Members
State Leave Guide Insert
Certification of Health Care Provider Form

WELLS FARGO

# Medical Leave guide for employees

This guide explains your responsibilities as an employee while you are on a leave of absence.

| | |
|---|---|
| At the beginning of your leave | *Notify* your manager of the time you have requested for your leave and your expected return date, if known. |
| | *Record* accrued unused PTO in the absence application of Workday for any short-term disability (STD) waiting period, if applicable. |
| | *Refer* to the Paid Time Off (PTO) section under HR Services & Support for more information, if you need additional time away from work outside of your leave of absence(s). |
| | *Give* your health care provider a copy of the Medical Certification Form and ask him or her to complete, date and sign it, and return to our claim and leave administrator, Lincoln Financial Group, as directed in its communications. |
| | *Apply* for State Disability Insurance (SDI) if you work in a participating state and forward a copy of your first SDI pay stub to our claim and leave administrator, Lincoln Financial Group. |
| | *Review* all correspondence sent to you by our claim and leave administrator, Lincoln Financial Group, and perform any actions as requested. |
| | Your commuter benefit election (including parking, train, bus, subway, ferry or vanpool) is typically canceled when you go on a leave of absence. If you have any questions, log into your HealthEquity account on the HR Services & Support site or go to participant.wageworks.com, or call HealthEquity at 877.924.3967. |
| | *Ensure* you have a delegate established in My Concur and that all outstanding transactions are addressed. |
| During your leave of absence | *Stay* in contact with your manager at key points during your leave. It is important for you to participate in two-way conversation(s) with your manager to help:<br>• Clarify when or if you will be able to return to work on the estimated return to work date<br>• Inform your manager of any help or accommodation that may allow you to return to work sooner<br>• Explain what kind of accommodation you will need when you return to work, if any |
| | *Verify* that your health care provider has submitted all the paperwork that our leaves and claims administrator requires to make a decision on the approval of your leave. |
| | *Read* all communications you receive from our leaves and claims administrator. Be sure to review all enclosures to understand your rights and responsibilities. |
| | *Review* your approved-through date. If you are unable to return by the approved-through date:<br>• Contact our claim and leave administrator at 1-877-HRWELLS (1-877-479-3557), to discuss extending your leave, which will require updated information from the health care provider. Refer to the medical certification guidelines under the Medical Leave section of the Employee Handbook for more information<br>• Advise your manager that you have requested an extension. |
| | *Record* accrued unused PTO in the absence application of Workday if your leave of absence is taken intermittently (Medical and Maternity Leaves only). |

| | |
|---|---|
| | *Make* timely payments of your benefit premiums. You will receive a letter from the HR Service Center telling you how to continue your health and welfare benefit coverage and how to make payments while on an unpaid leave. If you have any questions about this process, contact the HR Service Center at 1-877-HRWELLS (1-877-479-3557).<br>*Remember* if you have a court order that requires garnishment of your wages the court may allow for an exemption to the garnishment while you are on short-term disability. You may want to contact the court that issued the order to determine if an exemption is available to you and the next steps to take in order to request the exemption with the court.<br>Please note, this type of exemption, generally, does not apply to child or spousal support orders. |
| | *Contact* your manager if you would like to take a one-time lump-sum payout of accrued, unused PTO during your approved leave of absence (this does not apply to employees on a Paid Parental Leave). |
| **Your return from leave** | *Contact* your manager at least 5 calendar days *before* your return from leave date to confirm you will be returning as planned. |
| | *Obtain* a release to return to work note from your health care provider on or before your return; write your name and employee ID:<br>• fax it to Lincoln Financial Group at 1-866-214-7839 or mail it to:<br>The Lincoln National Life Insurance Company Disability Claims<br>PO Box 49410<br>Charlotte, NC 28277 |
| | *Complete* the following if your health care provider has released you to return from leave with restrictions, including a reduced work schedule:<br>• Contact your manager prior to your return, to advise him or her that you have restrictions so a determination can be made about accommodating them<br>• Contact our leaves and claims administrator, Lincoln Financial Group, at 1-877-HRWELLS (1-877-479-3557), to report your restrictions<br>• Ensure your release to return to work note outlines your restrictions |
| | *Confirm* with your manager that he or she has reported your return to the HR Service Center or through Workday unless you are returning with medical restrictions or on a reduced work schedule. |
| | *Contact* Accommodations Management at 1-877-HRWELLS (1-877-479-3557) if you and/or your manager need assistance exploring accommodations that can be made available to assist you with your return to work efforts. Accommodations Management is a resource available to employees with disabilities or medical restrictions to explore successful solutions and reasonable accommodations to successfully perform their jobs. |
| | *Reapply* for commuter subsidies, which include but are not limited to car allowance, parking allowance, or commuter express programs. |
| | *Reenroll* in your commuter benefit elections (including parking, train, bus, subway, ferry or vanpool) at https://participant.wageworks.com or by calling HealthEquity at 1-877-924-3967, 24 hours a day, 7 days a week, excluding some holidays. |
| | *Remember*, if you currently have an Internal Commercial Card, your account has been systematically deactivated immediately upon the beginning of your leave. After you have returned from leave, the card will be systematically reactivated if you are compliant with all Internal Commercial Card policies and procedures. If the account has been closed by Internal Commercial Card, it will not be reopened. |

## State Paid Leave Benefits

If you work in one of the States listed below you may be **eligible and required** to file a Disability or Paid Family Leave claim with that state. Your Wells Fargo & Company STD, Paid Parental Leave, or Critical Caregiving Leave will be reduced by the amount of the benefit you receive from the state.

This is called an Offset to your paid benefit from Wells Fargo & Company. Example:

| | |
|---|---|
| WF Regular Weekly Pay: | $2,500 |
| State Benefit aka Offset: | $1,000 |
| You will be paid by WF: | $1,500 |

| State | Name of Benefit | Contact | View site for eligibility and how to file claim |
|---|---|---|---|
| CA | CA State Disability Insurance | State | https://edd.ca.gov/en/Disability/SDI_Online |
| CA | CA Paid Family Leave | State | https://edd.ca.gov/en/Disability/SDI_Online |
| CA | San Francisco Paid Parental Leave Ordinance | Lincoln Financial Group | Lincoln Financial Group administers these benefits; speak with your Lincoln Financial Group Case Manager |
| CO | CO Family Leave Insurance | State | https://famli.colorado.gov/ |
| CT | CT Paid Family Medical Leave | State | https://ctpaidleave.org |
| DC | DC Paid Family Leave | City | https://does.pflbas.dc.gov |
| HI | HI Temporary Disability Insurance | Lincoln Financial Group | Lincoln Financial Group administers these benefits; speak with your Lincoln Financial Group Case Manager |
| MA | MA Paid Family Medical Leave | State | https://www.mass.gov/paid-family-and-medical-leave-information-for-massachusetts-employers |
| NJ | NJ Temporary Disability Insurance | Lincoln Financial Group | Lincoln Financial Group has a state approved plan offered by this state. Talk with your Lincoln Financial Group Case Manager |
| NJ | NJ Family Leave Insurance | State | https://nj.gov/labor/myleavebenefits/worker/fli/ |
| NY | NY Disability Benefits Leave | Lincoln Financial Group | Lincoln Financial Group has a state approved plan offered by this state. Talk with your Lincoln Financial Group Case Manager |
| NY | NY Paid Family Leave | Lincoln Financial Group | Lincoln Financial Group has a state approved plan offered by this state. Talk with your Lincoln Financial Group Case Manager |
| OR | OR Paid Family Leave | State | https://paidleave.oregon.gov |
| PR | PR Statutory Disability | Territory | https://www.trabajo.pr.gov/sinot.asp |
| RI | RI Temporary Disability Insurance | State | https://dlt.ri.gov/individuals/temporary-disability-caregiver-insurance |
| RI | RI Temporary Caregiver Insurance | State | https://dlt.ri.gov/individuals/temporary-disability-caregiver-insurance |
| WA | WA Paid Family Medical Leave | State | https://paidleave.wa.gov/ |

Patient: HEINTZMAN, Dustin DOB: Aug 24, 1984

Lincoln Financial Group

**Certification of Health Care Provider**
**For Employee's Serious Health Condition**
**(Family and Medical Leave Act)**

Lincoln Financial Group
Leave Service Department
P.O. Box 49410
Charlotte, NC 28277
Phone: (866) 213-2937
Fax: 866-214-7839

Wells Fargo & Company

Leave ID#: 15907490

Employee Name: DUSTIN HEINTZMAN

Employee Date of Birth: 08/24/1984 Employee Phone: ( 480 ) 457-0939

Leave Request: 06/26/2024 Begin Date: 04/06/2025 End Date: 06/06/2025

Leave Type: a leave of absence Leave Reason: Certified Medical Leave

**INSTRUCTIONS TO EMPLOYEE:** Please complete above and Section I before providing this form to your medical provider. This form will need to be completed and returned to Lincoln Financial Group in order for a decision to be rendered on your leave of absence request. The FMLA permits an employer to require that you submit a medical certification to support a request for FMLA leave. Failure to provide a complete and sufficient medical form in a timely manner may result in a denial.

************SECTION I: TO BE COMPLETED BY EMPLOYEE/PATIENT****************************************

Medical Release: I authorize the release and verification of medical information in order to process this FMLA request.

Signature of Employee: Date:

************SECTION II: TO BE COMPLETED BY A QUALIFIED HEALTH CARE PROVIDER***********************

**INSTRUCTIONS TO THE HEALTH CARE PROVIDER:** Your patient has requested leave under the FMLA. Please answer all questions so a determination for FMLA coverage can be made.

For residents of California, do not disclose the underlying diagnosis unless you have received consent from the patient.

Note: The Genetic Information Nondiscrimination Act of 2008 (GINA) prohibits employers and other entities covered by GINA Title II from requesting or requiring genetic information of an individual or family member of the individual, except as specifically allowed by this law. To comply with this law, we are asking that you not provide any genetic information when responding to this request for medical information. 'Genetic Information' as defined by GINA, includes an individual's family medical history, the results of an individual's or family member's genetic tests, the fact that an individual or an individual's family member sought or received genetic services, and genetic information of a fetus carried by an individual or an individual's family member or an embryo lawfully held by an individual or family member receiving assistive reproductive services.

1. **MEDICAL FACTS/TREATMENT:**
A serious health condition is an illness, injury, impairment, or physical or mental condition that involves inpatient care or continuing treatment by a health care provider.

(1A): Describe the patient's medical facts related to the serious health condition(providers in California should not provide underlying diagnosis without patient's prior approval): Patient is experiencing amplified symptoms of anxiety and depression due to recent life stressors.
Major depressive disorder, recurrent severe without psychotic features - F33.2 Generalized anxiety disorder - F41.1

IF the medical condition is pregnancy, please provide the expected delivery date: __________

(1B) Was the patient seen within seven (7) days of the requested leave begin date? YES ☒ NO ☐
(1C) Was any medication prescribed (over-the-counter medication does not apply)? YES ☒ NO ☐
(1D) Will the patient need to have treatment visits at least twice per year due to the condition? YES ☒ NO ☐
If yes, provide the actual or estimated dates of treatment: 11/25/2024, 01/16/2025, 03/10/2025, follow up 05/06/2025
(1E) Was the patient admitted for an overnight stay in a hospital, hospice, or medical care facility? YES ☐ NO ☒
If yes, please provide: Admission date: ________ Discharge date: ________
(1F) Was the patient referred to another health care provider(s) for evaluation or treatment? YES ☐ NO ☒
If yes, type of provider (e.g. neurologist, cardiologist):
Nature of the treatment:

Patient: HEINTZMAN, Dustin DOB: Aug 24, 1984

Leave ID#: 15907490 (Page 2 of 2)

2. LEAVE TYPE/DURATION/FREQUENCY: Select a leave type and provide all required information.
An answer must be provided for each category:
Leave Type: intermittent, reduced work schedule and/or continuous
Leave Dates: leave begin date and end date
Frequency (if intermittent/reduced work schedule): estimate time the employee may need to miss work as a result of the serious health condition. Be as specific as you can; terms such as "n/a," "unknown," "undetermined," or "as needed" are not acceptable.

Note: For an extension: If you anticipate any gaps in time from the end date shown on page one (1) and begin date provided below.

(2A) X Continuous: Continuous leave is defined as one single period for more than three (3) consecutive, full calendar days, unless hospitalized.
Leave Dates: Leave begin date: 04/06/2025 Leave end date 06/06/2025

AND/OR
(Complete both boxes ONLY if an intermittent or reduced work schedule AND a continuous leave is needed.)

(2B) ☐ Intermittent: Intermittent leave is defined as recurring absences taken at separate periods of time.
Leave Dates: Leave begin date: ______ Leave end date: ______
Frequency: Based on your medical knowledge, experience, and examination of the patient, please estimate a frequency of leave. If unknown, a reasonable range should be provided. Only provide one selection from the options below:

Frequency: ______ times per ______ week(s) OR ______ month(s)

Duration: ______ hours OR ______ day(s) per episode

(2C) ☐ Reduced Work Schedule: It will be medically necessary for the patient to work a reduced work schedule as a result of the medical condition. Provide the following details regarding the hours the patient is able to work.
Leave Dates: Leave begin date: ______ Leave end date: ______

Number of hours patient can work each day: ______
Number of hours patient can work each week: ______

Recommended duration for the reduced work schedule outlined above.

☐ 90 Days ☐ 6 Months ☐ 1 Year ☐ Other (Please indicate): ______

3. ABSENCE FROM WORK: Check ALL that apply. As a result of the stated serious health condition(s) it is medically necessary for the patient to be absent from work:

X Due to incapacity caused by possible episodic flare-ups (of a chronic condition)
☐ To attend follow-up treatment appointments.
Probable number of treatments needed: ______ probable interval of treatments needed: ______
Actual dates of treatment: ______ Time period of recovery from treatment: ______

I certify by signing below that the information provided in this medical certification (2 pages) is accurate to the best of my knowledge.

Signature of Provider: Elias Rulloba, MD Date: 04/02/2025
Print Provider Name: Elias Rulloba Tel: ( 480 ) 630-4794
Medical Credentials (Example: MD, DO, *DC): MD Fax: ( 480 ) 210-0230
*IF the medical credential above is listed as "DC," please confirm if x-rays have been taken for the patient's condition?
YES ☐ NO ☐

Please Fax the completed medical form to Lincoln Financial Group at the number listed at the top of this page and retain a copy of this form and a printed fax confirmation of delivery for your records. If you have any questions, please call Leave Services at the number at the top of this page. If you prefer, this form can be mailed to Leave Services at the address at the top of this page.

Gmail Dustin Heintzman <dheintzman@gmail.com>

# [SEND SECURE]Lincoln Financial Group Leave Correspondence for Leave ID 15907490

**wellsfargo@lfg.com** <wellsfargo@lfg.com> Tue, Apr 8, 2025 at 1:55 PM
To: DHEINTZMAN@gmail.com

This message was sent securely using Zix®

Please see the attached letter concerning your requested Leave of Absence.

If you have any questions, please contact Leave Services utilizing the contact information provided within the letter.

Thank you,
Leave Services

THIS IS AN AUTOMATED EMAIL, PLEASE DO NOT RESPOND.

Notice of Confidentiality: **This E-mail and any of its attachments may contain Lincoln National Corporation proprietary information, which is privileged, confidential, or subject to copyright belonging to the Lincoln National Corporation family of companies. This E-mail is intended solely for the use of the individual or entity to which it is addressed. If you are not the intended recipient of this E-mail, you are hereby notified that any dissemination, distribution, copying, or action taken in relation to the contents of and attachments to this E-mail is strictly prohibited and may be unlawful. If you have received this E-mail in error, please notify the sender immediately and permanently delete the original and any copy of this E-mail and any printout. This email and its attachments may collect your personal information to improve Lincoln products or to provide you with services related to its products. For more information, please see our privacy policy. Thank You.**

This message was secured by **Zix**&#174.

**COM48-15907490-20458772.pdf**
55K

Lincoln Financial Group
Leave Service Department
PO Box 49410
Charlotte, NC 28277

April 7, 2025

DUSTIN HEINTZMAN
43106 N 44TH DR
PHOENIX, AZ 85087-0000

RE: Wells Fargo & Company
Leave Closure
Leave ID#: 15907490

| | |
|---|---|
| ***Why You and Your Manager Are Receiving This Notice*** | Your Certified Medical Leave was closed because our records indicate that you are no longer a Wells Fargo employee.<br><br>**Managers, please be sure to read this letter and refer to the important Manager Information section below for next steps.** |
| ***Questions*** | If you have any questions regarding your employment status, contact the Wells Fargo Employee Relations at 1-877-HRWELLS (1-877-479-3557), option 3. |
| ***Manager Information*** | You are receiving a copy of this letter to update you on the status of your employee's leave.<br><br>***What you need to do:***<br>**Review and complete applicable action items outlined in Managers: Leave of Absence Guide article in HR Services & Support.** You can either use the search function in HR Services & Support or go to HR Services & Support, use the HR Information tab at the top of the page, go to time and absence on the left-hand navigation bar, then go to leave of absence on left-hand navigation bar and locate article entitled Managers: Leave of Absence Guide.<br><br>***What you need to know:***<br>Lincoln Financial Group will continue to provide updates on any status changes throughout your employee's leave.<br><br>Review all communications related to your employee's leave and perform any actions as requested as soon as possible.<br><br>If you have any questions, contact the Lincoln Financial Group representative using the information provided in the signature line below. |

Sincerely,

TRACY R
Office Phone: (866) 213-2937 Ext. 14766
Office Fax: 866-214-7839
Email: wellsfargo@lfg.com

**Exhibit 4**

Voicemail

**Lincoln financial**
phone
April 9, 2025 at 3:11 PM

0:00 -1:37

**Transcription**

"Hi this message for Dustin Heinsman Andrew from Lincoln financial group calling in regards to leave number 1590-7490 I got notification that you had escalated in regards to your lead being closed out due to an employment termination status I can explain the logic behind it on our end so the leave automatically closes out for employment terminated the reason why I was for yours is because every day we receive what's called an eligibility file from Wells Fargo and what that detail details is your eligibility status for any kind of benefits starting for eight your eligibility file came over as deleted saying that you don't have an eligibility file to the system automatically changes your status to terminated at that point normal processes for a terminated employee the eligibility will continue to come over and I will list the status as terminated so what we're doing is we've reached out to Wells Fargo today to their team to confirm your employment status with them once we have additional information from them will be able to provide you with an update but this is based on the eligibility file that was sent over from your employer if you have any additional questions you can reach back out to me 866-213-2937 stitches 19097 I'll follow up once we have confirmation from them on the appropriate status thank you have a good day..."

Was this transcription useful or not useful?

Favorites Recents Contacts Keypad Voicemail

**Exhibit 5**

**Exhibit 6**

# Call Recording

**Call Recording**
Apr 16, 2025 at 10:25 AM
Phone Call · 10m

▶ Play

Preview

Filing civil lawsuit; requested call to Michael's supervisor.