Jacqueline M. Palazzolo (State Bar No. 039977)
T. Chase Samples (Admitted Pro Hac Vice)
**JACKSON LEWIS P.C.**
2111 East Highland Avenue, Suite B-250
Phoenix, AZ 85016
Telephone: (602) 714-7044
Facsimile: (602) 714-7045
Jacqueline.Palazzolo@jacksonlewis.com
Chase.Samples@jacksonlewis.com

*Attorneys for Defendant Lincoln Financial Group*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Dustin Heintzman,<br><br>Plaintiff,<br><br>vs.<br><br>Lincoln Financial Group,<br><br>Defendant. | Case No.: 2:25-cv-01755-SHD<br><br>**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND STRIKE JURY DEMAND** |

Defendant Lincoln Financial Group ("Lincoln" or "Defendant") respectfully submits this brief in Reply to Plaintiff Dustin Heintzman's ("Heintzman" or "Plaintiff") Response in Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint in its entirety pursuant to Rule 12(b)(6) and Rule 12(f) of the Federal Rules of Civil Procedure and to strike Plaintiff's demand for a jury trial. [Dkt. Nos. 11, 12].

## I. INTRODUCTION

As outlined in Defendant's Motion [Dkt. No. 8], Plaintiff's Complaint asserts state law claims that are entirely preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA") and which are therefore subject to dismissal by the Court for failure to state a claim upon which relief may be granted. Moreover, the Complaint includes a demand for a jury trial which is unavailable, as a matter of law, for

claims subject to ERISA.

In his opposition papers [Dkt. Nos. 11, 12], Plaintiff inaccurately characterizes Defendant's "reliance on ERISA" as an attempt to "evade responsibility" while failing to present any credible argument that ERISA does not preempt the state law claims in his Complaint. In addition to the arguments put forth in its moving papers, Defendant asserts the following in further support of its Motion to Dismiss and to Strike Plaintiff's demand for a jury trial.

## II. ARGUMENT

### a. Many of The Cases Plaintiff Relies on Do Not Exist and Plaintiff Should Be Sanctioned and Admonished for False Representations to the Court.

As a preliminary matter, Plaintiff's response brief cites to authorities that do not exist. Evidently, Plaintiff is relying on artificial intelligence (AI) tools to generate his flings with the Court and those tools have made up caselaw (i.e., hallucinated) that simply does not exist. For example, of the six cases cited in Dkt. No. 12, two are fake.[1] A third case, *Medtronic, Inc. v. Lohr*, 518 U.S. 470 (1996) is a real case, but, contrary to Plaintiff's assertion, has nothing to do with ERISA or ERISA preemption. [Dkt. No. 11 at 4].

Plaintiff's use of AI to draft briefs and, in particular, his inclusion of bogus cases,

---

[1] *Sandoval v. Aetna Life Insurance Co.*, 967 F.2d 377 (9th Cir. 1992) is not a real case. There is a case with the same name, but it has a different citation and is from the Tenth Circuit. Contrary to Plaintiff's assertion, it does not hold that fraud and bad faith denial of benefits claims are outside of ERISA preemption. Likewise, *Baldwin v. Blue Cross/Blue Shield of Alabama*, 480 F.3d 1027 (9th Cir. 2007) is not a real case. There is a case with the same name and a different citation in the Eleventh Circuit, but it does not address ERISA preemption or otherwise support Plaintiff's position.

has resulted in misrepresentations to the Court. It has also wasted Defendant's time and resources and judicial resources to review and respond to fake authorities. No doubt, it has taken Defendant far more time to review and identify the sham cases than it took Plaintiff to create them.

"Although courts 'make some allowances for the *pro se* Plaintiff's failure to cite to proper legal authority,' courts do not make allowances for a [party] who cites to fake, nonexistent, misleading authorities." *Transamerica Life Ins. Co. v. Williams, 2024 U.S. Dist. LEXIS 160358*, at * n.3 (D. Ariz. Sep. 6, 2024), *citing Morgan v. Cmty. Against Violence*, 2023 U.S. Dist. LEXIS 190181, 2023 WL 6976510, at *7 (D.N.M. Oct. 23, 2023) (*quoting James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013)). Moreover, Plaintiff's pro se status is not a permissible excuse for this inappropriate use of AI. *Ruggierlo, Velardo, Burke, Reizen & Fox, P.C. v. Lancaster*, 2023 U.S. Dist. LEXIS 160755, 2023 WL 5846798, n.5 (E.D. Mich., Sept. 11, 2023) (warning a *pro se* defendant that using generative artificial intelligence to create fake citations may result in court-imposed sanctions and is a waste court and party resources); *Anonymous v. N.Y.C. Dep't of Educ.*, 2024 U.S. Dist. LEXIS 127114, 2024 WL 3460049, at *7 (S.D.N.Y. July 18, 2024) (warning a *pro se* plaintiff that citations generated by artificial intelligence are unreliable, and that citation to nonexistent legal authority is unacceptable). The Ninth Circuit has stricken entire briefs containing fictitious cases. *Grant v. City of Long Beach*, 96 F.4th 1255, 1256-57 (9th Cir. 2024). Notably, the Court is not required to determine that the fictitious cases were due to AI-hallucinations to strike the brief. *Id.* Rather, the presence of numerous fictitious cases is enough to take this action. *Id.* If the at-fault party fails to adequately acknowledge and correct their errors after notice from the court, district courts in this circuit have issued monetary sanctions to deter future misconduct. *See United States v. Hayes*, 763 F. Supp. 3d. 1054 (E.D. Cal Jan. 17, 2025) (holding citations to nonexistent case law or misrepresenting the holdings of a case is equivalent to making a false statement to the court.). Other district courts have dismissed complaints

entirely if the court determines it is the best method to sufficiently deter further wrongdoing. Accordingly, Defendant respectfully requests that the Court sanction Plaintiff by striking his filings and/or awarding Defendant its costs for the time and expense of having to review and respond to his misrepresentations. Defendant further requests this Court admonish Plaintiff that the citation to non-existent caselaw is unacceptable, and advise him that his continued use of fraudulent citations will result in future sanctions up to and including dismissal of this lawsuit.

**b. The "Real" Cases Plaintiff Cites Support Defendant's Position that Plaintiff's Claims are Preempted by ERISA and Should be Dismissed.**

Plaintiff cites *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41 (1987), one of the seminal ERISA preemption cases, for the proposition that "ERISA preemption does not extend to state law claims that do not relate directly to plan administration or govern insurance transactions." [Dkt. No. 11, pg. 3]. *Pilot Life* affirmed that ERISA preempts state common law tort and contract claims asserting that an insurer improperly processed a claim for disability benefits to "relate to" an employee benefit plan, thus, were preempted by ERISA. *Pilot Life*, 481 U.S. at 41. The Court also recognized that common law causes of action (like the fraud and bad faith claims Plaintiff makes reference to here) are not "saved" from preemption under ERISA's savings clause because they do not regulate insurance.

Plaintiff cites another leading Supreme Court case on ERISA preemption, *Aetna Health Inc. v. Davila*, 542 U.S. 200, 217 (2004), but that case also supports dismissal of Plaintiff's claims. In *Davila*, the Court recognized that "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Id.* at 209. Plaintiff cites this case for the proposition that "fraud in the inducement" claims may not be preempted. [Dkt. No. 11, pg. 3]. Importantly, fraud is

not one of the state law causes of action in *Davila.* Irrespective of the specific state law claim, the *Davila* court explained allowing ERISA-plan participants and beneficiaries to obtain remedies under state law that Congress rejected in ERISA would completely undermine the deliberate policy choices reflected in under ERISA's federal scheme. *Davila* at 200. Plaintiff's passing argument on this point is unpersuasive and, despite his reliance on it, the *Davila* court directly contradicts Plaintiff's assertion that state law claims cannot be preempted by ERISA simply because they could be brought independently in different circumstances.

Finally, Plaintiff's reliance on *UNUM Life Insurance Co. v. Ward* is similarly misplaced. 526 U.S. 358, 373 (1999). Confusingly, Plaintiff admits "ERISA broadly preempts state laws that 'relate to' employee benefits plans" while simultaneously arguing his fraud and misrepresentation claims *arising from his employee benefit plan* survive preemption. [Dkt. No. 11, Pg. 3]. To be sure, the *UNUM Life Insurance* court's focus was insurance regulation and not fraud or misrepresentation claims against insurers. *UNUM Life Insurance Co.,* at 373. Accordingly, given that the "real" cases cited by Plaintiff support Defendant's position for dismissal, Plaintiff's Complaint must be dismissed.

**c. Even if Plaintiff's Complaint Is Construed as Asserting a Fraud Claim, Such Claim Would Still Be Preempted by ERISA.**

Plaintiff alleges in his Response that "this case is fundamentally a fraud lawsuit." [Dkt. No. 12 at 1.] As a preliminary matter, Plaintiff has not alleged a fraud claim in the Complaint. Second, even if he had, the alleged fraud arises from the administrative review process of his STD claim. Specifically, Plaintiff's only interaction with Defendant was through the submission of his STD claim. He evidently takes issue with how Defendant handled the claim and disagrees with the denial of his claim. Whether he calls it "fraud", "bad faith," or a "breach of contract" it is still a claim that is related to the administration of the Plan, and as such, it is preempted by ERISA. *See, e.g., Aetna Health Inc. v. Davila*,

542 U.S. 200, 209 (2004) ("any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted."); *Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1034 (9th Cir. 2000) (dismissing counterclaims for breach of contract, tortious breach of the covenant of good faith and fair dealing, and fraud as preempted by ERISA); *see also Olson v. Gen. Dynamics Corp.*, 960 F.2d 1418, 1420 (9th Cir. 1991) ("The court finds that plaintiff's fraud claim is preempted by ERISA. A state claim, in this case a claim of fraud, is preempted if it relates to the employee benefit plan."); *Pizza v. Fin. Indus. Regulatory Auth.*, 2013 U.S. Dist. LEXIS 64521, at *10-11 (N.D. Cal. May 6, 2013) (dismissing fraud claim as preempted by ERISA where it relates to an ERISA plan). Plaintiff does not, and cannot, distinguish his Complaint from the established case law cited above. Accordingly, recognizing Plaintiff failed to make an argument supporting the contrary, any and all state law claims asserted by the Complaint should be dismissed, with prejudice, as a matter of law.

**d. The ERISA Savings Clause Does Not Apply to Plaintiff's Claims.**

Plaintiff erroneously contends that ERISA's savings clause preserves his fraud and bad faith claims.[2] State law claims of general application, such as fraud and bad faith, are not saved from preemption by ERISA's "savings clause." The savings clause, codified at 29 U.S.C. § 1144(b)(2)(A), states that nothing in ERISA shall be construed to exempt or relieve any person from any law of any state that regulates insurance, banking, or securities. However, state laws of general application, such as those asserted in the Complaint, do not fall within the savings clause even if raised in the context of an insurance policy. *Pilot Life Ins. Co.*, 481 U.S. at 50. In any event, even if a state law cause of action falls within the savings clause for purposes of conflict preemption pursuant to 29 U.S.C. § 1144(a), it will still be preempted where, as in the instant action, it is being used to provide an alternative

[2] Again, Plaintiff has not asserted a fraud claim in the Complaint. [Dkt. 1-1.]

means for obtaining benefits allegedly due under an ERISA-governed benefits plan. *Aetna Health Inc. v. Davila*, 542 U.S. at 217-18 ("even a state law that can arguably be characterized as 'regulating insurance' will be pre-empted if it provides a separate vehicle to assert a claim for benefits outside of, or in addition to, ERISA's remedial scheme"). Thus, Plaintiff's sole claim and potential remedy, if any, is pursuant to a civil action for benefits due under 29 U.S.C. § 1132(a)(1)(B) of ERISA. Accordingly, each of Plaintiff's state law causes of action should be dismissed, with prejudice, as a matter of law.

**e. Plaintiff's Threats Against Defendant and to Utilize Extra-Judicial Remedies Should Not Be Countenanced By the Court.**

Despite clear notice of removal to Federal Court, Plaintiff continues to file papers in state court and improperly attach those filings as exhibits to his Federal Court filings. Defendant's filing of the notice of removal and subsequent notice to the state court of removal divested the state court of jurisdiction over this action. *See* 28 U.S.C. § 1446(d) (noting the upon the filing of the notice of removal "the State court shall proceed no further unless and until the case is remanded."); *Moxley v. Orozco*, No. CV-20-01964-PHX-SPL, 2021 U.S. Dist. LEXIS 17121, at *7 (D. Ariz. Jan. 29, 2021) ("the filing of a notice of removal in the state court terminates the state courts jurisdiction over the matter." (internal citations and quotations omitted); *Gastelum v. Am. Family Mut. Ins. Co.*, 2014 U.S. Dist. LEXIS 177171, at *2 (D. Nev. Dec. 23, 2014) ("It is well established that, '[R]emoval divests the state court of jurisdiction.'") (*quoting Karl v. Quality Loan Serv. Corp.*, 759 F. Supp. 2d 1240, 1245 (D. Nev. 2010)). By continuing to file papers in state court, Plaintiff is attempting to circumvent removal. Defendant will not address those filings here except to note those pleadings continue to establish that this case, at its core, arises from the denial of his claim for short-term disability benefits under and employee welfare plan that is subject to ERISA and, therefore, is appropriately within this Court's jurisdiction.

Finally, Plaintiff issued a "Formal Notice to Defendant Lincoln Financial Group and Its Counsel" in his opposition papers to threaten and intimidate Defendant. [Dkt. No.

11 at 5.] There is no excuse for Plaintiff's inappropriate threats given Defendant's continued transparency, reliance on real and controlling authorities to support its position, and willingness to communicate with Plaintiff. Defendant respectfully requests this Court admonish Plaintiff that continued abusive conduct is unacceptable, and to advise him that future threats can result in sanctions up to and including dismissal of his lawsuit.

## III. CONCLUSION

For the foregoing reasons and those set forth in Defendant's Motion, the Court should dismiss Plaintiff's state law claims and strike Plaintiff's demand for a jury trial.

DATED this 9th day of June, 2025.

JACKSON LEWIS P.C.
By: *<u>/s/ Jacqueline Palazzolo</u>*
Jacqueline Palazzolo
T. Chase Samples
Attorneys for Defendant Lincoln Financial

**CERTIFICATE OF SERVICE**

I hereby certify that on June 9, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and sent a copy by email and U.S. Mail to the plaintiff at the following address:

Dustin Heintzman
43106 N. 44th Drive
Phoenix, AZ 85087
Phone: (480) 457-0939
Dheintzman@gmail.com
Plaintiff, Pro Se

By: */s/ Susan Stimson*

4906-2606-2924, v. 1