Jacqueline M. Palazzolo (State Bar No. 039977)
T. Chase Samples (Admitted Pro Hac Vice)
**JACKSON LEWIS P.C.**
2111 East Highland Avenue, Suite B-250
Phoenix, AZ 85016
Telephone: (602) 714-7044
Facsimile: (602) 714-7045
Jacqueline.Palazzolo@jacksonlewis.com
*Attorneys for Defendant Lincoln Financial Group*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Dustin Heintzman,<br><br>Plaintiff,<br><br>vs.<br><br>LINCOLN FINANCIAL GROUP,<br><br>Defendant. | Case No.: 2:25-cv-01755-SHD<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS** |

Defendant Lincoln Financial Group ("Lincoln" or "Defendant") respectfully submits this brief in opposition to Plaintiff Dustin Heintzman's ("Heintzman" or "Plaintiff") Motion to Dismiss for Lack Subject Matter Jurisdiction (which is effectively a motion to remand this case to Maricopa County Superior Court [Dkt. 6]) and in response to his objection to Defendant's removal of this matter. [Dkt. 7].

## I. INTRODUCTION

As outlined in Defendant's Notice of Removal, this matter was properly removed pursuant to 28 U.S.C. § 1446 and LRCIV 3.6 under both 28 U.S.C. § 1331 Federal Question and 28 U.S.C. § 1332 Diversity Jurisdiction on May 22, 2025. [Dkt. 1 & 5]. Plaintiff takes issue with removal based on ERISA preemption, arguing that his claims belong in state court. His arguments fail for the reasons detailed below.

First, Plaintiff does not challenge diversity jurisdiction in this action. The District Court has subject matter jurisdiction because there is complete diversity of citizenship between the Parties and the amount in controversy exceeds $75,000. Specifically, Plaintiff is a citizen of Arizona and Lincoln is an Indiana Corporation with its principal place of business in Pennsylvania. Moreover, as alleged in the Complaint, Plaintiff seeks damages of $100,000,000 satisfying the required elements of Diversity Jurisdiction. 28 U.S.C. § 1332. On this basis alone, his Motion should be denied.

Second, the Court has federal question jurisdiction because the state law claims alleged in the Complaint all arise from the denial of Plaintiff's claim for short-term disability ("STD") benefits under the Wells Fargo & Company Short Term Disability Plan ("the Plan"), which is an ERISA governed employee welfare benefit plan. Plaintiff's contention that his claim of fraud falls outside of ERISA's complete preemption has no merit.

Because this case was properly removed to this Court and because there is no requirement that counsel consult with Plaintiff before removal, there is no basis for imposing sanctions against Defendant.

On the other hand, Plaintiff is evidently using artificial intelligence to draft his court filings. **He cites to and relies on cases that do not exist**. As a result, the Court should admonish Plaintiff for his conduct to date in this litigation and advise him that future use of AI that produces fake case citations will result in sanctions up to and including dismissal of this lawsuit.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges generally that Defendant wrongfully denied his claim for short term disability benefits. (ECF No. 1-1, Ex. D.) Plaintiff was employed by Wells Fargo and participated in the Wells Fargo & Company Short Term Disability Plan, which Plaintiff alleges was insured by Defendant. (*Id.* ¶ 7.)[1] Plaintiff alleges that on May 4,

[1] In reality, the STD Plan is self-insured and Lincoln serves as the claims administrator. In the Ninth Circuit, only the plan or the named plan administrator is a proper party defendant

2024, he took a leave of absence due to an allegedly disabling medical condition. (*Id.* ¶ 9.) He alleges that he promptly submitted a claim for STD benefits, including submission of medical records. (*Id.* ¶ 10.) He further alleges that Lincoln improperly handled his claim for benefits and delayed in responding to his claim. (*Id.* ¶¶ 12-15.) Plaintiff contends that his "claim was unjustly and summarily denied" that the "denial letter issued by Defendant included offensive and patently unlawful criteria" and that "he was compelled to seek legal counsel to challenge Defendant's wrongful denial" of his STD claim. (*Id.* ¶¶ 22-24.) He alleges that "Defendant's conduct constitutes a breach of the insurance contract by failing to pay Plaintiff benefits in accordance with the Policy terms. . ." (*Id.* ¶ 25.) Plaintiff, who is unrepresented, brought this lawsuit seeking $100 million "as a necessary deterrent against Defendant's systemic abuse and violation of insured rights." (*Id.* ¶ 4.)

The Complaint asserts four causes of action: (1) breach of contract; (2) bad faith insurance practices; (3) violation of Arizona Insurance Code; and (4) intentional infliction of emotional distress. Plaintiff contends Defendant breached an insurance contract and otherwise engaged in bad faith insurance practices by failing to pay his claim for STD benefits. (*Id.* at ¶¶ 29-38.) He contends that Lincoln's conduct in denying his claim caused him significant emotional distress. (*Id.* at ¶¶ 42-46.)

Plaintiff filed his Complaint in the Superior Court of Arizona, Maricopa County on April 23, 2025. On May 22, 2025, Defendant timely removed Plaintiff's lawsuit to this Court, citing federal question jurisdiction based on ERISA's "complete preemption" exception to the well-pleaded complaint rule and Diversity jurisdiction. [Dkt. 1]. Defendant attached all pleadings filed in state court to its Notice of Removal, including Plaintiff's Complaint and its various attachments. [Dkt. 1-1]. Defendant also promptly

---

on a Section 502(a)(1)(B) action. *See e.g. Ford v. MCI Communications Corp. Health & Welfare Plan*, 399 F.3d 1076, 1081 (9th Cir. 2005). Accordingly, Lincoln is not a proper party Defendant. Should Plaintiff elect to file an Amended Complaint under ERISA, the only proper Defendant is the Wells Fargo & Company Short Term Disability Plan.

sent Plaintiff all State and District Court filings related to the removal. Plaintiff now moves to remand, arguing that Defendant's removal was procedurally defective and that this Court lacks jurisdiction. Plaintiff is wrong on both points.

## III. ARGUMENT

### a. This Court has Federal Question Jurisdiction over Plaintiff's Claims Because They Are Completely Preempted by ERISA.

Plaintiff argues this Court lacks subject matter jurisdiction over the state law claims in his Complaint. However, as noted in Defendant's Notice of Removal, every cause of action in Plaintiff's Complaint is based upon Lincoln's decision denying Plaintiff's claim for Short-Term Disability benefits under the Wells Fargo & Company Short-Term Disability Plan, for which Lincoln served as claims administrator. (*See* Complaint at ¶¶ 1, 10, 22-46).

Determining whether a civil action arises under federal law generally turns on the "well-pleaded complaint rule." *See Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 9-10 (1983). That is, whether a case is one arising under federal law is usually determined from "what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." *See id.* at 10 (citing *Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914)).

There exists, however, a key exception to the well-pleaded complaint rule: the complete preemption doctrine. Under this doctrine, "[i]f Congress has so completely preempted a particular area," a complaint raising a claim in that area is "necessarily federal in character" and may be removed to federal court, regardless of whether a federal question appears on the face of the complaint. *See Liming v. Checkfree Servs. Corp.*, 2005 U.S. Dist. LEXIS 39155, at *5 (D. Ariz. Dec. 16, 2005) (denying motion to remand) (citations omitted); *see also Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987).

It is well-established that the complete preemption doctrine applies to state law claims falling within the purview of ERISA § 502(a), 29 U.S.C. § 1132(a), the statute's civil enforcement provision. *See Liming*, 2005 U.S. Dist. LEXIS 39155, at *5 ("The Supreme Court has determined that Congress intended the complete preemption doctrine to apply to state law claims that fit within the scope of ERISA's civil enforcement provisions.") (citations omitted). Among other things, Section 502(a) allows certain enumerated parties the right to file civil actions to recover benefits due under ERISA-governed plans, or to bring claims for equitable relief against ERISA fiduciaries. *See* 29 U.S.C. §§ 1132(a)(1)(B) and (a)(3). If a state law claim is one seeking relief available under § 1132(a), complete preemption applies and the action is removable to federal court. *See Liming*, 2005 U.S. Dist. LEXIS 39155, at *6 (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004)).

Through ERISA, Congress intended to streamline employee benefits administration by bringing it within one exclusive, federal statutory regime providing for specific remedies, rather than leave the field to local regulation through a patchwork of potentially conflicting state laws. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 64-67 (1987); *see also Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987). In other words, Congress intended the remedies in ERISA § 502(a) to be exclusive. *See Pilot Life*, 481 U.S. at 54; *see also Elliot v. Fortis Benefits Ins. Co.*, 337 F.3d 1138, 1147 (9th Cir. 2003) (holding that an action "which seeks non-ERISA damages for what are essentially claim processing causes of action clearly falls under the § 1132 preemption exemplified by *Pilot Life*.").

Whether ERISA § 502(a) completely preempts a state law claim involves the application of a two-pronged test prescribed by the Supreme Court in *Aetna Health Inc. v. Davila*, *supra*, which the Ninth Circuit adopted in *Fossen v. Blue Cross & Blue Shield of Mont.*, 660 F.3d 1102 (9th Cir. 2011) (citations omitted).

Prong 1 requires the Court to determine whether the claim in question is one which the plaintiff could have, at some point in time, brought under ERISA § 502(a). *See Davila*,

542 U.S. at 210; *Fossen*, 660 F.3d at 1108. Prong 2 requires the Court to determine whether any independent legal duty supports the plaintiff's claims. *Davila*, 542 U.S. at 210; *Fossen*, 660 F.3d at 1108. In sum, a state law cause of action is completely preempted if "(1) an individual, at some point in time, could have brought the claim under ERISA § 502(a)(1)(B), and (2) where there is no other independent legal duty that is implicated by a defendant's actions." *Fossen*, 660 F.3d at 1107-08 (citations omitted). As explained in the Notice of Removal, both prongs are satisfied here because all four of the claims asserted in the Complaint (breach of contract, bad faith insurance practices, violation of Arizona Insurance Code, and intentional infliction of emotional distress) arise from the denial of Plaintiff's claim for STD benefits and could have been brought under ERISA Section 502(a)(1)(B).

In his Motion and his Response, Plaintiff argues that his state law fraud claims are not subject to ERISA because they are unrelated to any employee benefit plan. [Dkt. 6 pg. 5-6.' Dkt. No. 7 pg. 2.] This argument fails for at least two reasons. First, Plaintiff has not alleged a fraud claim in the Complaint. Second, even if he had, the alleged fraud arises from the administrative review process of his STD claim. Specifically, Plaintiff's only interaction with Defendant was through the submission of his STD claim. He evidently takes issue with how Defendant handled the claim and disagrees with the denial of his claim. Whether he calls it "fraud" or "bad faith" or a "breach of contract" it is still a claim that is related to the administration of the Plan, and as such, it is preempted by ERISA.[2] *See, e.g., Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004) ("any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted."); *Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1034 (9th Cir. 2000)

---

[2] Even if Plaintiff somehow alleged a fraud claim that fell outside of ERISA, the Court would still have subject matter jurisdiction over such claim through diversity jurisdiction.

(dismissing counterclaims for breach of contract, tortious breach of the covenant of good faith and fair dealing, and fraud as preempted by ERISA).

**b. This Court Also Has Diversity Jurisdiction.**

As stated above and in Defendant's removal papers, this Court also has Diversity Jurisdiction over this matter. It is undisputed that there is complete diversity of citizenship between the Parties and the amount in controversy exceeds $75,000. On this basis alone, Plaintiff's Motion to Dismiss could be denied.

**c. Defendant's Removal Was Not Procedurally Defective.**

The Court may dispose of Plaintiff's procedural objections for improper removal and conduct in short order, particularly his call for sanctions because Defendant did not "discuss the removal with Plaintiff" ahead of filing. [Dkt. 6, pgs. 3, 4, 6, and 7; Dkt. 7, pg. 2]. 28 U.S.C. § 1446 outlines the procedure for removal of civil actions and does not mandate such meetings. Indeed, 28 U.S.C. § 1446(d) only requires defendants to promptly give written notice to adverse parties *after* filing, which Defendant did. There is no authority supporting Plaintiff's contention to the contrary.

**d. Plaintiff Should be Admonished for Citing to And Relying on Authorities That Do Not Exist.**

Finally, Plaintiff's papers are replete with citations to nonexistent caselaw and legal authorities that do not correspond to his arguments, indicating Plaintiff is likely using artificial intelligence (AI) to draft his briefs. This practice is impermissible when fictitious legal authorities are cited. *Transamerica Life Ins. Co. v. Williams*, 2024 U.S. Dist. LEXIS 160358, 2024 WL 4108005 at *3 n.3 (D. Ariz. Sep. 6, 2024). Here, in Plaintiff's Motion to Dismiss alone, he cites two nonexistent cases, and three cases completely unrelated to his argument.[3] [Dkt. 6]. Similarly, in Plaintiff's Response in Objection to Defendant's

---

[3] *Jelly v. Ohio Nat'l Life Ins. Co.*, 483 F.3d 446, 453 (6th Cir. 2007) and *Pilkington v. Ben Franklin Federal Sav. And Loan Ass'n*, 865 F.2d 108, 112 (9th Cir. 1988) do not exist and are likely AI hallucinations.

Removal, he cites to an additional three nonexistent cases, and even more cases unrelated to his arguments.[4] [Dkt. 7]. "Although courts 'make some allowances for the *pro se* Plaintiff's failure to cite to proper legal authority,' courts do not make allowances for a [party] who cites to fake, nonexistent, misleading authorities." *Id.*, *citing Morgan v. Cmty. Against Violence*, 2023 U.S. Dist. LEXIS 190181, 2023 WL 6976510, at *7 (D.N.M. Oct. 23, 2023) (quoting *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013)). Moreover, Plaintiff's pro se status is not a permissible excuse for this inappropriate use of AI. *Ruggierlo, Velardo, Burke, Reizen & Fox, P.C. v. Lancaster*, 2023 U.S. Dist. LEXIS 160755, 2023 WL 5846798, n.5 (E.D. Mich., Sept. 11, 2023) (warning a *pro se* defendant that using generative artificial intelligence to create fake citations may result in court-imposed sanctions and is a waste court and party resources); *Anonymous v. N.Y.C. Dep't of Educ.*, 2024 U.S. Dist. LEXIS 127114, 2024 WL 3460049, at *7 (S.D.N.Y. July 18, 2024) (warning a *pro se* plaintiff that citations generated by artificial intelligence are unreliable, and that citation to nonexistent legal authority is unacceptable). Accordingly, Defendant respectfully requests this Court admonish Plaintiff that the citation to non-existent caselaw is unacceptable, and to advise him that his continued use of fraudulent citations will result in sanctions up to and including dismissal of his lawsuit.

## IV. CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Motion to Dismiss for lack of subject matter jurisdiction.

DATED this 11th day of June, 2025.

---

[4] *State Farm Mut. Auto. Ins. Co. v. Maberry*, 21 Ariz.App. 551, 522 P.2d 626 (1974), *Arizona Dept. of Insurance v. Allstate Ins. Co.*, 153 Ariz. 508, 738 P.2d 890 (App. 1987), and *In re Estate of Sanchez*, 188 Ariz. 148, 933 P.2d 106 (App. 1996) do not exist.

JACKSON LEWIS P.C.

By: */s/ Jacqueline Palazzolo*

Jacqueline Palazzolo
T. Chase Samples
Attorneys for Defendant Lincoln Financial.

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and sent a copy by email to the plaintiff at the following address:

Dustin Heintzman
43106 N. 44th Drive
Phoenix, AZ 85087
Phone: (480) 457-0939
Dheintzman@gmail.com
Plaintiff, Pro Se

By: */s/ T. Chase Samples*

4900-1682-5419, v. 1