Dustin Heintzman
43106 N 44th Dr
Phoenix, AZ 85087
480-457-0939
Dheintzman@gmail.com

Dustin Heintzman, IN PRO PER

FILED ___ LODGED
___ RECEIVED ___ COPY
JUN 1 8 2025
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY________________ DEPUTY

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

Dustin Heintzman

Plaintiff(s),

vs.

Lincoln Financial Group

Defendant(s).

Case No.: 2:25-CV-01755-SHD

**(AMENDED COMPLAINT AN ADDITIONAL CHARGES)**

**Plaintiff's Introduction and Jurisdictional Statement**

**Plaintiff, Dustin Heintzman ("Plaintiff"), appearing pro se, hereby files this Amended Complaint against Defendant, Lincoln Financial Group ("Defendant" or "Lincoln Financial"), and alleges as follows:**

1. This is an action incorporating both federal and state claims arising under the laws of the United States and the State of Arizona, including but not limited to claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), as well as newly added criminal allegations tightly linked to conduct affecting interstate commerce.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction, including ERISA claims), 28 U.S.C. § 1343 (civil rights and federal statutes), and supplemental jurisdiction under 28 U.S.C. § 1367 for related state claims.
3. Venue properly lies within this District pursuant to 28 U.S.C. § 1391(b) because the Defendant conducts substantial business within the District of Arizona, and a substantial part of the events and omissions giving rise to these claims occurred within this jurisdiction.
4. Plaintiff additionally asserts that Defendant's actions implicate criminal and regulatory statutes concerning misrepresentations and unlawful business practices affecting interstate commerce, thereby inviting both civil remedies and referral for criminal prosecution.

   1. Plaintiff specifically alleges misconduct by Defendant's agents Tracy Ray and Andrew W, who failed to properly address Plaintiff's voicemails left for Tracy Ray. Upon confrontation, Tracy Ray denied receiving two voicemails, despite Plaintiff's offer to play recorded evidence proving their existence. Tracy Ray's false denial is material, relevant to this case, and indicative of intentional misrepresentation.
   2. The acts of Tracy R and Andrew W in not responding to or acknowledging Plaintiff's communications constitute deceptive and fraudulent conduct under applicable Arizona Revised Statutes, including but not limited to ARS §20-466.01 (Insurance Fraud) and ARS §20-463 (Fraudulent Insurance Acts), as well as relevant federal statutes such as 18 U.S.C. § 1033 concerning crimes affecting persons engaged in the business of insurance whose activities affect interstate commerce.
   3. Plaintiff reserves the right to address the applicability and interpretation of these statutes further in oral arguments and at trial, supported by the audio evidence demonstrating the falsity of Defendant's agents' claims.
   4. Additionally, Plaintiff alleges document tampering and forgery on two separate occasions by Tracy Ray, involving submission of altered insurance documents that materially differ from Plaintiff's medical documentation. These actions were willful and predatory, not mere errors or negligence.
   5. Plaintiff took proper steps to escalate these concerns to senior leadership within Lincoln Financial Group, who declined to engage in resolving the matter, further evidencing bad faith conduct.
   6. Such document tampering and forgery violate federal criminal statutes, including 18 U.S.C. § 1033, as well as Arizona Revised Statutes § 13-2002 relating to forgery and ARS § 20-463 addressing fraudulent statements in insurance matters.

7. Plaintiff has recorded communications evidencing these issues, including emails sent by other agents to Tracy Ray, Andrew W, and their supervisors, which further confirm the serious nature of Plaintiff's claims and Defendant's continuing misconduct.
8. Plaintiff also alleges wrongful termination of employment notification falsely communicated in conjunction with the closure of Plaintiff's claim, constituting additional deceptive practice warranting further legal scrutiny.

1. Additionally, Plaintiff alleges misconduct by a customer service claims agent and their supervisor, who lied and disseminated misinformation to Plaintiff's employer regarding certified medical leave dates. The customer service claims agent also falsely insinuated to Plaintiff that Plaintiff had been let go and that the claim had been closed because Plaintiff no longer works for Wells Fargo — which is utterly false, predatory, and criminal. Plaintiff never received the promised follow-up from the supervisor and was never contacted by the senior leadership despite repeated requests. Plaintiff possesses call recordings and documents evidencing this dissemination of incorrect information.
2. Plaintiff seeks to bring claims for violations including but not limited to: federal crimes under 18 U.S.C. § 1033 (insurance fraud affecting interstate commerce), mail and wire fraud under 18 U.S.C. §§ 1341 and 1343, as well as Arizona state criminal charges for insurance fraud (ARS § 20-466.01) and fraudulent schemes and artifices (ARS § 13-2310). Civil causes of action may include insurance bad faith, negligent misrepresentation, intentional infliction of emotional distress, defamation, and privacy violations potentially implicating HIPAA protections.
3. Plaintiff reserves the right to amend this complaint to include additional claims and charges based on ongoing investigation and legal advice regarding applicable Arizona Revised Statutes and federal charge codes.

1. Additionally, Plaintiff respectfully requests that this Court award punitive damages and emotional distress damages to Plaintiff for Defendant's willful, malicious, and fraudulent conduct, as well as an award of $100 million in damages as sought in Plaintiff's original filing in the Maricopa County State Court of Arizona.
2. Plaintiff further requests that this Court issue an order requiring Defendant, Lincoln Financial Group, to issue a formal public notice regarding the misconduct and unlawful acts alleged herein. This public notice shall inform and warn other potential victims of similar unethical and illegal actions by Defendant and its agents and provide information on pathways for relief and legal recourse against Defendant and responsible agents.

3. This public notice requirement is necessary to protect the public interest, prevent further harm, and promote prosecution of violations of both federal and state law arising from Defendant's conduct, including but not limited to enforcement by appropriate federal and state authorities within Arizona and beyond.

**Parties**

1. Plaintiff Dustin Heintzman is an individual and resident of the State of Arizona, proceeding pro se in this matter, who has been directly and adversely affected by the Defendant's unlawful business practices and wrongful acts.
2. Defendant Lincoln Financial Group is a corporation engaged in the business of financial services, including providing employee benefits plans, insurance products, and retirement solutions. Defendant operates nationwide, including extensive business activities in Arizona, and by virtue of such activities, is deemed a citizen of Arizona for jurisdictional purposes.

**Background and Factual Allegations**

1. Plaintiff worked with Defendant concerning various financial and benefits plans governed by ERISA.
2. Defendant, through its agents and employees, has engaged in deceptive, misleading, and unlawful business practices that have caused harm to Plaintiff and others similarly situated.
3. Among these practices, Defendant has misrepresented the terms and conditions of employee benefit plans, failed to comply with fiduciary duties imposed under ERISA, and engaged in unlawful conduct which directly impacts the flow of commerce between states, invoking the federal "interstate commerce" nexus.
4. Plaintiff is informed and believes, and on that basis alleges, that Defendant's conduct involves fraudulent schemes, misstatements in plan administration, deliberate disregard for the requirements of federal and state laws, and intentional acts including falsifying evidence and documents, obstructing Plaintiff's communications, and refusing to correct known errors.
5. Plaintiff has undertaken and will continue to undertake comprehensive media and public campaigns to hold Defendant accountable and to ensure widespread awareness of Defendant's misconduct.

## CLAIMS FOR RELIEF

### Count I — Insurance Fraud and Misrepresentation by Defendant's Agents under Arizona and Federal Law

1. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.
2. Defendant's agents, specifically Tracy Ray and Andrew W, intentionally denied receipt of Plaintiff's voicemails, a fact demonstrably false as proven by the audio recordings Plaintiff will submit to the Court.
3. Such denial constitutes material misrepresentation and fraudulent conduct relevant to Arizona insurance fraud statutes, including ARS §20-466.01 and ARS §20-463, as well as federal laws under 18 U.S.C. § 1033 pertaining to fraudulent activities affecting interstate commerce.
4. Plaintiff's evidence will demonstrate that Defendant's agents acted in bad faith and with intent to deceive, thereby compromising the integrity of the claim process and causing Plaintiff financial and emotional harm.
5. Plaintiff demands that the Court take judicial notice of these violations and refer the agents and Defendant for appropriate criminal and regulatory review.

### Count II — Forgery and Insurance Document Tampering in Violation of Arizona and Federal Law

1. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.
2. On two separate occasions, Defendant's agent Tracy Ray knowingly altered and submitted insurance documents materially inconsistent with Plaintiff's original medical records.
3. Such acts constitute forgery under ARS § 13-2002 and violations of ARS § 20-463 related to fraudulent insurance acts.
4. Under federal law, these actions amount to crimes against persons engaged in the insurance business affecting interstate commerce pursuant to 18 U.S.C. § 1033.
5. The intentional falsification and submission of altered documents constitute willful misconduct, fraud, and predatory behavior warranting criminal prosecution.
6. Plaintiff properly notified senior leadership within Defendant's organization of these breaches, but no remediation occurred, further confirming Defendant's bad faith and unlawful conduct.

**Count III — Additional Federal and State Legal Violations Including Obstruction, Misinformation to Employer, and Consumer Protection**

1. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.
2. Defendant's conduct also implicates additional federal statutes, including but not limited to mail and wire fraud (18 U.S.C. §§ 1341, 1343), and the possession and use of false papers to defraud the United States.
3. Plaintiff alleges that a customer service claims agent and supervisor disseminated false information to Plaintiff's employer regarding certified medical leave dates and falsely represented Plaintiff's employment status, suggesting that the claim was closed because Plaintiff was no longer employed. This misinformation amounts to criminal and civil violations.
4. Defendant's refusal to engage with Plaintiff following serious complaints, along with false communications regarding Plaintiff's employment status and claim closure, violate consumer protection provisions under the Arizona Consumer Fraud Act (A.R.S. § 44-1521 et seq.).
5. These actions have caused Plaintiff ascertainable losses, emotional distress, reputational harm, and damage to professional standing.

**Prayer for Relief**

WHEREFORE, Plaintiff Dustin Heintzman, proceeding pro per, respectfully requests that this Court:

A. Declare that Defendant's and its agents' practices violate Arizona insurance fraud statutes, federal criminal statutes governing insurance fraud and interstate commerce, ERISA fiduciary duties, and Arizona consumer protection laws;
B. Award compensatory damages, including all economic losses incurred by Plaintiff, and any consequential damages increasing Plaintiff's total recovery;
C. Award punitive damages and emotional distress damages to Plaintiff based on Defendant's willful, malicious, and fraudulent conduct, as well as grant Plaintiff's request for $100 million in damages as originally sought in the Maricopa County State Court filing in Arizona.
D. Order Defendant, Lincoln Financial Group, to issue a formal public notice concerning the misconduct and illegal acts alleged herein to notify potentially affected persons and facilitate their access to relief against Defendant and its unethical agents.
E. Enjoin Defendant and its agents from continuing the unlawful acts described herein, and mandate corrective disclosures to affected parties; Award costs of litigation, including reasonable expenses incurred by Plaintiff in proceeding pro per, as allowed by statute and equity;

F. Refer this case and its factual findings to appropriate federal and state criminal authorities for investigation and prosecution of Defendant, its agents (including Tracy Ray, Andrew W, the customer service claims agent, supervisor, and any other responsible parties) for criminal violations;

G. Permit Plaintiff to submit and have considered all relevant audio recordings, call logs, and documentary evidence proving the fraudulent acts, misrepresentations, and misinformation disseminated to Plaintiff and third parties;

H. I respectfully request that, under the laws of the state of Arizona, the court prosecute and transfer any matters not under federal jurisdiction to the Superior Court. I further request that these matters be remanded to your honorable court for the prosecution of Lincoln Financial Group and associated parties.

I. Grant such other and further relief as the Court deems just and proper.

Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 17th day of June, 2025.

Dustin Heintzman
Plaintiff, Pro Per
43106 N 44th Dr.
Phoenix AZ 85087
480-457-0939
dheinzmann@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of June, 2025, a true and correct copy of the foregoing Amended Complaint was served upon all counsel of record via certified mail.

DATED: June 17, 2025

Dustin Heintzman
In Pro Per