**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Dustin Heintzman,<br>Plaintiff,<br>v.<br>Lincoln Financial Group,<br>Defendant. | No. CV-25-01755-PHX-SHD<br>**ORDER** |

Pending before the Court is Plaintiff Dustin Heintzman's Motion for Access Electronic Filing Privileges on PACER and Request for Fee Waiver. (Doc. 15.) The Court grants Heintzman's request for electronic filing and denies without prejudice his request for a PACER fee exemption.

As for the PACER fee exemption, the Court finds that Heintzman has not provided sufficient information from which the Court can conclude that an exemption is necessary or warranted. Heintzman has not filed an application to proceed in forma pauperis ("IFP"). Further, there is no fee to register for a PACER account, parties to a case receive one free electronic copy of all documents filed electronically in the case through the notice of electronic filing, the Court's opinions are free to access, and users are not billed for PACER charges unless they accrue charges of more than $30.00 in a quarter, with the charge for each document capped at $3.00. *See Options to Access Records if you Cannot Afford PACER Fees*, PACER [https://perma.cc/6BQW-VL5B] (last visited June 30, 2025); *PACER Pricing: How fees work*, PACER [https://perma.cc/LRR6-PE45] (last visited June

30, 2025). Heintzman has not demonstrated to this Court that he is indigent or that he intends to access records on PACER exceeding that which is already free to him. The Court denies the fee exemption request without prejudice to him filing another motion with more information about why a PACER fee exemption is necessary, or filing an IFP application.

Finally, it has come to the Court's attention that Heintzman recently called the Court's chambers *ex parte* and aggressively inquired about the status of this motion. *Ex parte* communications are improper. Fed. R. Civ. P. 5(a) (requiring that documents like written notices and motions be served on every party unless otherwise authorized or ordered by the Court); *United States v. Sierra Pac. Indus., Inc.*, 862 F.3d 1157, 1173 (9th Cir. 2017) ("Canon [of Conduct] 3A(4) prohibits *ex parte* communications or any communications concerning a pending or impending matter that are made outside the presence of the parties or their lawyers . . . ." (quotation marks omitted)). Moreover, the Court does not tolerate aggressive or hostile behavior from litigants. Heintzman is hereby warned that engaging in such conduct in the future may subject him to sanctions. *See Amr v. Whittaker*, 2019 WL 954806, at *3 (W.D. Wash. 2019) (noting that the plaintiff "engaged in hostile behavior toward Court personnel" and that the court "has the inherent power to discipline parties inside and outside the courtroom if their conduct disrupts the orderly and efficient manner of court proceedings").

Accordingly,

**IT IS ORDERED granting in part** Heintzman's motion to allow electronic filing by a party appearing without an attorney (Doc. 15) in this case only. Heintzman is required to comply with all rules outlined in the District of Arizona's Case Management/Electronic Case Filing Administrative Policies and Procedures Manual, have access to the required equipment and software, have a personal electronic mailbox of sufficient capacity to send and receive electronic notice of case related transmissions, be able to electronically transmit documents to the Court in .pdf, complete the necessary forms to register as a user with the Clerk's Office within five days of the date of this Order (if not already on file),

register as a subscriber to PACER within five days of the date of this Order (if this has not already occurred), and comply with the privacy policy of the Judicial Conference of the United States and the E-Government Act of 2002.

Any misuse of the ECF system will result in immediate discontinuation of this privilege and disabling of the password assigned to the party.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide a copy of this Order to the Attorney Admissions/Admin Clerk.

**IT IS FURTHER ORDERED** that Heintzman's request for an exemption from PACER fees is **denied without prejudice**.

Dated this 1st day of July, 2025.

Honorable Sharad H. Desai
United States District Judge