Jacqueline M. Palazzolo (State Bar No. 039977)
T. Chase Samples (Admitted Pro Hac Vice)
**JACKSON LEWIS P.C.**
2111 East Highland Avenue, Suite B-250
Phoenix, AZ 85016
Telephone: (602) 714-7044
Facsimile: (602) 714-7045
Jacqueline.Palazzolo@jacksonlewis.com
Chase.Samples@jacksonlewis.com
*Attorneys for Defendant Lincoln Financial Group.*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Dustin Heintzman,<br><br>Plaintiff,<br><br>vs.<br><br>Lincoln Financial Group;<br><br>Defendant. | Case No.: 2:25-cv-01755-SHD<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT AND TO STRIKE PLAINTIFF'S JURY DEMAND**<br><br>**(Oral Argument Requested)** |

Pursuant to Rule 12(b)(6) and Rule 12(f) of the Federal Rules of Civil Procedure, Defendant Lincoln Financial Group ("Lincoln" or "Defendant"), through its undersigned counsel, respectfully submits this Memorandum of Law in Support of Defendant's Motion to Dismiss the Amended Complaint and to Strike Plaintiff's Demand for a Jury Trial. The Amended Complaint purports to be brought under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*. ("ERISA") but does not clearly plead any ERISA claims but instead asserts state law claims that are preempted by ERISA and which are therefore subject to dismissal by the Court for failure to state a claim upon which relief may be granted. Further, the Amended Complaint includes a demand for a trial by jury, which is unavailable, as a matter of law, for claims subject to ERISA. As such, Plaintiff's sole remedies, if any, must arise exclusively under the civil enforcement provisions of ERISA and are triable solely by the Court as a matter of law. In moving to

dismiss, Defendant expressly reserves the right to assert any and all defenses in answer to the Amended Complaint.

## I. BACKGROUND

### A. Procedural History

Plaintiff instituted this action on or about April 23, 2025, in the Superior Court of Arizona in Maricopa County, Civil Action Number CV2025-14346 (hereinafter referred to as the "State Action"). (ECF No 1-1 Ex. D.).[1] Defendant Lincoln was served with a copy of the Summons & Complaint ("Complaint") on May 2, 2025. (ECF No. 1 at 1.)

Lincoln timely removed the case to this Court on May 22, 2025, on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331 and diversity jurisdiction pursuant to 28 U.S.C. § 1332. (ECF No 1.) Plaintiff filed what was effectively a motion to remand on May 28, 2025. (ECF No. 6). The following day, Defendant filed a motion to dismiss the Complaint and strike Plaintiff's demand for a jury trial. (ECF No. 8 and 8-1). As that Motion and Plaintiff's opposition were pending before this Court, Plaintiff filed an Amended Complaint ("Amended Complaint") on June 18, 2025. (ECF No. 16).

As will be demonstrated below, the Amended Complaint should be dismissed because it alleges state law claims that are preempted by ERISA.

### B. Nature of Plaintiff's Claims

Plaintiff's only relationship to Defendant is that Defendant served as the claims administrator for his claim for short term disability ("STD") benefits under the Wells Fargo & Company Short Term Disability Plan ("STD Plan"). Plaintiff alleges generally that Defendant wrongfully denied his claim for STD benefits through specific acts of alleged misconduct. (ECF No. 16). Plaintiff was employed by Wells Fargo and participated in the STD Plan, which Plaintiff alleges was insured by Defendant. (ECF

---

[1] The Court may consider documents from the State Court proceedings without conversion of this Rule 12(b)(6) motion to dismiss to a motion for summary judgment, as such documents are matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) ("A court may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment.").

No. 1-1, Ex. D ¶ 7.)[2] All the allegations in the Amended Complaint stem from Defendant's handling of Plaintiff's STD Claim. Plaintiff alleges named agents of Defendant failed to properly communicate with him prior to wrongfully denying his claim. (ECF No. 16pgs. 2-4). Plaintiff expands on this claim through allegations of "document tampering and forgery" leading to the "wrongful termination of employment notification falsely communicated in conjuncture with the closure of Plaintiff's claim." (*Id.*). He also alleges that "the customer service claims agent [] falsely insinuated [] that Plaintiff had been let go and that the claim had been closed because Plaintiff no longer work[ed] for Wells Fargo" and Defendant's conduct constitutes "insurance bad faith, negligent misrepresentation, intentional infliction of emotional distress, defamation, and privacy violations" in addition to mail and wire fraud. (*Id.* pg. 3). Plaintiff, who is unrepresented, brought this lawsuit seeking $100 million in damages and "a formal public notice [] inform[ing] and warn[ing] other potential victims of similar unethical and illegal actions by Defendant." (*Id.* pg. 3).

The Amended Complaint purports to bring claims under ERISA as well as state and federal law but only three causes of action are enumerated: (1) Insurance Fraud and Misrepresentation by Defendant's Agents under Arizona and Federal Law; (2) Forgery and Insurance Document Tampering in Violation of Arizona and Federal Law; and (3) Additional Federal and State Legal Violations Including Obstruction, Misinformation to Employer, and Consumer Protection. (ECF No. 16). He contends that Lincoln's conduct in denying his claim caused him significant emotional distress. (*Id.* pg. 3). Plaintiff demands a jury trial on these claims.

---

[2] As addressed in Defendant's Motion to Dismiss Plaintiff's original Complaint, the STD Plan is self-insured and Lincoln serves as the claims administrator. In the Ninth Circuit, only the plan or the named plan administrator is a proper party defendant on a Section 502(a)(1)(B) action. *See e.g. Ford v. MCI Communications Corp. Health & Welfare Plan*, 399 F.3d 1076, 1081 (9th Cir. 2005). Accordingly, Lincoln is not a proper party Defendant. Lincoln remains the improper party to this action and, should Plaintiff elect to file an Second Amended Complaint under ERISA, the only proper Defendant is the Wells Fargo & Company Short Term Disability Plan.

## II. ARGUMENT

### A. The State Law Claims in the Amended Complaint Should Be Dismissed Because They Are Based Entirely upon State Law Claims That Are Preempted by ERISA.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the complaint. *See Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001). In deciding a motion to dismiss, "all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *In re Facebook, Inc. v. Internet Tracking Litig.*, 956 F.3d 589, 601 (9th Cir. 2020). However, a complaint must contain 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action' to withstand a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Claims that are completely preempted by ERISA are subject to dismissal. *See, e.g., Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47-48 (1987).

1. <u>The Plan that controls Plaintiff's claim for benefits is an ERISA Plan</u>.

ERISA applies to any "employee benefit plan" if the plan is established or maintained by an employer or employee organization engaged in commerce or in any industry or activity affecting commerce. 29 U.S.C. § 1003. ERISA categorizes "employee benefit plans" as either an employee welfare benefit plan or an employee pension benefit plan. 29 U.S.C. § 1002(3). A plan is an ERISA welfare benefit plan if it "was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . benefits in the event of sickness, accident, **disability**, death or unemployment." 29 U.S.C. § 1002(1) (references to other types of employer-provided benefits qualifying as ERISA plans omitted) (emphasis added). "The existence of an ERISA plan is a question of fact, to be answered in the light of all the surrounding circumstances from the point of view of a

reasonable person." *Stuart v. UNUM Life Ins. Co. of Am.*, 217 F.3d 1145, 1149 (9th Cir. 2000) "To determine whether an insurance plan is an ERISA plan, a district court should consider 29 U.S.C. 1002(1), which defines an employee welfare benefit plan, and 29 C.F.R. § 2510.3-1(j), which clarifies the meaning of "establishing and maintaining" such a plan." *Ames v. Jefferson Pilot Fin. Co.*, 515 F. Supp. 2d 1050, 1053-1054 (D. Ariz. 2007) (*quoting The Meadows v. Employers Health Ins.*, 826 F. Supp. 1225, 1228 (D. Ariz. 1993)).

The Plan is unquestionably a welfare benefit plan within the meaning of ERISA because it meets all of elements required by the statute. Specifically, (1) the Plan was established and is maintained by Wells Fargo (Ex. A, BPN 000018 (noting that Wells Fargo maintains the plan as welfare benefit plan within the meaning of ERISA)), (2) the Plan was created to provide "short-term disability benefits" to eligible Wells Fargo employees (*id.*); and (3) the benefits provided under the Plan to eligible Wells Fargo are paid for by Wells Fargo through the Wells Fargo & Company Short-Term Disability Plan Trust (*id.*). These factors establish that the Plan is an employee welfare benefit plan as defined by ERISA.[3] Further, Plaintiff concedes that at least some of his claims are subject to ERISA. (ECF No. 16 pg. 1).

2. <u>Because the Plan is a *bona fide* ERISA plan, Plaintiff's state law claims are preempted by ERISA</u>.

ERISA provides for the exclusive regulation of employee benefit plans. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004) ("ERISA includes expansive pre-emption provisions . . . which are intended to ensure that employee benefit plan regulation would be exclusively a federal concern") (citations omitted). ERISA's broad preemption

---

[3]Because the Plan is self-funded by Wells Fargo and is not insured, the Court need not consider whether the Plan also falls outside of the "safe harbor" regulation that courts often consider in the context of insured claims. *See* 29 C.F.R. § 2510.3-1(j). But, even if the Plan was insured as Plaintiff incorrectly alleges, Plaintiff's claims would fall outside of the safe harbor and be subject to ERISA because, among other things, participation in the Plan is not completely voluntary. Instead, employees are automatically enrolled based on their employment status. (Ex. A., BPN 000018.)

provision is recognized as "the most sweeping federal preemption statute ever enacted by Congress." *California Hospital Assoc. v. Henning*, 569 F. Supp. 1544, 1546 (C.D. Cal. 1983). This provision declares that ERISA shall "supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). State law preempted by the statute is defined as including "all laws, decisions, rules, regulations, or other State action having the effect of law, of any State." 29 U.S.C. § 1144(c)(1). Thus, if Plaintiff's state law claims "relate to" an employee benefit plan, they are preempted by ERISA.

The phrase "relate to" was interpreted by the Supreme Court and "given its broadest common-sense meaning such that a state law 'relates to' a benefit plan . . . 'if it has a connection with or reference to such a plan.'" *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739 (1985), *overruled on other grounds, Kentucky Association of Health Plans, Inc. v. Miller*, 538 U.S. 329, 341 (2003). The Supreme Court further emphasized that the preemption clause was not limited to "state laws specifically designed to affect employee benefit plans." *Shaw v. Delta Airlines*, 463 U.S. 85, 97 (1983). Whether the "connection with" or "reference to" is direct or indirect, the state law will be preempted. *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 525 (1981).

First, addressing only the state law claims in Plaintiff's Amended Complaint, each are founded on the underlying allegation that Lincoln wrongfully denied Plaintiff's claim for STD benefits. (ECF No. 16). Plaintiff's insurance fraud and misrepresentation claim specifically relates to the alleged bad acts of Defendant's employees in the handling of Plaintiff's STD claim. (*Id*. pg. 5 the first ¶¶ 1-4). Similarly, his second cause of action for forgery and insurance document tampering in violation of the Arizona criminal code is based on allegations of alleged improper submission of insurance documents related to Plaintiff's STD claim. (*Id*. pg. 5 the second ¶¶ 1-5). Plaintiff's third claim arises from the same allegations and is specifically based on various other alleged bad acts of

Defendant's agents in denying Plaintiff's STD claim. (*Id*. pg. 6 ¶¶1-4). Thus, every state law claim in the Amended Complaint refers to, and depends upon, the denial of Plaintiff's claim for STD benefits under the Plan.

The United States Supreme Court and the Ninth Circuit Court of Appeals have repeatedly held that ERISA preempts state law causes of action such as those asserted in the Amended Complaint. *See, e.g., Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 48 (1987) (concluding that breach of contract claim was preempted by ERISA); *Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030 (9th Cir. 2000) (quoting *Ellenburg v. Brockway, Inc.*, 763 F.2d 1091, 1095 (9th Cir.1985) ("We have held that `ERISA preempts common law theories of breach of contract implied in fact, promissory estoppel, estoppel by conduct, fraud and deceit and breach of contract"); *London-Marable v. Boeing Co.*, 2008 U.S. Dist. LEXIS 48323, at *1 (D. Ariz. June 20, 2008) *(*Any claims for fraud or negligent misrepresentation relating to an employee benefit plan are preempted by the Employee Retirement Income Security Act); *Ikekwere v. Southwall Techs.*, 2005 U.S. Dist. LEXIS 34743, at *7 (N.D. Cal. July 19, 2005)(Court held to the extent Plaintiff's claims arise from Defendant's desire to deprive Plaintiff and his family of benefits, (i.e. fraud) the claims are preempted); *Weber v. Hartford Life & Accident Ins. Co*., 2008 U.S. Dist. LEXIS 66948, at *38 (D. Ariz. Aug. 22, 2008) ("State common law claims are preempted by ERISA 'insofar as they may now or hereafter relate to any employee benefit plan' regulated by ERISA.")(Citing *Miller v. Rite Aid Corp*., 504 F.3d 1102, 1105 (9th Cir. 2007)) (quoting 29 U.S.C. § 1144(a)); *Lesane v. Aloha Airlines, Inc.*, 226 Fed. Appx. 693, 700 (9th Cir. 2007) (finding breach of contract claim arising from denial of severance benefits to be preempted by ERISA); *Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1034 (9th Cir. 2000) (dismissing counterclaims for breach of contract, tortious breach of the covenant of good faith and fair dealing, and fraud as preempted by ERISA); *Tingey v. Pixley-Richards West, Inc.*, 953 F.2d 1124 at 1131-33 (9th Cir. 1992) (holding plaintiffs' causes of action for breach of contract, breach of the duty of good faith and fair dealing, intentional infliction of emotional distress, and

violations of the Arizona Insurance Code were preempted by ERISA); *Johnson v. Lucent Techs. Inc.*, 669 Fed. Appx. 406, 408 (9th Cir. 2016) (finding claim for intentional infliction of emotional distress preempted by ERISA where claim was based on denial of benefits).

In fact, regardless of its nomenclature, any state law claim is preempted that is brought by a plan beneficiary "alleging improper processing of a claim for plan benefits." *Hubbard v. Blue Cross & Blue Shield Association*, 42 F.3d 942, 946 (5th Cir. 1995); s*ee also Powell v. Chesapeake and Potomac Telephone Co. of Virginia*, 780 F.2d 419, 421 (4th Cir. 1985), *cert. denied*, 476 U.S. 1170 (1986) (ERISA preempts state law claims "invoked by beneficiaries claiming relief for injuries arising out of the administration of employee benefit plans"); *Martori Brothers Distributors v. James-Massengale*, 781 F.2d 1349, 1356-57 & n.19 (9th Cir. 1986), *amended*, 791 F.2d 799, *cert. denied*, 479 U.S. 1018 (1986) ("laws and common-law rules that provide remedies for misconduct growing out of the administration of the ERISA plan" are preempted by ERISA).

Furthermore, state law claims of general application are not saved from preemption by ERISA's "savings clause." The savings clause, codified at 29 U.S.C. § 1144(b)(2)(A), states that nothing in ERISA shall be construed to exempt or relieve any person from any law of any state that regulates insurance, banking, or securities. However, state laws of general application, such as each of the state law claims asserted in the Amended Complaint, do not fall within the savings clause even if raised in the context of an insurance policy. *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 56-57 (1987) (*overruled on other grounds by Ky. Ass'n of Health Plans, Inc. v. Miller*, 538 U.S. 329, 342 (2003)). In any event, even if a state law cause of action falls within the savings clause for purposes of conflict preemption pursuant to 29 U.S.C. § 1144(a), it will still be preempted where, as in the instant action, it is being used to provide an alternative means for obtaining benefits allegedly due under an ERISA-governed benefits plan. *Davila.*, 542 U.S. at 217-18 ("even a state law that can arguably be characterized as

'regulating insurance' will be pre-empted if it provides a separate vehicle to assert a claim for benefits outside of, or in addition to, ERISA's remedial scheme").

Thus, regarding Plaintiff's state law claims, the sole claim and potential remedy, if any, is pursuant to a civil action under ERISA's civil remedies provision at 29 U.S.C. § 1132(a) of ERISA. Accordingly, the state law claims in Plaintiff's Amended Complaint are completely preempted as a matter of law.

3. Because Plaintiff's state-law claims are preempted by ERISA, they are subject to dismissal.

Based on the interpretation given the phrase "relate to" by the Supreme Court, Plaintiff's state law claims in this action clearly arise out of the administration of an employee welfare benefit plan and without question "relate to" an employee benefit plan. Accordingly, these claims are preempted by ERISA. 29 U.S.C. § 1144(a). All state law claims that fall within ERISA's preemption clause, like the claims made by Plaintiff in the instant action, are subject to dismissal pursuant to 29 U.S.C. § 1144(a). *See Dedeaux*, 481 U.S. at 45; *Huddleston v. Scottsdale Healthcare Hosps. Inc.*, 2017 U.S. Dist. LEXIS 185985, *12 (D. Ariz. Nov. 9, 2019) (finding state law claims preempted by ERISA and dismissing complaint).

At the foundation of the Amended Complaint is the allegation that Defendant wrongfully denied Plaintiff's claim for short term disability benefits under the terms of an employee welfare benefit plan. As supported by the case law cited above, all such state law claims are subject to dismissal, both because such claims necessarily "relate to" an ERISA plan and because such claims amount to an alternative to ERISA's civil enforcement provisions. *See Aetna Health Inc. v. Davila*, 542 U.S. at 209 ("any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted"); *Bast v. Prudential Ins. Co. of America*, 150 F.3d 1003, 1007 (9th Cir. 1998) ("The detailed provisions of ERISA § 502(a) set forth a

comprehensive civil enforcement scheme that "would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA.'") (*quoting Pilot Life*, 481 U.S. at 54). Accordingly, any and all state law claims asserted by the Amended Complaint should be dismissed, with prejudice, as a matter of law.

### B. Plaintiff Improperly Attempts to Bring Criminal Charges Against Defendant in the Amended Complaint.

The remaining claims in Plaintiff's Amended Complaint, under 18 U.S.C. § 1033 and 18 USC §§ 1341, 1343, are criminal statutes authorizing the United States Attorney to prosecute criminal cases in federal court but not available cause of action for private citizens. (ECF No. 16 pg. 5 ¶¶ 1-5 and 1-6, pg. 6 ¶¶ 1-6). Accordingly, under the constitutional framework of the federal courts, these causes of action must also be dismissed. Therefore, with the dismissal of these criminal causes of action and Plaintiff's state law claims for the reasons described in detail above, Plaintiff's Amended Complaint should be dismissed in its entirety, with prejudice, as a matter of law.

### C. Defendant Objects to Plaintiff's Demand for A Trial by Jury And Moves to Strike It As Jury Trials Are Unavailable under ERISA.

All of the Circuit Courts of Appeal that have addressed the issue are unanimous in holding that actions under ERISA for any relief provided therein are for the court, not a jury. *See, e.g., Nevill v. Shell Oil Co.*, 835 F.2d 209 (9th Cir. 1987); *Tischmann v. ITT/Sheraton Corp.*, 145 F.3d 561 (2d Cir. 1998), *cert. denied*, 119 S. Ct. 406 (1998); *Sheet Metal Workers v. Keystone Heating & Air Conditioning*, 934 F.2d 35 (3d Cir. 1991); *Phelps v. C.T. Enters.*, 394 F.3d 213, 222 (4th Cir. 2005) (*citing Berry v. Ciba-Geigy Corp.*, 761 F.2d 1003 (4th Cir. 1985); *Calamia v. Spivey*, 632 F.2d 1235 (5th Cir. 1980); *Bittinger v. Tecumseh Products Co.*, 123 F.3d 877 (6th Cir. 1997); *Wardle v. Central States, Southeast and Southwest Areas Pension Fund*, 627 F.2d 820 (7th Cir. 1980), *cert. denied*, 449 U.S. 1112 (1981); *Kirk v. Provident Life & Accident Ins. Co.*,

942 F.2d 504, 506 (8th Cir. 1991); *Adams v. Cyprus Amax Miners Co.,* 149 F.3d 1156 (10th Cir. 1998); *Blake v. Union-Mutual Stock Life Insurance Co. of America*, 906 F.2d 1525 (11th Cir. 1990). As Plaintiff's claims are claims are preempted by ERISA, there simply are no issues in this matter triable to a jury. Accordingly, Plaintiff's request for a jury trial should be stricken from the Amended Complaint. *See* Fed. R. Civ. P. 12(f); *Needham v. Enterprising Solutions, Inc.*, 2010 U.S. Dist. LEXIS 148429, *13 (D. Ariz. May 13, 2010) ("[T]here is no right to a jury trial in ERISA cases.") (*quoting Ingram v. Martin Marietta Long Term Disability Income Plan for Salaried Employees of Transferred GE Operations*, 244 F.3d 1109, 1114 (9th Cir. 2001); *see also Brawley v. Alltel Corp.*, 2008 U.S. Dist. LEXIS 128190, *2 (D. Ariz. May 13, 2008) ("Although this motion to strike does not fit squarely within the contours of Rule 12(f), Fed. R. Civ. P., we will construe it as an objection to the jury demand and sustain it.")

## III. CONCLUSION

The United States Supreme Court has made clear that the remedies specified in ERISA are exclusive. *Davila,* 542 U.S. at 208. All state laws, whether based on statutory or common law, invoked by or on behalf of beneficiaries relating to a denial of benefits under an employee welfare benefit plan are preempted by ERISA. Because the Amended Complaint specifically seeks to recover for harm to Plaintiff arising from the denial of his claim for STD benefits, which isrelief that duplicates, supplements, or supplants the ERISA civil enforcement remedies, the Court should dismiss the state law claims. Further, as the criminal statutes brought by Plaintiff are unavailable to him as a private citizen, this Court should similarly dismiss any federal law claims and strike Plaintiff's demand for a jury trial.

DATED this 1st day of July 2025.

JACKSON LEWIS P.C.

By: *<u>/s/ Jacqueline Palazzolo</u>*
Jacqueline Palazzolo
T. Chase Samples
Attorneys for Defendant Lincoln Financial

**CERTIFICATE OF SERVICE**

I hereby certify that on July 1, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and sent a copy by email and U.S. Mail to the plaintiff at the following address:

Dustin Heintzman
43106 N. 44th Drive
Phoenix, AZ 85087
Phone: (480) 457-0939
dheintzman@gmail.com
Plaintiff, Pro Se

By: */s/ Susan Stimson*