Dustin Heintzman
43106 N 44th Dr
Phoenix, AZ 85087
480-457-0939
Dheintzman@gmail.com

Dustin Heintzman, IN PRO SE

**UNITED STATES DISTRICT COURT**

**OF ARIZONA**

| | |
|---|---|
| Dustin Heintzman<br><br>Plaintiff(s),<br><br>vs.<br><br>Lincoln Financial Group<br><br>Defendant(s). | Case No.: CV2025-014346<br><br>**RESPONSE TO DEFENDANT LINCOLN FINANCIAL GROUP'S MOTION TO DISMISS AND MOTION TO STRIKE PLAINTIFF'S AMENDED COMPLAINT**<br><br>(Oral Argument Requested) |

**COMES NOW Dustin Heintzman, Plaintiff herein, and hereby submits this Response to Defendant Lincoln Financial Group's Motion to Dismiss and Motion to Strike Plaintiff's Amended Complaint, respectfully stating as follows:**

1. **Jurisdiction and Prosecution of Alleged Criminal Conduct**

Plaintiff asserts that, had he engaged in any criminal conduct, appropriate charges would have been initiated and adjudicated before this Court or any competent jurisdiction within the United States of America, including federal and state courts. It is an established tenet of law that no individual or corporate entity, including Defendant Lincoln Financial Group, is immune from lawful prosecution. Defendant's status does not confer exemption from criminal liability either under federal or Arizona state law.

2. **Criminal Liability for Fraud and Document Tampering Under Federal and State Law**

It is a matter of public record and legal principle that individuals within corporate entities may commit criminal offenses, including but not limited to fraud and document tampering, subject to both federal and Arizona state statutes. Should Plaintiff have engaged in fraud regarding the insurance policy at issue, Defendant Lincoln Financial Group would be entitled to and likely pursue such claims through appropriate civil, tort, and criminal litigation against Plaintiff. The magnitude and nature of any alleged fraud would predicate such legal action. ***Plaintiff emphasizes that such offenses could result in both state and federal criminal prosecution depending on the facts and statutes involved.***

3. **Document Tampering as a Serious Offense under Tort, Criminal, and Fraud Statutes**

Plaintiff emphasizes that document tampering constitutes a grave offense, often categorized as a whitecollar crime, and also actionable as a tortious act causing damage. This Court is urged to acknowledge that criminal charges under Arizona Revised Statutes §§ 13-2001 et seq., as well as applicable federal statutes, may and should be initiated where the evidence justifies such measures. ***Liability extends not only in tort but also can trigger criminal sanctions and federal fraud charges.***

4. **Evidence of Document Tampering by Defendant's Agent**

Plaintiff possesses evidentiary material demonstrating multiple instances of document tampering by Defendant's claims representative identified as Tracy. Furthermore, Plaintiff duly executed documents explicitly acknowledging that

willful fraud would subject him to civil and criminal liability under Arizona and federal law.

5. **Scope of the Court's Jurisdiction Including Federal and State Authority**

Plaintiff respectfully challenges Defendant's assertion that this Court lacks jurisdiction over the matters raised herein. This Court possesses plenary authority, including but not limited to the power to refer matters for criminal investigation and prosecution to the Office of the Arizona Attorney General, the United States Attorney's Office, or other competent prosecutorial authorities. ***Given the interconnected nature of the allegations, both federal and state jurisdictions properly apply, and the Court may exercise concurrent jurisdiction.***

6. **Factual and Legal Sufficiency of Plaintiff's Allegations Including Tort and Fraud Claims**

Defendant contends that Plaintiff has failed to allege adequate facts or legal grounds relating to state law causes of action, fraud, document tampering, and tort claims. Plaintiff asserts that such contentions are without merit. The record contains comprehensive and particularized factual allegations and legal claims consistent with the standards required under the applicable rules of pleading. The central issue remains Plaintiff's pursuit of redress for Defendant's egregious conduct, including common law tort claims for fraud and intentional misrepresentation, as well as statutory claims under federal and state law.

7. **Defendant's Mischaracterization of Liability and Attempt to Shift Blame**

Defendant attempts to evade responsibility by attributing fault to Wells Fargo, contending it merely served in an administrative capacity. Plaintiff submits that such contentions are legally untenable. Under Arizona law and general principles of agency and corporate liability, an entity is liable for the wrongful acts of its agents, whether employees or independent contractors, when such acts fall within the scope of their engagement. Fraud and document tampering cannot be dismissed on the basis of administrative titles or contractual relationships. ***Moreover, under federal law, corporate entities may be held liable for the acts of their agents and officers engaged in criminal or tortious conduct.***

8. **Non-Applicability of Immunities and Statutory Protections Including ERISA**

Plaintiff acknowledges the existence of statutory frameworks, including the Employee Retirement Income Security Act of 1974 (ERISA) and pertinent Arizona statutes. However, Plaintiff submits that these provisions do not shield Defendant from accountability for willful misconduct or criminal fraud. No protections operate to immunize an entity that engages in intentional, unlawful conduct, including fraudulent denial of insurance claims. ***This principle holds true under both federal ERISA case law and Arizona state common law and statutory provisions.***

9. **Demand for Accountability and Referral for Criminal Investigation and Possible Civil and Tort Remedies**

The nature of Defendant's conduct is unconscionable and unlawful. Plaintiff respectfully requests that this Court exercise its jurisdiction to its fullest extent and immediately refer this matter to the Office of the Arizona Attorney General, the United States Attorney, and other appropriate criminal authorities for criminal investigation and prosecution of Defendant Lincoln Financial Group and its agents responsible for the acts alleged herein. Plaintiff also requests this Court to uphold Plaintiff's right to pursue civil remedies for tortious conduct and fraud under state and federal law.

10. **Request for Jury Trial and Public Accountability Plaintiff asserts a fundamental right to have a jury of his peers review this matter.**

Defendant Lincoln Financial Group continuously seeks to strike Plaintiff's jury trial demand to avoid public scrutiny of their egregious behavior. Your Honor, whether this matter proceeds to trial before yourself or a jury, Defendant attempts to hide behind the protections of a 1974 law (ERISA) to evade accountability for their devious and criminal activities—activities that betray their façade as a reputable Fortune 500 company. This is not a frivolous lawsuit; Plaintiff has adhered to all policy requirements and seeks only justice. It is imperative that this Court ensures these matters become public record and publicly adjudicated to hold Defendant accountable. Had this conduct been perpetrated by an individual citizen, they would be subject to both criminal and civil penalties. Plaintiff respectfully urges the Court to deny any motions to strike the jury trial demand and allow a fair public hearing, whether before this Court or a jury, in state, federal court, or both. Plaintiff stands ready for oral argument and insists on his right to a trial. It is time to protect hardworking American

citizens and policyholders by ensuring this corporation does not evade responsibility for its misconduct.

11. **Affirmation of Plaintiff's Innocence and Request for Oral Argument**
Plaintiff affirms that he has committed no criminal acts, no fraud, no perjury, and no document tampering. Defendant's attempts to portray Plaintiff as culpable are baseless and represent an effort to shift blame and avoid liability. Plaintiff humbly requests the Court permit oral arguments to fully explore and clarify these facts, uphold the integrity of this proceeding, and provide Plaintiff his rightful day in court.

WHEREFORE, Plaintiff Dustin Heintzman respectfully requests that this Court deny Defendant's motions to dismiss and to strike, uphold the sufficiency of Plaintiff's amended complaint, preserve Plaintiff's demand for a jury trial, and take all other actions deemed just and proper, including, but not limited to, the immediate referral of this matter to appropriate criminal prosecutorial authorities.
Respectfully submitted this 08 day of Aug, 2025.

Dustin Heintzman
43106 N. 44th Drive
Phoenix, Arizona 85087
Telephone: (480) 457-0939
Email: dheintzman@gmail.com
Plaintiff, Pro Se

DATED this 08 day of Aug, 2025.

Respectfully submitted,

Dustin Heintzman

Plaintiff, Pro Se

43106 N. 44th Drive Phoenix, AZ 85087

Phone: (480) 457-0939

dheintzman@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on 08 day of Aug, 2025, I served a copy of this Rebuttal to Defendant's Motion via certified mail upon Defendant's counsel:

Jacqueline M. Palazzolo T. Chase Samples

JACKSON LEWIS P.C.

2111 East Highland Avenue, Suite B-250 Phoenix, AZ 85016

Jacqueline.Palazzolo@jacksonlewis.com

Chase.Samples@jacksonlewis.com

By:

Dustin Heintzman

Plaintiff, Pro Se

DATED: August 8, 2025

*Dustin Heintzman*

Dustin Heintzman
In Pro Per