Jacqueline M. Palazzolo (State Bar No. 039977)
T. Chase Samples (Admitted Pro Hac Vice)
**JACKSON LEWIS P.C.**
2111 East Highland Avenue, Suite B-250
Phoenix, AZ 85016
Telephone: (602) 714-7044
Facsimile: (602) 714-7045
Jacqueline.Palazzolo@jacksonlewis.com
Chase.Samples@jacksonlewis.com
*Attorneys for Defendant Lincoln Financial Group*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Dustin Heintzman,<br><br>Plaintiff,<br><br>vs.<br><br>LINCOLN FINANCIAL GROUP,<br><br>Defendant. | Case No.: 2:25-cv-01755-SHD<br><br>**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND STRIKE JURY DEMAND** |

Defendant Lincoln Financial Group ("Lincoln" or "Defendant") respectfully submits this brief in Reply to Plaintiff Dustin Heintzman's ("Heintzman" or "Plaintiff") Response in Opposition to Defendant's Motion to Dismiss Plaintiff's Amended Complaint in its entirety pursuant to Rule 12(b)(6) and Rule 12(f) of the Federal Rules of Civil Procedure and to Strike Plaintiff's demand for a jury trial.[1]

---

[1] Plaintiff filed two responsive briefs: (1) Response to Memorandum in Support of Defendant's Motion to Dismiss the Amended Complaint and to Strike Plaintiff's Jury Demand, and (2) Response to Defendant Lincoln Financial Group's Motion to Dismiss and Motion to Strike Plaintiff's Amended Complaint. [Dkt. Nos. 21, 21-1]. This Reply addresses both filings.

## I. INTRODUCTION

As outlined in Defendant's Motion [Dkt. No. 18-1], Plaintiff's Amended Complaint asserts state law claims that are either entirely preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA") or improperly pled under criminal statutes unavailable to private citizens. Moreover, the Amended Complaint includes a demand for a jury trial which is unavailable, as a matter of law, for claims subject to ERISA.

In his opposition papers, [Dkt. Nos. 21, 21-1], Plaintiff accuses Defendant of using ERISA to "shield [itself] from accountability for willful misconduct or criminal fraud" and improperly demands the Court prosecute Defendant via the Arizona Criminal Code. But, what remains clear from Plaintiff's Response is that all the alleged "fraudulent, defamatory, and criminal acts committed by Defendant's agents" occurred during the review of his claim for short term disability ("STD") benefits. [Dkt. 21 at 4.] As such, those claims are preempted by ERISA and must be dismissed. Likewise, because ERISA does not provide a right to a jury trial (and Plaintiff does not argue otherwise in his Response), Plaintiff's demand for a jury trial must be stricken. In addition to the arguments put forth in its moving papers, Defendant asserts the following in further support of its Motion to Dismiss and to Strike Plaintiff's demand for a jury trial.

## II. ARGUMENT

### A. Despite Plaintiff's Reframing Attempt, His State Law Claims Are Preempted by ERISA and Should be Dismissed.

With his argument that his claims do more than "simply relate to benefit determinations" Plaintiff acknowledges the alleged fraud arises from the administrative review process of his claim for benefits. [Dkt. No. 21]. As repeatedly stated, Plaintiff's only interaction with Defendant was through the submission and review of his disability claim. Regardless of Plaintiff's subjective, unsupported feeling that Defendant's "administrator act[ed] outside the bounds of law and contractual duty," it is still a claim

related to and interwoven with the administration of the Plan, and as such, it is preempted by ERISA. [Dkt. No. 21]. *See, e.g. Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004) ("any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted."); *Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1034 (9th Cir. 2000) (dismissing counterclaims for breach of contract, tortious breach of the covenant of good faith and fair dealing, and fraud as preempted by ERISA); *see also Olson v. Gen. Dynamics Corp*., 960 F.2d 1418, 1420 (9th Cir. 1991) ("The court finds that plaintiff's fraud claim is preempted by ERISA. A state claim, in this case a claim of fraud, is preempted if it relates to the employee benefit plan."); *Pizza v. Fin. Indus. Regulatory Auth*., 2013 U.S. Dist. LEXIS 64521, at *10-11 (N.D. Cal. May 6, 2013) (dismissing fraud claim as preempted by ERISA where it relates to an ERISA plan). Plaintiff does not, and cannot, distinguish the claims alleged in his Amended Complaint from the established case law cited above.

Neither of Plaintiff's responsive submissions establish how his claims exist outside of his STD benefits claim. To the contrary, Plaintiff repeatedly concedes his whole action is related to Defendant's denial of his STD claim. ERISA provides for the exclusive regulation of employee benefit plans and preempts any and all state laws relating to any employee benefit plan. 29 U.S.C. § 1144(a); *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004) ("ERISA includes expansive pre-emption provisions . . . which are intended to ensure that employee benefit plan regulation would be exclusively a federal concern") (citations omitted); *California Hospital Assoc. v. Henning*, 569 F. Supp. 1544, 1546 (C.D. Cal. 1983) (ERISA's broad preemption provision is recognized as "the most sweeping federal preemption statute ever enacted by Congress."). Therefore, each of Plaintiff's state law causes of action should be dismissed, with prejudice, as a matter of law.

**B. Plaintiff Cannot Bring Criminal Against Defendant.**

In an attempt to save his Amended Complaint, Plaintiff pivots to criminal charges unavailable to him as a private citizen. Criminal Statutes 18 U.S.C. §§ 1033, 1341, and 1343 authorize only the United States Attorney to prosecute criminal cases in federal court. Plaintiff inappropriately demands this Court transfer his Amended Complaint to the Office of the Arizona Attorney General, the United States Attorney, or other "appropriate criminal authorities for criminal investigation and prosecution of Defendant Lincoln Financial Group and its agents responsible." [Dkt. No. 21-1]. Plaintiff's self-serving allegations cannot change the reality that he has no standing to bring criminal charges against Defendant and has failed to state a claim for relief. Accordingly, these remaining causes of action should also be dismissed in their entirety, with prejudice, as a matter of law.

**C. Defendant Objects to Plaintiff's Demand for A Jury Trial and Moves to Strike It As Jury Trials Are Unavailable Under ERISA.**

Plaintiff accuses Defendant's motion to strike his demand for a trial by jury as a tactic to "avoid public scrutiny of [its] egregious behavior." [Dkt. No. 21-1]. But, he otherwise fails to engage with Defendant's legal argument that there is no right to a jury trial for claims under ERISA. All the Circuit Courts of Appeal that have addressed the issue are unanimous in holding that actions under ERISA are for the court to decide, not a jury. *See, e.g., Nevill v. Shell Oil Co.*, 835 F.2d 209 (9th Cir. 1987); *Tischmann v. ITT/Sheraton Corp.*, 145 F.3d 561 (2d Cir. 1998), cert. denied, 119 S. Ct. 406 (1998); *Sheet Metal Workers v. Keystone Heating & Air Conditioning*, 934 F.2d 35 (3d Cir. 1991); Phelps v. C.T. Enters., 394 F.3d 213, 222 (4th Cir. 2005) (*citing Berry v. Ciba-Geigy Corp.*, 761 F.2d 1003 (4th Cir. 1985); *Calamia v. Spivey*, 632 F.2d 1235 (5th Cir. 1980); *Bittinger v. Tecumseh Products Co.*, 123 F.3d 877 (6th Cir. 1997); *Wardle v. Central States, Southeast and Southwest Areas Pension Fund*, 627 F.2d 820 (7th Cir. 1980), cert. denied, 449 U.S. 1112 (1981). Accordingly, Plaintiff's request for a jury trial

should be stricken from the Amended Complaint. *See* Fed. R. Civ. P. 12(f); *Needham v. Enterprising Solutions, Inc*., 2010 U.S. Dist. LEXIS 148429, *13 (D. Ariz. May 13, 2010) ("[T]here is no right to a jury trial in ERISA cases.") (*quoting Ingram v. Martin Marietta Long Term Disability Income Plan for Salaried Employees of Transferred GE Operations*, 244 F.3d 1109, 1114 (9th Cir. 2001); *see also Brawley v. Alltel Corp*., 2008 U.S. Dist. LEXIS 128190, *2 (D. Ariz. May 13, 2008) ("Although this motion to strike does not fit squarely within the contours of Rule 12(f), Fed. R. Civ. P., we will construe it as an objection to the jury demand and sustain it.")

## III. CONCLUSION

For the foregoing reasons and those set forth in Defendant's Motion, the Court should dismiss Plaintiff's Amended Complaint in its entirety. Should any claims survive, the Court should strike Plaintiff's demand for a jury trial. Further, Defendant joins in Plaintiff's request for oral argument as it relates to this Motion and other issues that have arisen in this case.

JACKSON LEWIS P.C.

By: *<u>/s/ Jacqueline Palazzolo</u>*
Jacqueline Palazzolo
T. Chase Samples
Attorneys for Defendant Lincoln Financial.

**CERTIFICATE OF SERVICE**

I hereby certify that on August 14, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and sent a copy by email and U.S. Mail to the plaintiff at the following address:

Dustin Heintzman
43106 N. 44th Drive
Phoenix, AZ 85087
Phone: (480) 457-0939
dheintzman@gmail.com
Plaintiff, Pro Se

By: */s/ Susan Stimson*

4920-3162-4286, v. 3