Dustin Heintzman
43106 N 44th Dr
Phoenix, AZ 85087
480-457-0939
Dheintzman@gmail.com

Dustin Heintzman, IN PRO SE

**UNITED STATES DISTRICT COURT**

**OF ARIZONA**

| | |
|---|---|
| Dustin Heintzman<br><br>Plaintiff(s),<br><br>vs.<br><br>Lincoln Financial Group<br><br>Defendant(s). | Case No.: CV2025-014346<br><br>**PLAINTIFF'S FORMAL RESPONSE TO COURT ORDER DATED September 3, 2025 AND MOTION FOR RECONSIDERATION**<br><br>(Oral Argument Requested) |

**TO THE HONORABLE SHARAD H. DESAI, UNITED STATES DISTRICT JUDGE:**

COMES NOW Dustin Heintzman, Plaintiff in the above-captioned action, and hereby respectfully submits this formal response to the Court's Order dated September 3, 2025 (hereinafter, the "Order"), which directed the striking of Plaintiff's sur-reply

brief filed at Document 23 (the "Sur-Reply"). Plaintiff submits this Response to articulate pertinent concerns pertaining to the Court's treatment of said filing and to respectfully move the Court for reconsideration and relief in the manner hereinafter set forth.

Plaintiff emphatically underscores that he is not a large law firm or an attorney-party engaged in adversarial litigation of equals, but rather an individual self-represented litigant navigating the complexities of federal litigation entirely without legal counsel. Despite this reality, Plaintiff has been confronted with a judicial posture that disregards the pronounced disparity in legal sophistication and resources between himself—a pro se individual—and Defendant, a well-capitalized corporate entity. The Court's treatment should reflect recognition of this profound imbalance and reject any framing or conduct that implies this is a contest between two seasoned legal teams. Such characterization undermines procedural fairness, due process, and the equitable mandates this Court must uphold under Arizona and federal law.

Furthermore, Plaintiff reiterates that his multiple requests over the course of this litigation for oral arguments—a critical procedural safeguard for a pro se litigant—have been systematically ignored, raising serious concerns regarding his ability to receive a fair opportunity to be heard. The deprivation of oral argument compounds the procedural disadvantages Plaintiff endures and signals a judicial approach that risks prejudicing an unrepresented individual facing a corporate giant. Plaintiff demands the Court cease any conduct or rulings that treat this matter as a mere "battle of attorneys" and instead accord appropriate deference and accommodations to the realities of pro se individual litigation in the District of Arizona.

## I. INTRODUCTION

Plaintiff acknowledges and appreciates the Court's diligent oversight and attention to this matter, recognizing the inherent complexities involved in adjudicating claims initiated by an unrepresented individual litigant—who lacks formal legal training—against a financially sophisticated corporate defendant, Lincoln Financial Group ("Defendant" or "Lincoln"). Plaintiff respectfully asserts that the Order striking the Sur-Reply as violative of Local Rule Civil 7.2 ("LRCiv 7.2") is inequitable under the circumstances, particularly considering Plaintiff's status as a pro se litigant proceeding without counsel and legal licensure.

While Plaintiff reveres the procedural framework governing this Court, the unique factual and procedural context herein deviates materially from the typical circumstances contemplated by the Local Rules. Plaintiff is engaged in a markedly asymmetrical contest akin to a David versus Goliath scenario, where procedural rigidity may unduly compromise Plaintiff's substantive rights and ability to present a complete and meaningful defense. Plaintiff thus seeks the Court's equitable discretion and leniency in accommodating the necessity of the Sur-Reply.

## II. FACTUAL AND PROCEDURAL BACKGROUND

1. On or about July 1, 2025, Defendant Lincoln Financial Group filed a Motion to Dismiss and Motion to Strike Plaintiff's Amended Complaint (Doc. 18).
2. On August 8, 2025, Plaintiff timely filed his Response to Defendant's Motion (Doc. 21).
3. On August 14, 2025, Defendant filed its Reply Memorandum in Support of the Motion (Doc. 22).
4. On August 29, 2025, Plaintiff filed a Sur-Reply (Doc. 23) addressing newly raised arguments in Defendant's Reply.
5. On September 3, 2025, the Court issued an Order striking the Sur-Reply (Doc. 23) on the basis that Local Rule 7.2 prohibits filing a sur-reply without prior leave of the Court.
6. Throughout this litigation, Plaintiff has repeatedly requested oral argument before this Court to fully present his position and respond to Defendant's contentions; however, these requests have not been recognized or scheduled by the Court.

## III. ARGUMENT

### A. Plaintiff's Pro Se Status Warrants Liberal Construction and Procedural Leniency

Plaintiff respectfully directs the Court's attention to well-established jurisprudence recognizing that pleadings and filings submitted by pro se litigants shall be construed liberally and with tolerance. The United States Supreme Court's holding in Erickson v. Pardus, 551 U.S. 89 (2007), mandates that pro se pleadings be held to less stringent standards than those drafted by attorneys. This principle engenders a safeguard against elevating procedural technicalities above substantive justice where litigants lack legal representation and training.

The procedural dismissal of Plaintiff's Sur-Reply without affords neither opportunity for leave nor substantial consideration starkly undermines Plaintiff's ability to meaningfully respond to Defendant's supplemental arguments. Given the grave

implications of the pending motion—which threatens to dispose of Plaintiff's claims—the Court's flexible and equitable application of procedural rules is essential to prevent undue prejudice.

Moreover, the Court's sustained failure to grant Plaintiff's numerous requests for oral argument effectively extinguishes his fundamental right to be heard, violating established procedural due process protections recognized both in this District and under the broader constitutional framework of the United States. This disregard suggests a troubling disregard of the pronounced imbalance between Plaintiff—an individual pro se litigant—and Defendant, a well-represented multinational corporation. The Court must take affirmative steps to correct this imbalance and afford Plaintiff the procedural fairness due to him.

**B. The Sur-Reply Was Necessitated by the Introduction of New Issues and Arguments in Defendant's Reply**

The Defendant's Reply brief (Doc. 22) introduced new factual assertions and legal arguments beyond the scope of Plaintiff's initial Response (Doc. 21). The Sur-Reply was therefore submitted not as a matter of procedural indulgence but as an essential measure to address these novel points and ensure the Court receives a comprehensive presentation of Plaintiff's position prior to adjudication.

Plaintiff asserts that these circumstances justify an exception to the strictures of LRCiv 7.2, either through retroactive leave or reconsideration of the Order striking the Sur-Reply. The filing was made in good faith and grounded in fairness, not with the intention to vex or delay.

**C. Ensuring Procedural Equanimity in Litigation Against a Well-Resourced Corporate Defendant**

Lincoln Financial Group is an entrenched multinational financial services entity with extensive resources and access to highly experienced legal counsel skilled in complex litigation practice. Plaintiff, by contrast, litigates without legal counsel or substantive legal training.

This pronounced asymmetry underpins the necessity for the Court to afford Plaintiff reasonable procedural accommodations to mitigate inherent disadvantages and uphold the principles of due process and fairness. Dismissing Plaintiff's filing on procedural grounds risks exacerbating inequities stemming from disparate access to legal expertise and resources.

The Court's treatment of Plaintiff as if he were a seasoned attorney or a party represented by a sophisticated law firm is not only legally incorrect but fundamentally unfair. This illusion of parity must end immediately. The Court must acknowledge the reality that this is an individual fighting against a corporate giant, and its rulings and behavior must reflect that reality, not obscure it.

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

1. Take judicial notice of Plaintiff's pro se status, acknowledging Plaintiff's lack of formal legal education and licensure;
2. Permit the Sur-Reply (Doc. 23) to be filed and considered notwithstanding the absence of prior leave, given the exigent circumstances and bona fide reasons for the filing;
3. Reconsider and vacate the Order dated September 3, 2025, insofar as it strikes the Sur-Reply (Doc. 23), thereby admitting it into the record for full consideration on the merits;
4. Alternatively, grant nunc pro tunc leave for Plaintiff to file the Sur-Reply retroactively to respond to new arguments raised in Defendant's Reply;
5. Schedule and grant oral argument on all pending motions and issues to ensure Plaintiff's right to be heard and to meaningfully present his case;
6. Provide any additional procedural relief deemed appropriate to enable Plaintiff to fairly and fully present his claims against Defendant;
7. Explicitly acknowledge that this litigation involves a pro se individual litigant, and direct all parties—including the Court itself—to refrain from treating this case as if between two law firms or legal adversaries of equal sophistication, so that Plaintiff's rights and dignity are preserved throughout the proceedings.

## V. CONCLUSION

Plaintiff respectfully urges this Court to recognize the formidable challenge faced by an unrepresented individual in litigation against a well-funded corporate adversary. While respecting the integrity of Court rules, Plaintiff implores equitable application thereof, to avoid undue prejudice and safeguard the fair administration of justice.

Plaintiff further implores the Court to honor his multiple requests for oral argument, as a matter of fundamental fairness and due process, to allow him the opportunity to speak directly to this Court and advocate for his rights against a Defendant he contends has committed unlawful acts. Moreover, Plaintiff entreats the Court to cease any conduct or rulings premised on the false equivalence of this matter being

an equal contest between attorneys or firms, and instead to fully recognize the severe asymmetry and corresponding need for procedural accommodation in this case.

Plaintiff therefore beseeches the Court to afford due consideration to the Sur-Reply and allow it to stand, so that Plaintiff's case may be adjudicated on a comprehensive and just basis.

Respectfully submitted this 8th day of September, 2025.

Dustin Heintzman

Plaintiff, Pro Se

43106 N. 44th Dr., Phoenix, AZ 85087

DATED this 08 day of Aug, 2025.

Respectfully submitted,

Dustin Heintzman

Plaintiff, Pro Se

43106 N. 44th Drive Phoenix, AZ 85087

Phone: (480) 457-0939

dheintzman@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on 08 day of Aug, 2025, I served a copy of this PLAINTIFF'S FORMAL RESPONSE TO COURT ORDER DATED September 3, 2025 AND MOTION FOR RECONSIDERATION via US mail upon Defendant's counsel:

Jacqueline M. Palazzolo T. Chase Samples

JACKSON LEWIS P.C.

2111 East Highland Avenue, Suite B-250 Phoenix, AZ 85016

Jacqueline.Palazzolo@jacksonlewis.com

Chase.Samples@jacksonlewis.com

By:

Dustin Heintzman

Plaintiff, Pro Se

DATED: September 8, 2025

Dustin Heintzman

Dustin Heintzman
In Pro Per