Dustin Heintzman
43106 N 44th Dr
Phoenix, AZ 85087
480-457-0939
Dheintzman@gmail.com
Dustin Heintzman, IN PRO PER

FILED ___ LODGED
___ RECEIVED ___ COPY
JUL 2 9 2026
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY ____________ DEPUTY

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Dustin Heintzman<br><br>Plaintiff(s),<br><br>vs.<br><br>Lincoln Financial Group<br><br>Defendant(s). | Case No.: 2:25-CV-01755-SHD<br><br>**PLAINTIFF'S SECOND AMENDED COMPLAINT** |

The Plaintiff, Dustin Heintzman ("HEINTZMAN"), hereby sues The Lincoln Financial Group ("LINCOLN") and alleges:

## PRELIMINARY ALLEGATIONS

1. "Jurisdiction"- This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by a Plaintiff for employee benefits under employee benefits plans regulated and governed under ERISA. This action is brought for the purpose of recovering benefits under the terms of employee benefits plans, and to clarify Plaintiff's rights under the employee benefit plans administered and funded by the Defendant. Plaintiff seeks relief, including, but not limited to, payment of benefits, prejudgment and postjudment interest, reinstatement of plan benefits at issue herein, and attorney's

fees and costs.

2. HEINTZMAN was at all times relevant a plan participant under the Wells Fargo & Company ("Wells Fargo") Short Term Disability Plan ("STD Plan) and Long Term Disability Plan, ("LTD" Plan).

3. Defendant, LINCOLN, is a corporation with its principal place of business in the State of Indiana, authorized to transact and is transacting business in, and may be found in the name of court. LINCOLN is the insurer of benefits under the Wells Fargo LTD Plan and acted in the capacity of a plan administrator. As the decisionmaker and payor of plan benefits, LINCOLN administered the claim with a conflict of interest and the bias this created affected the claims determination.

4. The LINCOLN LTD Plan are employee welfare benefit plans regulated by ERISA, established by Wells Fargo under which HEINTZMAN was a participant, and pursuant to which HEINTZMAN is entitled to Short Term Disability Benefits ("STD Benefits") and Long Term Disability benefits ("LTD benefits").

5. Pursuant to the terms and conditions of STD Pan and LTD Plan, HEINTZMAN is entitled to benefits for the duration of the Plaintiff's disability, for so long as HEINTZMAN remains disabled as required under the terms and conditions of the LTD plan.

6. Venue is proper in this district under 29 USC 1132 (e)(2), in that defendant, LINCOLN, is authorized to and is doing business within the UNITED STATES DISTRICT COURT

7. DISTRICT OF ARIZONA and HEINTZMAN is a resident of Phoenix, Arizona, Maricopa County.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B) UNDER THE STD PLAN**

8. HEINTZMAN incorporates by reference all preceding paragraphs as though fully set forth herein.

9. At all times relevant, HEINTZMAN was an employee or former employee of Wells Fargo and a plan participant under the terms and conditions of the STD Plan.

10. Prior to filing for disability HEINTZMAN worked as a Senior Business Accountability Specialist for Wells Fargo.

11. The policy defines "Disability" or "Disabled" means Disability is defined to mean: a medically certified health condition is generally defined as a disabling injury or illness that; is documented by clinical evidence as provided and certified by an approved care provider. Clinical evidence may include medical records, medical test results, physical therapy notes, mental health records, and prescription records; and prevents you from performing the essential functions of your own job as regularly scheduled for longer than the STD waiting period.

12. During the course of HEINTZMAN's employment, HEINTZMAN became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while HEINTZMAN was covered under the STD Plan, HEINTZMAN suffered a disability, which is discussed in detail in the administrative record, rendering him disabled as defined under the terms of the STD Plan.

13. Pursuant to the terms of the STD Plan, HEINTZMAN made a claim to LINCOLN for benefits under the STD Plan with an effective date of disability of May 1, 2024.

14. Following the applicable Elimination Period STD Benefits would have become payable on May 8, 2024.

15. LINCOLN initially approved HEINTZMAN's claim after determining that his disabling medical condition prevented him from performing the essential functions of his job.

16. On October 9, 2024, with approximately one month of STD Benefits left, LINCOLN notified HEINTZMAN it was denying his claim for STD Benefits, effective October 1, 2024.

17. On January 24, 2025, HEINTZMAN filed his administrative appeal.

18. On May 25, 2026, LINCOLN advised HEINTZMAN it was upholding the denial of his claim for STD Benefits.

19. HEINTZMAN has exhausted his mandatory administrative remedy under ERISA.

20. LINCOLN breached the STD Plan and violated ERISA in the following respects:

a. By failing to pay STD benefits to HEINTZMAN at a time when LINCOLN and the STD Plan knew, or should have known, that HEINTZMAN was entitled to those benefits under the terms of the STD Plan, as HEINTZMAN was disabled and unable to work and therefore entitled to benefits.

b. After HEINTZMAN's claim was denied in whole or in part, LINCOLN failed to adequately describe to HEINTZMAN any additional material or information necessary for HEINTZMAN to perfect his claim along with an explanation of why such material is or was necessary.

c. LINCOLN failed to properly and adequately investigate the merits of HEINTZMAN's disability claim and failed to provide a full and fair review of HEINTZMAN's claim.

21. HEINTZMAN believes and alleges that LINCOLN wrongfully denied his claim for STD Benefits under the STD Plan.

22. As a proximate result of the aforementioned wrongful conduct of LINCOLN under the STD Plan, HEINTZMAN has damages for loss of disability benefits in a total sum to be shown at the time of trial.

23. The wrongful conduct of LINCOLN has created uncertainty where none should exist, therefore, HEINTZMAN is entitled to enforce his rights under the terms of the STD Plan and to clarify his right to future benefits under the STD Plan.

**REQUEST FOR RELIEF**

WHEREFORE, HEINTZMAN prays for relief against The Lincoln Financial Group as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the STD

Plan, with all ancillary benefits to which he is entitled by virtue of his disability.

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and post judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B) UNDER THE LTD PLAN**

24. HEINTZMAN incorporates by reference paragraphs 1-6 as though fully set forth herein.

25. At all times relevant, HEINTZMAN was an employee or former employee of Wells Fargo and a plan participant under the terms and conditions of the LTD Plan.

26. Prior to filing for disability HEINTZMAN worked as a Senior Business Accountability Specialist for Wells Fargo.

27. The policy defines "Disability" or "Disabled" means defined to mean: (i) that during the Elimination Period and the next 24 months of Disability, the Covered person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation; and (ii) thereafter, the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation.

28. During the course of HEINTZMAN's employment, HEINTZMAN became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while HEINTZMAN was covered under the LTD Plan, HEINTZMAN suffered a disability, which is discussed in detail in the

administrative record, rendering him disabled as defined under the terms of the LTD Plan.

29. Pursuant to the terms of the LTD Plan, HEINTZMAN, following the final denial of his STD Claim made a claim to LINCOLN for benefits under the LTD Plan on June 23, 2025, with an effective date of disability of May 1, 2024.

30. Following the applicable Elimination Period LTD Benefits would have become payable on or about October 30, 2024.

31. On July 23, 2025, LINCOLN notified HEINTZMAN it was denying his claim for LTD Benefits.

32. On August 21, 2025, HEINTZMAN filed his administrative appeal.

33. On October 8, 2025, LINCOLN advised HEINTZMAN it was upholding the denial of his claim for LTD Benefits.

34. HEINTZMAN has exhausted his mandatory administrative remedy under ERISA.

35. LINCOLN breached the LTD Plan and violated ERISA in the following respects:

a. By failing to pay LTD benefits to HEINTZMAN at a time when LINCOLN and the LTD Plan knew, or should have known, that HEINTZMAN was entitled to those benefits under the terms of the LTD Plan, as HEINTZMAN was disabled and unable to work and therefore entitled to benefits.

b. After HEINTZMAN's claim was denied in whole or in part, LINCOLN failed to adequately describe to HEINTZMAN any additional material or information necessary for HEINTZMAN to perfect his claim along with an explanation of why such material is or was necessary.

c. LINCOLN failed to properly and adequately investigate the merits of HEINTZMAN's disability claim and failed to provide a full and fair review of HEINTZMAN's claim.

36. HEINTZMAN believes and alleges that LINCOLN wrongfully denied his claim for LTD Benefits under the LTD Plan.

37. As a proximate result of the aforementioned wrongful conduct of LINCOLN under the LTD Plan, HEINTZMAN has damages for loss of disability benefits in a total sum to be shown at the time of trial.

38. The wrongful conduct of LINCOLN has created uncertainty where none should exist, therefore, HEINTZMAN is entitled to enforce his rights under the terms of the LTD Plan and to clarify his right to future benefits under the LTD Plan.

**REQUEST FOR RELIEF**

WHEREFORE, HEINTZMAN prays for relief against The Lincoln Financial Group as follows:

7. Payment of disability benefits due Plaintiff;

8. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which he is entitled by virtue of his disability.

9. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

10. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

11. Payment of prejudgment and post judgment interest as allowed for under ERISA; and

12. Such other and further relief as this Court deems just and proper.

DATED: July 29, 2026

By: /s/ Dustin Heintzman

Dustin Heintzman Plaintiff, Pro

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of July, 2026, a true and correct copy of the foregoing **PLAINTIFF'S SECOND AMENDED COMPLAINT** was served upon counsel for Defendant via electronic mail (email) per the agreement of the parties, addressed as follows:

- Jacqueline.Palazzolo@jacksonlewis.com
- Chase.Samples@jacksonlewis.com

By: /s/ Dustin Heintzman Dustin Heintzman In Pro Per

DATED: July 29, 2026

Dustin Heintzman
In Pro Per