**Admitted Pro Hac Vice**
Iwana Rademaekers (TX Bar No. 16452560)
**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
17304 Preston Road, Suite 800
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

Jacqueline M. Palazzolo (State Bar No. 039977)
T. Chase Samples (Admitted Pro Hac Vice)
**JACKSON LEWIS P.C.**
2111 East Highland Avenue, Suite B-250
Phoenix, AZ 85016
Telephone: (602) 714-7044
Facsimile: (602) 714-7045
Jacqueline.Palazzolo@jacksonlewis.com
Chase.Samples@jacksonlewis.com

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Dustin Heintzman,<br><br>Plaintiff,<br><br>vs.<br><br>Lincoln Financial Group,<br><br>Defendant. | Case No. 2:25-cv-01755-SHD<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT** |

For its Answer to Plaintiff's Second Amended Complaint (the "Complaint"), Defendant The Lincoln National Life Insurance Company, improperly named in the Complaint as "Lincoln Financial Group,"[1] ("Lincoln" or "Defendant") admits, denies, and alleges as follows:

[1] The correct name of the Defendant in this action is The Lincoln National Life Insurance Company. The Lincoln National Life Insurance Company was the issuer of the relevant disability insurance policy. There is no entity named "Lincoln Financial Group" as that is the marketing name for Lincoln National Corporation and its affiliates.

<u>**PRELIMINARY ALLEGATIONS**</u>

1. Lincoln admits that Plaintiff's claims are governed by Section 502 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), specifically, 29 U.S.C. § 1132(a)(1)(B). Lincoln admits that Plaintiff was, at certain times, employed by Wells Fargo & Company, and was, at certain times, a participant in the Wells Fargo & Company Short Term Disability Plan ("the STD Plan") and the Wells Fargo & Company Long Term Disability Plan ("the LTD Plan"). Lincoln admits that the STD Plan was self-funded by Wells Fargo and that, at certain times, Lincoln provided certain services pertaining to claims for STD benefits under the terms of a contract between Wells Fargo and Lincoln. Lincoln admits that it issued a Group Disability Income Policy (the "LTD Policy") to Wells Fargo, which Policy, at certain times, insured benefits paid by the LTD Plan. Lincoln admits that by this action, Plaintiff is seeking recovery of disability benefits from the STD Plan and the LTD Plan, along with other damages, and Lincoln denies that Plaintiff is entitled to any such relief or recovery. Lincoln denies that it was the plan administrator of the STD Plan or the LTD Plan and denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Lincoln admits that Plaintiff was, at certain times, employed by Wells Fargo, and was, at certain times, a participant in the STD Plan and the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Lincoln admits that it is an Indiana corporation with its principal place of business in Radnor, Pennsylvania and that it is authorized to do business in Arizona. Lincoln admits that it issued the LTD Policy to Wells Fargo which Policy, at certain times, insured benefits paid by the LTD Plan. Lincoln admits that it was, at certain times, the claim administrator for Plaintiff's claim for benefits from the LTD Plan under the LTD Policy that is the subject of the above-styled action. Lincoln admits that it provided certain services pertaining to the STD Plan to Wells Fargo under the terms of the administrative

---

Accordingly, "The Lincoln National Life Insurance Company" is the correct name of the Defendant in this action.

services agreement between Lincoln and Wells Fargo. Lincoln denies that it was the plan administrator of the STD Plan or the LTD Plan and denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. Lincoln admits that Plaintiff's claims are governed by ERISA. Lincoln admits that Plaintiff was, at certain times, employed by Wells Fargo, and was, at certain times, a participant in the STD Plan and LTD Plan sponsored by Wells Fargo. Lincoln admits that by this action, Plaintiff is seeking recovery of disability benefits from the STD Plan and the LTD Plan, and Lincoln denies that Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. To the extent Plaintiff attempts to interpret the STD Plan and the LTD Policy, Lincoln refers to the STD Plan and the LTD Policy themselves as the best evidence of their contents. Lincoln admits that by this action, Plaintiff is seeking recovery of disability benefits from the STD Plan and the LTD Plan, and Lincoln denies that Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Lincoln admits that venue of this action is proper in this Court. To the extent that Paragraph 6 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B) UNDER THE STD PLAN**

8. Lincoln incorporates its responses to Paragraphs 1-7 by reference as if fully set forth herein.

9. Lincoln admits that Plaintiff was, at certain times, employed by Wells Fargo, and was, at certain times, a participant in the STD Plan. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Lincoln admits that Plaintiff was, at certain times, employed by Wells Fargo as a Senior Business Accountability Specialist. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits that the STD Plan documents include language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the STD Plan, and Lincoln refers to the relevant Plan documents themselves as the best evidence of their contents. Lincoln admits that the LTD Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the LTD Plan under the LTD Policy, and Lincoln refers to the LTD Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claims for benefits from the STD Plan and the LTD Plan were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln admits that Plaintiff submitted a claim for, and at certain times received, benefits from the STD Plan. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Lincoln admits that Plaintiff submitted a claim for, and at certain times received, benefits from the STD Plan. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln admits that Plaintiff submitted a claim for, and at certain times received, benefits from the STD Plan. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Lincoln admits that it sent a letter to Plaintiff dated October 9, 2024, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln admits that it received a letter dated January 24, 2025, from an attorney representing Plaintiff at the time appealing the denial of Plaintiff's claim for further benefits from the STD Plan, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Lincoln admits that it sent a letter to an attorney representing Plaintiff at the time dated May 21, 2025, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the STD Plan under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Lincoln admits only that its decisions on Plaintiff's claim for benefits from the STD Plan were based on the administrative record regarding Plaintiff's claim for benefits from the STD Plan and that such decisions are governed by the terms of the relevant STD Plan documents. Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 20 and 20 a-c of the Complaint.

21. Lincoln admits only that its decisions on Plaintiff's claim for benefits from the STD Plan were based on the administrative record regarding Plaintiff's claim for

benefits from the STD Plan and that such decisions are governed by the terms of the relevant STD Plan documents. Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Lincoln admits that by this action, Plaintiff is seeking recovery of disability benefits from the STD Plan, along with other damages, and Lincoln denies that Plaintiff is entitled to any such relief or recovery. Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. Lincoln admits that by this action, Plaintiff is seeking recovery of disability benefits from the STD Plan, along with other damages, and Lincoln denies that Plaintiff is entitled to any such relief or recovery. Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 23 of the Complaint.

Lincoln denies Plaintiff is entitled to the relief sought in the WHEREFORE paragraph, and Paragraphs 1-6 thereunder, following Paragraph 23 of the Complaint.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B) UNDER THE LTD PLAN**

24. Lincoln incorporates its responses to Paragraphs 1-23 by reference as if fully set forth herein.

25. Lincoln admits that Plaintiff was, at certain times, employed by Wells Fargo, and was, at certain times, a participant in the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 25 of the Complaint.

26. Lincoln admits that Plaintiff was, at certain times, employed by Wells Fargo as a Senior Business Accountability Specialist. Lincoln denies all remaining allegations contained in Paragraph 26 of the Complaint.

27. Lincoln admits that the LTD Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the LTD Plan under the LTD Policy, and Lincoln refers to the LTD Policy itself as

the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 27 of the Complaint.

28. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the LTD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 28 of the Complaint.

29. Lincoln admits that Plaintiff submitted a claim for benefits from the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 29 of the Complaint.

30. To the extent Plaintiff attempts to interpret the LTD Policy, Lincoln refers to the LTD Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 30 of the Complaint.

31. Lincoln admits that it sent a letter to an attorney representing Plaintiff at the time dated July 23, 2025, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 31 of the Complaint.

32. Lincoln admits that it received a letter dated August 22, 2025, from an attorney representing Plaintiff at the time appealing the denial of Plaintiff's claim for benefits from the LTD Plan, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 32 of the Complaint.

33. Lincoln admits that it sent a letter to an attorney representing Plaintiff at the time dated October 8, 2025, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 33 of the Complaint.

34. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's

claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 34 of the Complaint.

35. Lincoln admits only that its decisions on Plaintiff's claim for benefits from the LTD Plan were based on the administrative record regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the LTD Policy. Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 35 and 35 a-c of the Complaint.

36. Lincoln admits only that its decisions on Plaintiff's claim for benefits from the LTD Plan were based on the administrative record regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the LTD Policy. Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 36 of the Complaint.

37. Lincoln admits that by this action, Plaintiff is seeking recovery of disability benefits from the LTD Plan, along with other damages, and Lincoln denies that Plaintiff is entitled to any such relief or recovery. Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 37 of the Complaint.

38. Lincoln admits that by this action, Plaintiff is seeking recovery of disability benefits from the LTD Plan, along with other damages, and Lincoln denies that Plaintiff is entitled to any such relief or recovery. Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 38 of the Complaint.

Lincoln denies Plaintiff is entitled to the relief sought in the WHEREFORE paragraph, and Paragraphs 7-12 (sic) thereunder, following Paragraph 38 of the Complaint and denies Plaintiff is entitled to the relief sought in the Prayer of the Complaint.

Lincoln denies all allegations contained in the Complaint not specifically admitted herein.

**AFFIRMATIVE DEFENSES**

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claims for benefits from the STD Plan and the LTD Plan under the LTD Policy was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the STD Plan and the LTD Policy, which requires offset and/or repayment of any award of other earnings or benefits, including any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. Plaintiff's claims are barred because any purported or actual actions taken regarding Plaintiff were based on the clear language of the governing ERISA plan documents.

6. Plaintiff's claims are barred to the extent the Complaint was not filed within the LTD Policy or statutory limitations period.

7. Lincoln reserves the right to assert additional defenses.

**PRAYER**

Lincoln requests that the Court dismiss Plaintiff's Complaint with prejudice and enter judgment that Plaintiff recover nothing by this action, that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln be awarded such other and further relief to which it may show itself entitled.

RESPECTFULLY SUBMITTED this 12th day of August 2026.

**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**

By: /s/ Iwana Rademaekers
Iwana Rademaekers
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2026, I electronically transmitted this document to the Clerk's Office using the CM/ECF System for filing, and the electronic case filing system sent a "Notice of Electronic Filing" to the following individuals or attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Dustin Heintzman
Dheintzman@gmail.com

T. Chase Samples
Chase.samples@jacksonlewis.com

Jacqueline Muzette Palazzolo
jacqueline.palazzolo@jacksonlewis.com

/s/ Sandy Acker
Employee of the Law Offices of
Iwana Rademaekers, P.C.